SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: BERGEN COUNTY
DOCKET NO. F-47234-09

This Order has been prepared and filed by the Court.

Emigrant Mortgage

      *Plaintiff(s)*,
      vs.

Calm Development Inc, et al

      *Defendant(s)*.

CIVIL ACTION

ORDER

**FILED**
MAY 22 2013
GERALD C. ESCALA
J.S.C.

This matter being opened to the Court and for good cause appearing,

IT is on this 22nd of May 2013,

~~DENIED ORDERED that the foreclosure sale scheduled for May 24, 2013 be and hereby is adjourned until _____, 2013; and it is~~

FURTHER ORDERED that defendant(s) debt to the plaintiff from this date shall be at the rate set forth in the note and not at the judgment rate.

*[signature]*
GERALD C. ESCALA, J.S.C.

PRESENT IN COURT:
Richard Epstein Esq. *By phone*
Mark Carter Esq, *Attorney for Defendants*

Reasons set forth on the record this date.
*[signature]*

# SUPERIOR COURT OF NEW JERSEY

MENELAOS W. TOSKOS, J.S.C.
CHANCERY DIVISION



BERGEN COUNTY JUSTICE CENTER
Suite 424
HACKENSACK, N.J. 07601
(201) 527-2675

January 17, 2014

Richard A. Epstein, Esq.
2 Bucks Lane and Highway 79 - Suite 3
Marlboro, New Jersey 07746

Louis A. Capazzi, Jr.
660 Kinderkamack Road
Oradell, New Jersey 07649

Re: Emigrant Mortgage Company, Inc. v. Calm Development, Inc.,
Michael D'Antonio and Shirley Meek
Docket No. F-47234-09

Dear Counsel:

The court has before it a motion by the defendants to vacate a sheriff's sale that occurred on December 6, 2013.

Calm Development, Inc. ("Calm") is the owner of property located at 316 East Allendale Avenue, Allendale, New Jersey. Defendant, Michael D'Antonio is the principal of Calm. On March 10, 2006 Calm and D'Antonio executed a note to plaintiff in the amount of $605,000 secured by a mortgage on 316 E. Allendale Avenue.

On April 1, 2009 defendants defaulted on the loan. No payment has been made since. On September 2, 2009 this Complaint in Foreclosure was filed. Defendants eventually filed an answer and counterclaim. On September 8, 2010 the Honorable Peter E. Doyne granted summary judgment to plaintiff striking defendants' answer and counterclaim and authorizing final judgment be entered by the Office of Foreclosure. Eventually after further proceedings before Judge Doyne, Final Judgment was entered on December 31, 2012.

A sheriff's sale was initially scheduled for May 24, 2013. As set forth in the concise certification of plaintiff's counsel, Richard A. Epstein, on May 22, 2013 counsel for defendants

Page 2

January 17, 2014
Re:  Emigrant Mortgage Company, Inc. v. Calm Development, Inc.,
     Michael D'Antonio and Shirley Meek
     Docket No. F-47234-09

filed an emergent application to stay the sale which was denied by Judge Gerald Escala. On May 23, 2013 an application for reconsideration was denied by Judge Robert Contillo. Calm then filed a Chapter 7 bankruptcy petition on May 24, 2013 staying the plaintiff's sale. That petition was dismissed on June 18, 2013. The sale was rescheduled to July 12, 2013 then adjourned to August 2, then to August 16, 2013, August 30, 2013, September 6, 2013, October 4, 2013, November 1, 2013 and finally December 6, 2013.

The continued adjournments were prompted by Calm's second filing of a Chapter 11 petition in bankruptcy. This too was dismissed by Judge Donald Steckroth on November 12, 2013 at which time he barred any re-filing for a period of 180 days. At the time of the sheriff's sale, defendants owed in excess of $960,000. Plaintiff's counsel provided notice by regular mail to the defendants directly and to counsel for defendants via fax, for each scheduled sheriff's sale.

Defendants' counsel now requests the court set aside the sheriff's sale explaining that because of health issues he was not aware of the sale until shortly before it occurred. The argument being advanced that but for counsel's health issues a motion for reconsideration of the dismissal of the bankruptcy action would have been made to Judge Steckroth and if granted ". . . the Bankruptcy Court would still have complete jurisdiction." Reinstatement of the Bankruptcy litigation would also allow the defendants to prosecute their claim "of fraud and undue influence by many public entities".

