UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A D'ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF ALLENDALE et al,<br><br>Defendants. | Civil Action No. 2:16-0816 (CCC) (JBC)<br><br>OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Michael A. D'Antonio for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [Dkt. No. 75]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel is **DENIED**.

Plaintiff filed his Complaint on February 10, 2016, alleging various claims related to a series of conflicts between himself, the Borough of Allendale, and its other residents concerning the property located at 316 E. Allendale Ave., Allendale, New Jersey and an adjoining property. [Dkt. No. 1]. Plaintiff filed the present Motion for *Pro Bono* Counsel on November 21, 2016. [Dkt. No. 75]. Subsequently, on February 21, 2017, the District Court granted Defendants' motions to dismiss, providing Plaintiff thirty (30) days to file an amended complaint to address the pleading deficiencies.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel for a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a

plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter, this Court has found that the factual and legal issues presented by Plaintiff lack merit and/or fail to state a claim upon which relief is granted. [*See* Dkt. No. 80-81]. As Plaintiff is currently unable to show that his claims have "some merit in fact and law," his request for pro bono counsel is denied. If and when Plaintiff files an amended complaint, he may renew his motion for pro bono counsel pursuant to 28 U.S.C. § 1915(e).

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 1st day of March, 2017,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 75] is **DENIED WITHOUT PREJUDICE**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**