Michael A. D'Antonio
Plaintiff Pro Se
P.O. Box 55
Allendale, NJ 07401
201-962-5881 cell
201-857-4411 fax
mad.316@hot mail.com



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL D'ANTONIO | : |
| | **Docket No.: 2:16-cv-00816-CCC-JBC** |
| Plaintiff | : |
| | : **CIVIL ACTION** |
| **vs** | |
| | : **CROSS MOTION IN OPPOSITION TO** |
| | **BERGEN COUNTY SHERIFF'S MOTION** |
| | : **TO DISMISS PLAINTIFF'S AMENDED** |
| | **COMPLAINT PURSUANT TO F.R.C.P.** |
| BOROUGH OF ALLENDALE | : **12(B)(6)** |
| ET ALS | |
| | : |
| Defendants | : |

**THIS MATTER** having been opened to the Court by Plaintiff Michael A. D'Antonio and the Court having dismissed Plaintiff's complaint and by Order of Judge Claire C. Cecchi's Order to amend Complaint, Plaintiff by way of cross motion in opposition, states that the brief submitted by Defendants Bergen County Sheriff's Department is not factual as to all material issues of facts and misleads the Court with partial submissions and legal conclusions which are irrelevant to the instant matter.

1.Defendant's procedural history misstates that the Court granted 60 days to file an amended complaint. The facts in this matter were that Plaintiff had 30 days to resubmit an amended complaint and 60 days to make service on Thomas P. Monahan, Louis Capazzi and the Passaic River Coalition, which was complied with.

2. Defense Counsel misstates that Plaintiff "includes scant few factual claims

against Defendant Bergen County Sheriff's Department BCSD."

3. Mr. Seaman's statement of facts misleads the Court by the statement "His claims relate to two days of interaction that he had with the officers from the BCSD as they executed a Warrant of Removal ( actually a Writ of Possession) in connection with a foreclosure action with respect to the property where he resided, this language is entered to cover up that fact, that the BCSD did not remove the front house tenants under the Writ of Possession. This is the claim of discrimination.

4. Mr. Seaman does not reveal the Plaintiff's claims against the BCSD for issuing a date for the Sheriffs Deed Sale with out leave of the Bankruptcy Court or notice to Plaintiff, his attorney, and the entities involved in paying the mortgage for the date of sale. Plaintiff nor is attorney had a right to defend. Plaintiff claims injury of the 1st 2nd 4th 5th 7th 8th and 14th amendments. This defendant is outside the bar of standing and must have survivorship under the amended complaint and the teachings of Judge Cecchi in her Opinion/Order.

5. Mr. Seaman does not accurately inform the Court that not only was a date for the sale wrongfully executed but the Deed was also transferred in the absence of the Rules of Foreclosure. Captain Edgars knew he did not have leave of the Bankruptcy Court and that he did not have copies of notices sent to all related parties in the matter, submitted by Mr. Epstein.

6. Mr. Seaman fails to inform the Court that Captain Edgars who granted Mr. Epstein these asks of a favor was immediately terminated from the BCSD.

7. Mr. Seaman fails to inform the Court that discovery was Denied by himself and The BCSD as to why Captain Edgars was terminated, other discovery. Plaintiff suffers injury to be caused to litigate and suffers injury from delay damages and denials of compliance under the Rules of Civil Practice and Professional Conduct Issues

8. Mr. Seaman fails to inform the Court that a settlement offer was submitted by E-mail and that it was submitted to the Bergen County Council and never responded too. Mr. Seaman Promotes Litigation instead of settlement the BCSD is protected by an Insurance Policy and the offending officers should be terminated as was Capt. Edgars.

9.The issues formed in the State Court Action are not fairly and particularized in

detail by Mr. Seaman. That matter was for damages due to a wrongful eviction and not all of Plaintiff's possession were removed by the trucking company under the supervision of the BCSD. My tools, equipment and supplies were stolen.