Defendants do not seek vacation of the sheriff's sale for the opportunity to exercise a right of redemption but to place the sale on hiatus pending an application to reinstate the bankruptcy case. Independent of any statute or rule of court, the Chancery Division also has

January 17, 2014
Re: Emigrant Mortgage Company, Inc. v. Calm Development, Inc.,
Michael D'Antonio and Shirley Meek
Docket No. F-47234-09

inherent power to set aside a sale or to order redemption when there is an independent ground for equitable relief, such as fraud, accident, surprise, irregularity in the sale, and the like. Crane v. Bielski, 15 N.J. 342, 346 104 A.2d 651 (1954). The power of the court to set aside such sale is unquestionable, "but its exercise, like all other judicial action, must always reset upon some consideration of justice." Hayes v. Stiger, 29 N.J. Eq. 196, 197 (Ch. 1878).

A sale should only be set aside in rare instances, when necessary for compelling reasons to remedy a plain injustice. Karel v. Davis, 122 N.J. Eq. 526, 529 (E. & A. 1937). A judicial sale may be set aside "for fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or for other equitable considerations." First Trust Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 50 (App. Div. 1999). However, "[t]he power to set aside a foreclosure sale is to be exercised with great care and only when necessary for compelling reasons." E. Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 544 A.2d 899 (Ch. Div. 1987). Finally, the burden of proof to set aside a foreclosure sale is on the party seeking this relief. Id. 476.

Applying the above standard, the court makes the following findings and conclusions of law. First, although defendants' counsel may not have been aware of the pending December 6 sale, notice was proper and it was sent to defendants who failed to take any reasonable action. State v. Eatontown Borough, 366 N.J. Super. 626 (A.D. 2004).

Neither equitable considerations nor the interests of justice warrant this court setting aside a sheriff's sale then staying the sale indefinitely until a motion is made (which may or may not be granted) and a bankruptcy case litigated. Furthermore, defendants still have an opportunity to file the motion, and pursue their remedies through the bankruptcy court. The

January 17, 2014                                                                                            Page 4

Re:    Emigrant Mortgage Company, Inc. v. Calm Development, Inc.,
        Michael D'Antonio and Shirley Meek
        Docket No. F-47234-09

nexus between the sale of this property and the claims of fraud defendants seek to litigate in the bankruptcy court has never been established. Defendants have not explained why over the four and one-half years since the commencement of the foreclosure suit these fraudulent claims have not been asserted sooner. While the court is sympathetic to defense counsel's debilitating health, under the circumstances presented it does not factor in this decision. Had defense counsel appeared and requested an indefinite adjournment of the sheriff sale to pursue reinstatement of the bankruptcy case, that request would have been denied. The court in evaluating the equities must consider that plaintiff has not received one payment in almost five years. Additionally, plaintiff has been saddled with carrying charges such that the amount owed is increasing significantly. Also, it is uncertain whether Judge Steckroth would grant the motion while the sale of the property does not impede defendants from filing their motion or pursuing their fraud claims.

    Finally, there has been no showing of any fraud, accident, surprise, mistake or irregularity in the conduct of the sale. As such, the court determines that defendants have not met their burden to establish compelling reasons making it necessary for this court to remedy a plain injustice by vacating the December 6, 2013 sheriff's sale. Defendants' application is, therefore, denied.

                                                                      Very truly yours,

                                                                      Menelaos W. Toskos, J.S.C.

MWT/ds

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: BERGEN COUNTY
DOCKET NO. F-47234-09

This Order has been prepared and filed by the Court.

EMIGRANT MORTGAGE CO.

*Plaintiff(s),*

vs.

CALM DEVELOPMENT, INC., et al

*Defendant(s).*

CIVIL ACTION

ORDER

FILED
MAY 14 2014
GERALD C. ESCALA
J.S.C.

This matter being opened to the Court and for good cause appearing, for the reasons stated on the record.

IT IS on this 14TH day of May, 2014

*denied*

ORDERED, that the execution of the Order and/or Writ of Eviction scheduled for May 14, 2014 in this matter be and it hereby is stayed until _____, 2014

GERALD C. ESCALA, J.S.C

PRESENT IN COURT:

Richard S. Epstein, Esq., *By phone*
Michael D'Antonio, *Pro Se*

Lease offered by defendant is a sham lease, made by corporation of which defendant is director to himself. Rent appears to be below market. Defendant admitted in 2010 deposition there is no lease. Defendant paid rent to corporation he knew not to own [illegible]. No tender made to bank.