10. Mr. Epstein submitted only a portion of the transcript to misstate facts to Judge Escalla Plaintiff had a lease for 5 years before eviction with proof of rent payments

.       11. The BCSD failed to leave Plaintiff's home, return to the Office of the Sheriff and simply state the tenant had a lease and proof of payment. Therefore it was intentional infliction of defamation, discrimination, intentional interference with prospective economic advantage, intentional infliction of emotional distress and malicious prosecution physical injury inflicted on Plaintiff denial of medical attention denial or go to the bathroom and outrageous conduct.

12. The BCSD Department left the front House tenants in possession in violation of the Writ of Possession filed and executed by Judge Escalla,

13. Judge Estella De La Cruz creates a mistrial;

1. She denies discovery by motion of plaintiff to compel discovery

2. She denied Financial Discovery from Emigrant Bank, which would have disclosed that the bank was over escrowing Plaintiff's funds due to Real Estate taxes which the bank deposited in to interest bearing accounts which were not credited to plaintiff's account. Thereby making the judgment amount incorrect and voided by Judge Cruz. Judge Cruz failed to accept the submitted evidence of Novation of the parties and denied plaintiff the title to his former home under Title 45, Chapter 15 and Title 11, Chapter 5 of the Administrative Code which further in relevant part allows plaintiff to reopen a foreclosure with in 6 years ( the Judge Denied due to the matter being 2 years old ) and the Judge denied re-title of the property whichy statute Plaintiff has 10 years.

3. Judge Cruz denied standing against Defendant Egan for lack of prosecution. Reinstated Egan under Motion and then dismissed again for lack of prosecution even though Prosecution was equal to the other 3 Defendants.

4. Mr. Seaman does not particularize the events leading up to the Dismissal of Summary Judgment, wherein Judge Cruz denied first applications by the 3 Defendants due to procedural time lines of Plaintiff not having enough time to answer the Summary

\

submissions. Plaintiff submits Summary Judgment and is denied with prejudice.

5. Plaintiff files for reconsideration and has not received a reply. The Reply date was March 31, 2017.

## **LEGAL ARGUMENT**

1. Plaintiffs complaint should be dismissed pursuant  to the Controversy Doctrine. Defendant BCSD by way of Counsel Seaman is in error, the Controversy Doctrine is symbolic of the Shield vs the Sword parody. Mr. Seaman seeks to use it as sword.

2.Plaintiff has standing due to Rooker-Feldman. Document [80] Judge Cecchi's Opinion page 13 (2) Rooker Feldman " There are four elements for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries cause by the State Court judgment; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v Fox Rothschild LLP, 615 F 3d 159, 166 (3d Cir. 2010) Rooker - Feldman challenges are factual attacks to subject matter jurisdiction. Walthour v. Child & Youth Servs., 728 F. Supp. 2d 628, 635 (E. D. Pa. 2010)

3. **B. Rule 12(b)(6)**

For a complaint to survive a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) it "must contain sufficient factual matter, as accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v Iqbal, 556 U.S. 662 (2009) ( quoting Bell Atl. Corp. v Twombly, 550 U.S. 544, 570 (2007

Factual allegations must be enough to raise a right to relief above the speculative level" Twombly. 550 U.S. at 555. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." **Id.** Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two part analysis: "First, the factual and legal elements of a claim should be separated ...... Second, a District Court must then

determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" see <u>Fowler v. UPMC Shayside</u>, 578 F 3d 203, 210-11 (3d Cir. 2009) (citations omitted)

A <u>pro se</u> litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers" <u>Haines v Kerner,</u> 404 U.S.519, 520-21 (1972) Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name. <u>Mala v Crown Bay marina. Inc.</u>, 704 F. 3d 239, 244 (3d Cir. 2013)

4. Plaintiff submits exhibit's 1 through 3 to sustain standing. Plaintiff at all times was the party who was injured. In all matters by all defendants.

5. Plaintiff respectfully states that Judge Cecchi's Opinion/ Order was not complete in review of all the facts. Wherein, Plaintiff has established that no legal precedent bars dual damages or claims of injury due to non ownership. Moreover, in this particular Defendant's case, it is a factual attack and Plaintiff claims injury and does not have to be an owner in order to proceed in District Court. Plaintiff request the Court to reverse especially in the presence of the Complaint against Mr. Epstein and the BCSD. Ownership DOES NOT APPLY TO THESE INJURIES. The Court should have ruled in favor in part and against in part until plaintiff now shows proof why "ownership" preclusion is a legal bar in the presence of dual injuries to more than one person.

1. Plaintiff was a tenant for the prior 5 years from inception of the litigation.

2. Plaintiff has common law rights as a tenant in the State of New Jersey

3. Plaintiff has common law rights under the Anti Eviction Act.

4. The District Court Judges are void of the conduct of State Court Judges which are predicated on private relationships between the Judiciary and the individual attorneys.

Plaintiff sustained damages as a tenant in this particular part of the matter.

5. Mr. Seaman does not include that the Sheriff's Department Captain Edgars violated 2 sections of law and as a result of those actions D'Antonio not Clam was illegally evicted suffered numerous violation of his civil rights and was medically damaged, physically restrained in performance of a request by the Sheriff Officer to surrender my gun. Upon compliance and handing the gun in the correct manner handle first with the muzzle of the gun toward me I was knocked down and physically restrained

by the two other officers in the absence of any resistance or objection or any other wrongful act by this Plaintiff. Plaintiff was compliant with Sheriff's requests. Then the Sheriff Officers are supposed to place all of Plaintiff's possession in the trucks or my car or truck, **they kept my gun,** unloaded the gun and the two clips and put all the bullets back in the boxes. They kept my gun for 2 days. They did not give me all my property. Plaintiff's houses were involved twice in burglaries and once during a sex crime.

6. The above conduct plus the conduct of Captain Edgars and the inclusion of the facts that the BCSD did not take all of Plaintiff's possessions out of the house or off of the premises ( The Property outside of the living area and inside garage) are the basis of claims. **This has nothing to do with who owns the property**. I owned the property and yes it was transferred back and forth and when David Bole Pierced the Corporate veil and announced that the Ordinance's were classified the D'Antonio's Ordinances I believe this affirms that the position of all defendants were that D'Antonio owned the property This was even represented by Mr. Epstein to Judge Escalla when Mr. Epstein submitted that I wrote my self a lease and that I own the property as I personally guaranteed the Mortgage and the Note.

7. Page 15 cf Judge Cecchi's Opinion/Order, Respectfully as a business man and not an attorney their is a discrepancy of fact of the narrative of the Opinion part of Judge Cecchi's opinion;

a) on page 14 A. Standing, the court treats Defendants' motions to dismiss for lack of standing as factual, rather than facial, attacks because they argue Plaintiff's lack of standing results from Plaintiff not owning the Subject property during the relevant time period. Ultimately, however, as discussed above, the Complaint, attachments, and public records alone are sufficient to demonstrate that Calm, not Plaintiff owned the subject property during the relevant time period . Plaintiff does not appear to have given any jurisdiction to the contrary.

b). Does the Plaintiff have to? Plaintiff submitted a Civil Rights claim and did NOT list CALM Development as a Co Plaintiff! Now after legal theories being presented to the Court, hopefully the Court will reverse and see that the complaint is a Factual attack and submits a Federal Question as to the permissible content of Plaintiff's submissions on its plain and concise face or language.

c). Plus, does the Borough of Allendale's conduct, which must be taken as true
and in the presence of public records to be even more true and now causing Injury to the
Plaintiff and the Federal Government. Is Plaintiff required to list the Federal government
as a Co Plaintiff? In that the Borough raises taxes 60% more than needed and more than
other neighboring towns, does this conduct rise to a level of denying the Federal
Government more federal income tax revenues? If the taxes paid in Allendale are given
tax credits when Allendale residents file tax returns, then in equi pose similar owners of
properties in adjoining towns that pay less real estate taxes thereby have less deductions
for their individual tax returns and pay more than Allendale residents in income tax
revenues of the federal Government. Then Allendale invests the sums of collected taxes
and receives interest in the sums of $12.5 to $14.5 million and steals it. Does Plaintiff
have the right to include the Borough of Allendale a tort Feasor against the Federal
Government which ultimately effect me as a citizen and subjects me to higher Federal
Taxes?

## MR. SEAMAN ONLY SUBMITS ONE LEGAL ARGUMENT

Plaintiff must address addition legal arguments as raised in the State Court, and now
again here in district Court. As plaintiff asserts this part of plaintiffs complaint should
NOT HAVE BEEN DISMISSED as it survives due to different circumstance than other
defendants. Clearly the complaint on its face as originally submitted did with particularity
explain the plaintiff not calm was evicted and suffered injuries. Mr. Seaman violates
Rules of Professional conduct as does Mr. Epstein as these claims have nothing to do
with Calm alone or Calm as a Co Plaintiff. Plaintiff never filed on behalf of Calm.

1. Mr. Seaman raised the issue of fault in the submission of the Notice of Tort
Claim misconstruing the language that I gave him seven days to pay me back when in
fact I wanted my stolen possession back in 7 days.

2. Plaintiff now submits numerous sections of law and cites,
which bar Mr. Seaman and the BCSD from prevailing. Plaintiff did not receive a fair and
reasonable opportunity to have fully litigated the claims in the state action due to
discrimination of State Judge Estella de La Cruz who violated my rights. Plaintiff asserts

injuries in the District Court as to this day the State Court has failed to give an decision on my motion for reconsideration due this past March 31, 2017

3. "It is hereby declared to be the public policy of this state that public entities shall only be liable for their **negligence with in the limitations of this act and in accordance with the fair and uniform principles established herein".**

### 3. STATUTORY CLAIMS;

The Notice provision of the Tort claims Act (TCA) does not apply to statutory claims. such as those brought under New Jersey Law Against Discrimination. Brennan v Norton, 350 F. (3d Cir. 2003) Fuchilla v Layman, 109 N.J. 319, 337, cert. denied 488 U.S. 826 (1988). ( the notice provisions of the TCA do not apply to claims of discrimination under either 42 U.S.C. Sec. 1983 or the NJ Law Against Discrimination.) The BCSD discriminated this Plaintiff and caused injury by selectively choosing to only evict me and not the other named parties on the Writ of Possession. Further, discrimination was caused by not adhering to the Anti- Eviction act upon seeing the lease and the receipts of paid rent. The BCSD discriminated me by making me go back to Judge Escalla. The BCSD discriminated this Plaintiff by ending the eviction under duress and coercion of the signing of the release before all possessions were removed and packed on the trucks giving rise to the theft of Plaintiff's possession including vintage Lionel trains, machines, tools, equipment and supplies. thousands of dollars of irreplaceable rare wood.

### 4. COMMON LAW CLAIMS;

In addition to statutory claims, plaintiff has common law claims, such as intentional tort claims for defamation, intentional interference with prospective economic advantage, intentional infliction of emotional distress and malicious prosecution. In **Velez c City of jersey City, 358 N.J. super, 224, 239-240 ( App. Div. 2003) ( public employees accused of assault and battery is not entitled to the protection of the notice of claim provisions of the tort claim act.)** cert. granted, 17 N.J. 224 (2003). plaintiff clearly outlined and served TCA and in amendment by e-mail gave notice to the amount of injury and damages.

### 5. IMMUNITY UNDER THE TORT Claims ACT

This protection is circumscribed, however, public employees may not act in complete disregard for the rights of others. There is a public employee immunity exception found in N.J.S.A. 59:3-14. Subsection (a) states "[N]othing in this act shall exonerate a public employee from liability if it is established that his/her conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." See Burke v Deiner supra 472-473.

## 6. **Permancy Requirement**

The TCA restricts the right for pain and suffering damages except in cases of "permanent loss of bodily function" N.J.S.A. 59:9-2(d).

Where aggravating circumstances exist, "the plaintiff's symptoms can be found to be permanent" "even without residual physical injury" see Collins v Union County, 150 N.J. 407 (1997) Plaintiff has recurring nightmares, flashbacks, difficulty in sleeping a sever loss of self esteem and the inability to trust others. Medication does not relieve these situations. plaintiff is willing to see a Psychologist of defendants choice to be examined.

## 7. **Circumstances Under Which Public Employees are not Exonerated**

A. Outrageous Conduct

N.J.S.A. 59:3-14 provides that:

1. Nothing in this act shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct. **Mr. Seaman** submits that his clients acted under color of office by carrying out the signed writ and the order of Judge Escalla to evict Plaintiff. Does the willful misconduct of the officers rise to actual malice when the Writ of Possession clearly defined both tenants were to be evicted, and only this Plaintiff was evicted? Does the conduct of the BCSD officers rise to the level of actual fraud when they request a release to be signed before the actual end of the eviction? Does the actions of the BCSD Officers rise to a level of Willful Misconduct when the Plaintiff is assaulted, knocked down on the bed and physically restrained by two other officers of the Sheriffs Department when Plaintiff was in performance the Sheriff's request. Is it a crime to deny Plaintiff all of his possessions during the eviction? Is it a violation of the second amendment for the Officer to keep Plaintiff's gun unload the gun, the clips take the

gun away from the eviction site and return same in two days.

2. Nothing in this act shall exonerate a public employee from the full measure of recovery applicable to a person in the private sector if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct. In the performance of the BCSD duties they are there to serve legal documents although illegally obtained the intent was to cause injury to plaintiff. When an officer invokes personal inquires of the evictees belongings, this is Outrageous Conduct. When the BCSD asks or speaks as to values of the contents of the Plaintiffs possessions this is outrageous conduct as it rises to a selective issue as to what possessions may be deemed valuable and are kept so that others may benefit from the value thereof. Determining what stays and what is loaded on the trucks is outrageous conduct. The Writ requires that all of Plaintiff's possessions be loaded upon the trucks. By stopping the eviction due to signed releases under coercion that now state they are abandoned before the end of the eviction is a fraud, actual malice, willful misconduct and crime of outrageous conduct.

3. The 1972 task Force comment on this statute explained how limited a public employees defenses under the TCA truly are.

It is the intent of this provision that a public employee guilty of Outrageous Conduct cannot avail him or her self of the limitations as to liability and damages contained in this act.

4. This 1972 Task Force Commentary contained in N.J.S.A. 59:3-14 represents a clear and unambiguous expression of legislative intent that a public employee should be deprived of any benefits such as TCA limitations on liability and damages for their " Outrageous Conduct".

5, The Courts have found such "outrageous Conduct", thereby removing the TCA defenses from public employees, in a multitude of circumstance, including claims for

    1. Assault and battery, Velez supra

    2. Malicious prosecution, James v Price, 602 F. Supp. 843 (D. NJ. 1985)

    3. False Arrest Dela Cruz  Borough of Hillside 365 N.J,. Super, 127 ( App. Div. 2004)

4 Torts based on reckless conduct, Jobes v Evangelista, 2004 WL 1170507 ( App. Div. 2004)

In Velez. the Appellate Division relied upon both the statutory language of N.J. S,A. 59:3-14 and the legislative intent as set forth in the 1972 Task Force Comment, and rejected the Defendants argument that the Plaintiff's claims should be dismissed because the Plaintiff did not comply with notice provisions set forth in     N. J. S. A. 59:8-3. The Appellate Division in Velez determined that the legislative intent of the TCA is to preclude those guilty of outrageous conduct from availing themselves of the TCA defenses that would permit them to act with impunity.

5. The question of whether actions constituted " outrageous conduct is a question for the Judge or a jury to decide, see Marley v Borough of Palmyra 193 N.J. Super 271, 295 ( App. Dic.2001) holding that the issues of whether the public employee defendants conduct was outside the scope of the employment, thereby depriving the defendant of any TCA benefits or immunities,

6. Willful Misconduct, N.J.S.A. 59: 3-14 provides:

a. Nothing in this act shall exonerate a public employee from the liability if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct.

b. Nothing in this act shall exonerate a public employee from the full measure of recovery applicable to a person in the private sector if it is established that his conduct was outside the scope of his/her employment or constituted a crime, actual fraud, actual malice or willful misconduct.

c. Willful misconduct has been defined as falling somewhere between simple negligence and the intentional infliction of harm  Alston v City of Camden, 168 N.J. 170, 185 (2001). For example, the Supreme Court of New Jersey in Fielder v Stonack  141N.J. 101, 123-127 ( 1995) defined "willful misconduct" as a knowing failure to follow specific orders. ( The Sheriff's Orders were to get Possession of both houses as per the Writ of Possession). In Fielder , the Court stated that the "willful misconduct" as a knowing failure to follow specific orders. The Court further  stated that willful misconduct is

ordinarily limited to a knowing violation of a specific command by a superior or a
standing order.. I d T 125 ( Emphasis added. Captain Edgars was terminated.)

7. Reckless Conduct

"reckless conduct also deprives defendants of any protections under the TCA, specifically
its verbal threshold. In Dunlea v township of Bellville, 349 N.J. Super 506, 512, 513 (
App Div. 2002) The court held that , in order to defeat a claim of good faith immunity, it
is sufficient that the plaintiff shows the defendant acted recklessly. Emphasis added. In
addition, in Alston v City of Camden, 168 N.J. 170, 185 (2001), The Supreme Court of
New Jersey articulated that "willful misconduct is the equivalent of reckless disregard for
safety which is more than an absence of good faith" Emphasis added

According to Prosser and Keeton on the law of the Torts, "reckless conduct" is defined as
follows:

[A]n Actor acts recklessly when he or she intentionally commits an act of an
unreasonable character in disregard of a known or obvious risk that was so great as to
make it highly probable that harm would follow, and which thus is usually accompanied
by a conscious indifference to the consequences. Joseph Potente v County of Hudson,
378 N.J. Super. 40 (2005) cer.granted. 185 N.J. 297 (2005). Prejudgment interest may be
awarded in a New Jersey Law against discrimination suit against a public entity.
    The trial Court below errs in its decision to bar Plaintiff under the TCA and cites N.J.SA.
see 59:8-8 plaintiff takes exception to the decision that plaintiff claims are forever barred
when in fact b) states two years have lapsed since the accrual of the claim. The BCSD
made an investigation by Mr. John Mc Cann who accepted the Notice of Claim processed
the claim and retained Counsel.

## CONCLUSION

    Plaintiff D'Antonio not Calm suffered personal injury prior to and during the
eviction, Mr. Carter personally spoke with Ms. De Somma JudgeEscalla's law, she
personally told Mr. Carter for D'Antonio to show the BCSD the lease and proof of paid
rent the BCSD has to stand down. Mr. Carter relayed this to Plaintiff but refused to
intervene during the actual eviction.

Plaintiff requests a reversal of Dismissal in Judge Cecchi's order as this part of this claim is not based upon standing. The proofs are particularized and the offer of settlement was not responded to. Werefore it is based on the lack of Mr. Seaman and the BCSD and the County Council to recognize the crimes and offenses committed against this Plaintiff and that numerous injuries were sustained by this plaintiff. Wherefore plaintiff request judgment in the amount of $2.5 million dollars. By the Courts own Decision of the Opinion,Document 80 page 14 3rd paragraph Judge Cecchi's decision states " a pro se litigants complaint is held to "less stringent standards that formal pleadings drafted by lawyers" Haines v Kerner, 4040 U.S. 519, 520-21 ( 1972) Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name. Mala v Crown Bay Marina Inc., 704 F. 3d 239, 244 (3d cir. 2013)

## CERTIFICATION

I certify that the foregoing statement made by me are true. am further aware that if any of the foregoing statement made by me are willfully false I m subject to punishment,

Dated: 4-19-2017

Michael A. D'Antonio

## CERTIFICATION OF SERVICE

I certify that I delivered an original copy of this motion by hand to the Clerks Office District Court 50 Walnut St. Newark New Jersey 07101. I certify that i mailed a copy by regular mail to Leonard E. Seaman % the law offices of Richard Malagiere, P.C. 250 Moonachie, New Jersey 07074

Dated: 4-19-2017

Michael A. D'Antonio