Michael A. D'Antonio
Plaintiff Pro Se
P.O. Box 55
Allendale, NJ 07401
201-962-5881 cell
201-857-4411 fax
mad.316@hot mail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL D'ANTONIO | : |
| | **Docket No.: 2:16-cv-00816-CCC-JBC** |
| Plaintiff | : |
| | :       **CIVIL ACTION** |
| vs | |
| | :    **CROSS MOTION IN OPPOSITION TO** |
| |     **BOROUGH OF ALLENDALE , DAVID** |
| | :    **BOLE, DAVID PFUND AND MARY MC** |
| |     **DONNELLS , STILES THOMAS' MOTION** |
| | :    **TO DISMISS PLAINTIFF'S AMENDED** |
| |     **COMPLAINT PURSUANT TO F.R.C.P.** |
| BOROUGH OF ALLENDALE | :    **12(B)(6)** |
| ET ALS | |
| | : |
| Defendants | : |

**THIS MATTER** having been opened to the Court by Plaintiff Michael A. D'Antonio and
the Court having dismissed Plaintiff's complaint and by Order of Judge Claire C. Cecchi's
order to amend complaint, Plaintiff by way of cross motion in opposition states that the
brief submitted by Defendants is not factual as to all material issues of facts and misleads
the courts with partial submissions and legal cites, which are irrelevant to the instant
matter.

1. Plaintiff was denied Rule 26 discovery and the approval of Pro Bono Counsel.
As reliance was made upon discovery and the approval for Pro Bono Counsel, which in
the absence of both is a dilution of the issues and Plaintiff's rights. Plaintiff approached

several law firms, the Bergen, Essex and Morris County Attorney Referral Agencies. with out success in getting a Pro Bono Attorney.

2. Plaintiff states that the amended complaint has been modified from the original complaint and that Plaintiff, in reading the Key Rules and FRCP 8(a)(2), which requires that a Pleading setting forth a claim for relief contain a SHORT and PLAIN statement of the claim showing that the pleader is entitled to relief. Thus, a complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted, FEDPROC sec 62:461. *Only* when the Plaintiff's complaint fails to meet *this liberal* pleading standard, is it subject to dismissal under FRCP 12 (b)(6). FPP sec 1356.

3. For Judicial Efficiency Plaintiff will not repeat each allegation but will briefly explain that the amended complaint is submitted with particularity as to what each defendant is claimed to be in violation of and is subject to Rule 26 Discovery and the Rules of Evidence. Plaintiff in reading the Rules made reliance of the Rules and his complaint is diluted in the absence of Rule 26 Discovery and is prejudiced by the absence of same. All litigants are entitled to due process and equal protection. Plaintiff is denied same and requests relief of the Court in going forward to treat my complaint as all other applications are treated and that the court grant Rule 26 discovery before a ruling on the instant motions before the court, which do not meet the standard to be granted.

4. Ms. McDonnell's Certification states in relevant part "and I am fully familiar with the facts and circumstances set forth." Ms. McDonnell fails to submit the correct purpose and or connotation for the submission of the motion. Her language in paragraph 2 is a motion to dismiss Plaintiff's Amended complaint for failure to state a **CAUSE** of action. The appropriate allowable application would be Motion to Dismiss for Failure to State a Claim which Relief can be granted upon. In support of Plaintiff's position see amended complaint page 4 paragraph 5;

a. a claim which relief can be granted upon against these defense attorneys and the Borough of Allendale and Stiles Thomas are invoking court sanctions of having to request permission of the assignment Judge to view the new complaint to see if any part

of any new complaint was ever tried before.

b. Not giving requested discovery pursuant to the Rules of Civil Practice and bearing false witness and exhibits as a defense This is a violation of my 1st, 4th,5th,7th, 8th, and 14th amendment right by Mr. Bole, Mr. Pfund and Ms. McDonnell , Borough of Allendale and Stiles Thomas

5. Plaintiff suffered monetary injury and delay injury by the conduct of the above named defendants. Plaintiff then explains what section or amendments of my civil rights are violated. How more can Plaintiff colorably submit that specific claim? Plaintiff has met the Rule as written and comprehended by Plaintiff. What I then did, is explain what section of my civil rights as enumerated against them. For judicial economy I will not repeat each and every claim and section of law violated.

6. Ms. McDonnell's certification is moot as I stated several claims which relief can be granted upon. This is telling as to what is to come by her submissions. The submissions are incomplete and do not reflect all the material issues of facts that are submitted in this action. Plaintiff relied on receiving Rule 26 discovery and was denied same, and as permitted, by Rule, is allowed to amend based on facts discovered before or at trial. Plaintiff relied on appointment of Pro Bono Counsel as the Defense Attorneys have violated numerous rules and regulations of professional conduct, candor to the tribunal and fair play to opposing party. Defendants submit cite precedents not relative to the matter at bar.

7. All exhibits prove the tortuous conduct of the Borough Defendant, Stiles Thomas and the Defense Attorneys against this Plaintiff. Although the property was titled in the name of Calm a closed NJ Corporation. The Litigant that sues is the litigant that resulted in injury from an actor against Plaintiffs Civil Rights, caused by the named defendants. while plaintiff lived and rented this property. Objection to standing by defendants is refuted and Plaintiff has standing as plaintiff was the party suffering injury. Although a claim for which relief is requested was for over tax appropriations which were paid not by Calm Development but by D' Antonio, who funded through his personal money, thereby, injury was to D'Antonio personally. Mr. Monahan, Capazzi and Carter, agree with this basis of damages and to further the standing to litigate. This is

evidenced by Ms. McDonnell's submission as exhibits. Injury is still sustained as the

Borough of Allendale never disbursed the $76,000,000.00 from the closed MBIA account which was not reported on the Annual Budget Reports, but yet amassed from the over appropriation of my tax payments and other residents of the Borough of Allendale.

The Borough and defendant David Bole are subject to the fraud aspects. Mr. Bole as former Borough attorney of over 30 years sat at the Counsel Meetings and passed legal opinion and approval in adoption of all ordinances and resolutions. Discovery should discern what level each defendant is guilty as to the list attached to the amended complaint which list was modified. Calm Development by Stockholder vote agreed to close as to bankruptcy caused by the Defendant Borough of Allendale, Stiles Thomas and David Bole. Discovery can and should expand on individual damages as to what amount and what part was taken by each defendant. Although alleged in the amended complaint, one major issue was the continual flooding of the former property which damages were the ultimate cause of denial for building permits and Plaintiff's 4th Amendment rights and other rights conferred by all Civil Rights.

8. Mr. Thomas purchased a photo of an endangered bird and stated he took the photograph on his property which he submitted to the NJDEP. Plaintiff sued and Ms. McDonnell submitted testimony that he was acting under Color of Office as "Marsh Warden" By Borough ordinance (still not submitted in discovery requests) This means he did not have protection under color of office to be immune. Ms. McDonnell falsified testimony to Superior Court Judge Wilson who dismissed Thomas as a defendant barring me from collection under injury at the State Level and this gives rise to be allowed to present this claim in District Court damages must be determined after discovery under Rule 26. Mr. Thomas was only Marsh Warden for the Celery Farm a 107 acre preserve and wild life sanctuary. It was here not at my former residence that Mr. Thomas moved a tributary of the Saddle River (a major fresh water fish stream) to flood 18 acres to alleviate the compliance with the Borough's COAH contribution and in violation of the

Page 4

NJDEP Freshwater Wetlands Regulations. In his inadvertence Mr. Thomas caused the sanitary sewer to be flooded with rain water at an annual cost of $400,000.00 to treat the clean rain at the Sewer Treatment Plant which cost was added to the annual budget and my share of the tax apportionment.

9. Mr. Thomas negates the development of the 21 acres formerly owned by Jack Levin, whom I have a judgment in the amount of $5.9 million. Mr. Thomas threatened Mr. Levin with litigation if he continued to build on fully approved lots, acknowledged by the Allendale Planning Board and the Army Corp of Engineers. ( proofs submitted with Complaint). Upon negotiations with Mr. Thomas, Mr. Levin was allowed to only build 13 houses, keep his land, 21 acres, did not have to pay taxes and did not have to install the storm water drainage system. (see Affidavit attached as **EXHIBIT 4**) This resulted in my former property flooding. After getting the Judgment and knowing that Mr. Levin owned the property which he tried to sell to me. Mr. Bole states that the town should foreclose in rem for back taxes so I could not acquire it. I made an access to public records and found that the Borough never issued a Borough Engineer inspection and sign off by the Borough Engineer. At depositions in Ber- L -8660-10, Mr. Bole gave Mr. Pfund a fraudulent engineer's report from a property on the other side of Town. Mr. Monahan did not see that the block and lot numbers did not match but I did, where upon Mr. Pfund stated that Mr. Bole would produce the actual engineers sign off in depositions, which he never produced. There by proving damages against the Borough of Allendale for none compliance with state mandated subdivision rules and regulations.

10. The Storm water outfall is to be zero % to other adjoining properties. The lack of completion and enforcement of engineering aspects of the Levin Development, the Borough becomes liable as to the actions of Stiles Thomas in allowing Mr. Levin to NOT complete the drainage detention system. This run off which continues to this present time is contaminated by gas drippings, oil drippings and fertilizers from the cars and lawns.

11.This is still active in violation of the Passaic River Coalition Corporate Resolution to preserve land and protect the water shed and drinking water. Discovery is requested to expand the scope and responsibility of the PRC going forward. Plaintiff asserts that the In rem Foreclosure violated NJSA title 54 sections 5-26, 5-31,5-34, 5-112.

Page 5

These issues and facts submitted in Court before Judge Robert C. Wilson but to no benefit, as the Judge Obstructed Justice by having his clerk ***SHUT THE RECORDER OFF*** creating a mistrial. and a violation of Plaintiff's 1st, 4th and 14th amendment. Mr. Carter states I must appeal, it is the only way to preserve or continue to collect any damages from the injury sustained by these defendants. The Appellate division held and Mr. Carter knew I would not win, he was in on this unlawful act. Ms. McDonnell does NOT indicate this on page 4, under Defendants Represented by Pfund McDonnell

12. In Plaintiff's amended Complaint page 4 Section 5, Plaintiff clearly states claims which relief can be granted upon. The Statute of limitations tolls when Plaintiff finds out that certain acts are a violation of Law[s]. Plaintiff's then attorney Mr. Monahan filed a Civil Action seeking Civil/Criminal Remedies. Plaintiff did not sue in District Court for Federal Injuries. As Plaintiff did not become aware of this remedy until months before the filing of Plaintiff's first District Court complaint. As such Defendants are silent regarding some of the Federal Violations of Plaintiff's Civil Rights. Plaintiff in Section 5 page 4 clearly states;

a. These acts ultimately caused the loss of the property due to the Foreclosure action. The underlying issues, fall partly on the Bank, but also fall to the Borough of Allendale, the defense attorneys, and Stiles Thomas. Plaintiff needs Rule 26 discovery to make sum certain as to which actor caused what damages.

b. The following acts which are **NOT** rebutted in Defendants Motion to Dismiss are clear indications of the Defendants guilt in these related claims and should deny the Motion as submitted. These claims are clearly listed as claims which relief can be granted upon and are material issues of fact in Plaintiff's amended complaint.

1. Susan Lamonica Chair Person of the Finance Committee left as an appointed Official of the Borough. She is responsible for false reporting to the Public and approving the Budget Reports along with all the other responsible parties who signed the Budget report including Mr. Bole the Borough Attorney. This is fraud in the concealment fraud in the inducement and Criminal Rico and other violations but indiscernible due to lack of Rule 26 discovery. These actions allowing the Borough to tax the residents 100% cost to operate the Borough but yet allows the town to support a Debt Service of $19 million

with $76,000,000.00 in an investment account. May also constitute Criminal Rico (see bank statement attached as exhibit to original complaint.)

2. Paula Favata CFO employee of the Borough, 27 years, named in the Ghironda Report along with Keith Cauwenberg as actors in fraud in the concealment, fraud in the inducement by double billing the Borough of Allendale, further Ms. Favata held two positions in conflict with Municipal Government Financial Operations. Ms. Favata made the Deposits and maintained the ledger balances in conflict, with the actual sums of funds held by the Borough. This plaintiff requested under Access to Public Records all 12 months of the General Account Check Book Bank statements. For the 2007 fiscal year with a budget of $35 million Ms. Favata deposited $76 million. Plaintiff was a college student for Accounting with 2 1/2 years, did a simple fundamental checks and balance study of the various bank accounts and ledgers and immediately saw that the payroll account was over funded by $3-$4 million annually further the Borough authorized and Ms. Favata agreed to receive $250.00 by separate check for reimbursement of petty cash . All supplies and purchases were by outside vendors.

3. As a result of Mr. Monahan's lack of continued representation, Judge Wilson denied me an adjournment to seek or retain new Counsel, and Judge Wilson made me represent a NJ Corporation in violation of R.1-21-1 The Borough Attorneys did not object nor did they request that the recorder be turned on.

13. Page 5 of defendants Brief contends that Plaintiff's amended complaint fails to cure any pleading deficiencies and that Plaintiff refiled amended complaint contains the identical causes of actions NOT claims which relief can be granted upon. Plaintiff denies said allegations and Plaintiff has submitted language asserting compliance with Judge Cecchi's opinion/order .

14. Last paragraph of page 5 Ms. McDonnell states" Plaintiff "Michael" original Federal Court Complaint loosely alleged the following causes of actions against the twelve Defendants, It was not clear which allegation was directed toward which defendant. On its face item one relates to all Defendants but by common sense only the Borough of Allendale and its Defense Counsel can have the balance of the list applied to them by connectivity, it is obvious that item 2 "Over Appropriation of tax levy" can only

apply to a taxing agency or authority namely the Borough of Allendale item 3, Theft by Municipal Officials is very concise and in that the Borough of Allendale is the only municipality being sued it would relate to the Defendant Borough of Allendale item 4 CFO's manipulation of Borough's Accounting is plain on its face that it relates to Borough of Allendale . Plaintiff agrees that certain line items could apply to more that one or only one defendant but this act is only a matter of clarification dependant upon Rule 26 discovery.

15. Last paragraph page 6 of Defendants brief, misleads the Court as to some finality of issues and again deleted that mistrials were performed by Judges Doyne, Robert Wilson and Judge Dela Cruz . Defense Counsel is attempting to establish a bar or preclusion defense but fails. The recitals on pages 7,8, 9 do not negate the facts that one attorney Dennis Maycher Died, Mr. Monahan defected and defaulted, Mr. Capazzi was disbarred arrested and defaulted and Mr. Carter denied the benefit of the Attorney client privilege and violation of claims under US 1981.

16. Page 10 of Defendants brief lists Plaintiff's indecipherable allegations which appear to be as follows:

1. The Borough of Allendale "invoking Court sanctions of having to request permission of the Assignment Judge to view the new complaint to see if any part was ever tried before. " (ECF 84 at p.4) this act is punitive and causes delay damages and allows Defense Counsel to claim prior adjudication if any or to misrepresent the facts or claims to cause financial injury for Plaintiffs Attorney to defend and submit that these issues are new issues and never been litigated before.

2. Not giving requested discovery pursuant to the Rules of Civil Procedure Defendants in Ber-L8660-10 did not:

a) give the Ghironda report for 2 years after receipt of same, intentionally waiting for the discovery period to toll

b) also the engineers report for the satisfactory completion of Jack Levin's development which caused the illegal water runoff negotiated by Stiles Thomas in lieu of no further Development.

Page 8

c) the copy of the Ordinance naming Stiles Thomas as Marsh Warden only for the Celery Farm and no other place in the Borough.

Plaintiff denies any and all of the balance of statements on page 10,11, and defendants request for dismissal with prejudice for failure to state a claim. Defendants do not recite the failure of Plaintiff to have had legal conclusions and finding of facts pursuant to the Rule of Civil Practice, Discovery and Evidence. Judge Doyne created a mistrial Judge Wilson Created a Mistrial as also Judge De La Cruz

## Legal Argument
## POINT I A

As to the fact that Plaintiff listed all of these issues and was denied, grants the basis of filing injuries sustained and adjudicated in State Court to now the Federal Court . The Corporation was held by the 3 sons of Plaintiff D'Antonio. D' Antonio suffered financial injury in that the damages were against him personally as D'Antonio was named in some of the litigations and it was D'Antonio's personal funds that were lost. The Corporation was closed and at a stockholders meeting, D'Antonio assumed the assets and liabilities of the corporation personally on April 28, 2014 attached as **Exhibit "1"** of this submission. In that this precedes the filing of the instant action D'Antonio has legal standing D' Antonio owned the property initially see deed. As this corporation was a Closed Corporation versus a Public Corporation wherein unrelated persons to D'Antonio were not at risk there is no basis to deny standing. Further, the Court holds that Public records alone are sufficient to demonstrate that Calm not Plaintiff owned the subject property. Calm was not in state standing as to its corporate filings This was upheld by Judge Doyne in his 2012 opinion with out proper standing. In accordance with Judge Cecchi's findings page 15 second paragraph "*Plaintiff lacks standing to bring claims based on alleged civil rights violations to Calm. The fact that "a corporation may itself bring suit under [S]ection 1983 for alleged infringements of its rights to due process and equal protection[,] eliminates the need for recognition of a right in shareholders to bring suit on the corporation's behalf*" the Court cites Marchese v

page 9

*Umstead* Respectfully in light of Exhibit "1" plaintiff requests a finding in favor of Plaintiffs rights to have standing. Again these injuries that were sustained were from Plaintiff's personal funds.  Attached as **Exhibit 2** is a copy of a deed made August 20, 1997 reflecting that this Plaintiff was the owner in fee simple and that in fact transferred ownership to his 3 sons. Plaintiff originally took title to this property in February of 1996. It is further implied that Calm was the only Plaintiff in Ber-L- 8660-10 and if a favorable decision were rendered, the stockholders or now D'Antonio would benefit from the recovery of any injuries sustained by a favorable award. So now by Corporate Resolution and agreement of the stockholders D'Antonio becomes Plaintiff in succession. Plaintiff's instant submission now negates the Defendants position that Plaintiff does not have standing to sue Defendants Bole, Pfund or McDonnell Borough of Allendale and Stiles Thomas.

Plaintiff Objects to Defendants Counsel seeking dismissal as to the Allendale defendants cumulatively. D'Antonio now has the legal authority to challenge the mistrials and the false testimony and submission made in State Court cases against successor Plaintiff D'Antonio. **"The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Constitution Party of Pa.v. Aichele, 757F. 3d 347, 360 (3d Cir. 2014) (citing Davis v Fec. 554 U.S. 724, 734 (2008).**

1. Standing is further established as numerous injuries which were actual concrete and particularized to me the Plaintiff, that injury was loss of time and equity and delay injuries to the Plaintiff. Borough of Allendale discriminated the Plaintiff as owner with litigation over renovating his home while at the same time stating he was operating a business out of the home. No customers came to the home! Plaintiff could not pick up the houses and take them to another place to fix them and then bring them back. The Borough imminently threatened injury that is concrete and particularized by the submission of all the exhibits of the litigations, and the ones that are missing ie COAH, tax issues, water infiltration, Ramon Alvarez acquisition and the false submission to the

County to acquire more funding than necessary to build their own COAH requirements,

2. Water infiltration, litigation, false reporting to the NJDEP is the causation and the traceability of the injury is a direct result of the Defendants Stiles Thomas, Borough of Allendale David Pfund, David Bole. Lack of development for residential and Coah compliance, the submission of all exhibits prove traceability of the injury; redress ability of the injury by a favorable decision by the Court. Three Judges committed mistrials.

3. Plaintiff seeks standing under Rooker Feldman Doctrine. Defendants on page 15 of the brief paragraph c, states the Rooker -Feldman Doctrine is Applicable. Based upon misstated facts, Ms. McDonnell should have read Mr. Epstein's brief and Plaintiffs response in opposition. The Family Trust (DFLT)is not effected by Calm's Corporate resolution to close due to being bankrupted by the Defendants Stiles Thomas and the Borough of Allendale and Mr., Bole. Simultaneously as the Closing of Calm Development, D'Antonio assumes all assets and liabilities. In that Calm received a $5.9 million judgment against Jack Levin for damages created by Stiles Thomas and the Borough of Allendale and the PRC. Plaintiff D'Antonio invokes the Rooker Feldman Doctrine and concurs with Judge Cecchi's Decision; (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments ( 3 Judges committed Mistrials, violations of due process, discovery issues, preclusion issues) (3) THOSE JUDGMENTS WERE RENDERED BEFORE the Federal suit was filed and (4) the plaintiff is inviting the district court to review and reject the state judgments Great Western Mining and Mineral Co. v. Fox Rothchild LLP 615 F.3d 159, 166 (3d Cir. 2010) Rooker- Feldman Challenges are factual attacks to subject matter jurisdiction. Walthour v Child & Youth Servs., 728 F. Supp/ 2d 628, 635 (E.D. Pa. 2010).

## Legal Argument
### POINT I B

Plaintiff is not limited to 42 USC  sec 1983  and this point is suspect as to continuance due to Sec. 1981 being inferred simultaneously. Upon Purchase of the property no one or the Borough of Allendale sent a contract. The Borough sends a bill for taxes with no

explanation as to how the money was appropriated and or disbursed. When asked, why so much? They refer you to State Statutes as to how to obtain government records. Plaintiff is told that the Borough operates by implied contract of obligation to pay taxes under NJSA title 54. Title 54 clearly states that the Borough has the right to levy taxes for the cost to operate the town plus 2% surplus, Title 54 further states that each property owner is obligated to pay an equal share to operate the town. Plaintiff alleges injury from selective over taxation of the D'Antonio Property. Defendants Borough of Allendale, David Bole and Stiles Thomas made damages to D'Antonio personally. D'Antonio lived on the property for 18 years. The intentional torts are against D'Antonio and not Calm. All Defendants thought that D'Antonio was a stockholder and sole owner of Calm Development but that is not factual. Due to medical issues with Plaintiff's heart Plaintiff transferred the property by Deed to his 3 sons who in turn created Calm Development for the purpose of developing the property which was not granted. All torts against Calm are not pleaded here! But as residents of the property and tenants of the property with leases the Plaintiff is allowed to file a civil rights complaint while the statutes do not compel "ownership" as a requisite to claim injury. Plaintiff D'Antonio was denied 1st 4th 5th 7th 8th and 14th amendment rights and even if all defendants say **ONLY** Calm is entitled, due to ownership they are wrong. Having no ownership in Calm but being the sole financier of the taxes, renovations costs and defense costs for litigations plus the Court is Silent about the fact that had the Borough by way of its Attorney David Bole labeled the 2 ring binder with 19-20 ordinances Calm Ordinances then the Court would be correct in it's instant decision. This fact may be a small window but Plaintiff does not see a restriction on the size and quantity of a Window or Right to Sue. The fact that David Bole under authority of the Borough of Allendale labeled the binder "D'Antonio Ordinances " gives this Plaintiff the right to make these claims. David Bole made a search of the Corporate Records to find that Calm was not in standing with the state as such the property was not protected under a Corporate veil of protection. thus the reason for labeling everything under D'Antonio "the Owner". All Municipal actions summons complaints caused D'Antonio not Calm injuries in violation of D'Antonio's Civil Rights. Police came 65 times, that is 65 violations of Plaintiff's 1st 4th, 5th and 7th 8th and 14th

Page 12

Amendment Rights They had no warrants no legal right to pass the property line and disturb Plaintiff D'Antonio not Calm. One incident was direct discrimination authorized by the Former Chief of Police Robert Herndon who personally dispatched a 6 man detail to arrive at D'Antonio's home with out warrants to deliver a message that I was being WATCHED! Later discovery proved that Mr. Bole on behalf of the Borough authorized video surveillance of D'Antonio's home and family in an attempt to prove violations of one of the D'Antonio Ordinances. After months of surveillance the best they got was to falsify my son throwing coffee cups into the other truck which they labeled a bag of cement I was fined $5,000.00 a violation of my 8th amendment right. The Chief of Police was terminated after I Discovered his involvement in road contract kick backs his secretary was the wife of the principal road contractor she would tell her husband the lowest bid and 9 out of 10 bids went to her husband.

The Former Building inspector John Wittekind entered the property 5 times to issue summons to D'Antonio not Calm with out a warrant and 5 times the Judges Decided in D'Antonio's favor that is 5 more violations of Plaintiff's 1st,4th, 5th and 7th, 8th and 14th amendment rights being violated

Respectfully on page 15, second line, the Court states "Public records are sufficient to demonstrate that Calm Not plaintiff owned the subject property during the relevant time periods," Public records also must then be allowed to show that D'Antonio was personally involved and his Civil Rights along with Calms' Civil Rights were violated. D'Antonio presents new evidence **EXHIBITS 1 AND 2,** showing that Calm was bankrupted due to the continued actions of the Defendants, Stiles Thomas, David Bole and the Borough of Allendale. Thereby, leaving D'Antonio in control of the $5.9 million judgment and any liabilities. The Court further mentions that D'Antonio is barred from asserting the Foreclosure aspect of the Complaint however, the Court is silent regarding D'Antonio was a guarantor on the Mortgage and Note and was sued personally so D'Antonio HAS STANDING in this aspect as to the foreclosure. Had the Defendants David Bole, Stiles Thomas, Borough of Allendale not violated any rule, law or regulations in flooding the subject property D'Antonio would have been approved at the

Page 13

first request prior to Calm being formed. D'Antonio would not have suffered personal injuries and would have continued in the normal course of building and development of Real Estate amassing a financial progression of about $50 million to this date.

The reason for the animus of David Bole who was terminated after 30 years as Borough of Allendale's Attorney, due to his signature on the Annual Budget Reports and a result of the SEC's Investigation based upon my complaint of the CFO Paula Favata using the over appropriated tax fund to invest in stocks and bonds and other investments was in 1995. Plaintiff acquired 195 Pinelynn Road a 1 acre 2 family non-conforming dwelling. Plaintiff made application for subdivision, Plaintiff's attorney states they have to grant your application due to the fact that you are willing to remove the non-conforming aspect. David Bole overcharged me as he was the Planning Board Attorney, the issue was resolved but he carried this to my next development in Allendale. He made the town aware that I was a builder and rallied several of the neighbors to oppose my application for development. I am aware that the Allendale property was non-conforming and pursuant to the Municipal Land Use Ordinances Allendale had to grant the subdivision. They denied this. Litigation ensued I lost 3 TIMES, COAH was coming into enforcement and Allendale and Stiles Thomas rallied to do what ever they had to, to negate this State Law. D'Antonio's property was 3+ acres 300 feet from the end of town an ideal location next to a busy intersection with lower values homes in supporting values Allendale used the one exclusion to not include 20 cites wet lands. They created sites that were not wetlands and attempted to claim wet land status. David Bole is credited with giving Susan Bass Levin (Director of COAH) a gratuity to leave Allendale alone.

## PLAINTIFF'S RIGHT TO CHALLENGE THE BOROUGH'S IN REM FORECLOSURE ON AND SALE OF THE LEVIN PROPERTY AS AND FOR A DIRECT INJURY TO THE FAMILY TRUST

In Rem Foreclosures are governed by Rules of Civil Practice 4:64-7 to 4:65-5 and State Statues 54:5-26, 54:5-31,54:5-34, 54:5-112 attached as **EXHIBITS 3 , EXHIBIT 4**

is the dated and signed Affidavit of Jack Levin regarding the foreclosed property, and applicable statutes. All of which were violated by the Borough of Allendale and the PRC.

1. If the Court validates the Affidavit of Mr. Levin no taxes should have been assessed and the property could not have been taken for In Rem Tax Foreclosure.

2. Discovery will produce that the Borough waited over 25 years before instituting proceedings. What is the Statute of Limitations for this?

3. The Borough by tax records attempted to conceal this property as not having frontage or a legal street address (see former exhibit of the Passaic River Coalition tax card) so it would not be included in the COAH compliance requirements under open space.

4. Plaintiff has standing as a member of the public to acquire this property through public auction which did not occur. A violation of state statutes.

5. This property was approved by the Allendale Planning Board and will sustain 34 residential homes. Section of approved maps included in prior submissions.

6.The Borough colluded with the PRC Passaic River Coalition to acquire the property as conservation land.

7. Their is no zone of conservancy in Allendale. The PRC occupies this property in violation of Zoning Regulations.

8. Allendale received $320,000.00+- dollars as compensation from the PRC and retained 9 acres.

9. The 9 acres are surplus over the completed amount of in rem taxes being paid in full. Allendale kept the surplus land which equates to money and did not return it to Levin.

10. Allendale after getting title under the auspices of wetlands due to the fraudulent appraisal of the PRC ( see disclaimer and waiver of appraiser in the body of the appraisal) then created a subdivision and created a new lot approxitmately 3/4 of an acre.

11. Allendale violated state law by not having a public auction in violation of the In Rem Foreclosure Rules and Regulations. Further no notices were given to the public or

adjoining neighbors including D'Antonio a violation of USC 1981. D'Antonio has a Lis
Pendens on Levin's Property, no legal notices were given in violation of same.

12. David Bole and the Borough of Allendale knew Jack Levin would not defend
the litigation filed by D'Antonio and thereby would result in Judgment to D'Antonio,
which D'Antonio received. The Defendants Bole and Borough of Allendale diversified its
methodology of state statute requirements regarding sale to the highest bidder and
contacted the PRC depriving the public and injury to D'Antonio who by due process is
allowed to levy on any of Jack Levin' assets.

13. The PRC produces a fraudulent ficticious appraisal of value without proper
supporting values, devaluating the total parcel so as to acquire just part (12) acres for the
unrealistic value of $320,000.00 +-. 12 acres in the rough are realistically valued at
$3,000,000.00 thereby leaving the 9 acres realistically valued at $2,250,000.00

14. These 9 acres are surplus after Allendale was made whole. and should be
considered an asset of Jack Levin. In that the Judgment against Levin is for $5.9 million
the whole portion of the 9 acres should go to D'Antonio plus the 12 acres taken by the
PRC which would still leave the total $5.9 million not paid for.

15. The PRC violates state law and their Corporate Resolution by allowing the
water run off from the incomplete drainage system allowed by Allendale's lack of state
law compliance to have a physical engineers inspection as to ALL aspects of engineering.

16. In that Judge Wilson granted judgment and Allendale issued 13 Certificates of
Occupancy Allendale is also guilty of damages allowing contaminated waters onto
D'Antonio's property and the ultimate causation of the denials of development approvals
in the presence of violation of planning Board Engineering requirements. violation of
USC 1981, D'Antonio should be compensated for all damages for years of land use
applications.

17. The PRC allows these contaminates to make there way into the Smokis Voll
Drainage ditch which in turn drains into the Saddle River.

## STANDING UNDER TRANSFER OF PLAINTIFF'S ASSETS TO THE
## D'ANTONIO FAMILY LIVING TRUST

Page 16

1. This Plaintiff requests that the Court must first adjudicate that the Judgment of Foreclosure before Judge Doyne was a mis-trial;

    a. The Judge made no recording of the hearing a violation of my 1st Amendment right. In Order to redress a grievance to the government, A litigant may represent himself and or hire an Attorney. The Litigant or the Attorney must then follow the Rules of Civil Practice and Professional Conduct. and all the other requirements in order to process a redress of grievance. Judge Doyne denied this, Mr. Epstein did not object to no record being made, a violation of R. 1:2-1. Dennis Maycher, Plaintiffs attorney died, Judge Doyne denied an adjournment for Plaintiff to hire new Counsel. Judge Doyne made this Plaintiff represent Calm Development in violation of R; 1:21-1. Judge Doyne refused to allow me to get the records and files from the deceased attorney. Mr. Monahan refused to honor the contract of which he was a 40% partner with Dennis Maycher on this file. Plaintiff was referred to Mr. Monahan not Mr. Maycher. Mr. Monahan stated in that he was associated with the Maycher firm he had to share this with that firm. Mr. Monahan violated the attorney client privilege several times, and refused to continue representation.

2. If this Court reverses and accepts to review the case under Rooker Feldman Doctrine and reverses the Foreclosure;

    a. M&G Holding was the only payer of the Mortgage. 40 payments made on time. Plaintiff submitted the transcript showing and proving notice was given to the bank regarding the request to enter M&G as a party to the Contract. Ms. Topo states "no don't worry about it." This constitutes a Novation, Title 45 Chapter 15 and Title 11 Chapter 5 Administrative Code. Plaintiffs inferred right by contract and violation of USC 1981. against Mr. Epstein, also 6 years to reopen foreclosures and 10 years to regain title.

    b. Emigrant the Bank holding the Mortgage and Note after being told by Mr. Epstein of the issue of the Novation takes the posture to return the payments and states the loan is a residential loan not a commercial loan as the borrower was Calm Development with D'Antonio as personal guarantor ( Plaintiff has Standing) all claims by Emigrant through Epstein were labeled Calm Development.

c. Emigrant was requested to stop paying real estate taxes due to the over appropriation of D'Antonio's real estate taxes. This ultimately causes the amount of money docketed under the foreclosure docket judgment to be for a false amount due.

d. Mr. Epstein does not give Notice to M&G under the Fair Foreclosure Act.

e. Mr. Epstein falsifies the transcript to Judge Escalla wherein D'Antonio states "in the year 2000 Calm did not have written leases with the tenants " D'Antonio further states that after Judge Harris mandates leases, written or oral but must have leases D'Antonio writes leases for the front house tenants and has his son a stockholder of Calm write a lease for D'Antonio 5 years before the eviction process.

f. On the morning of the Eviction, the Sheriff's officers deny the existing lease and proofs of rent paid and instruct D'Antonio to return to Judge Escalla and if he reverses the writ of eviction which was made out in D'Antonio's name Shirley Meeks name ( a former tenant and John and Jane Doe) they would replace my personal property. Judge Escalla denies based upon only Epstein's copy of the transcript. D'Antonio was unable to get to his legal papers to prove he had a lease and give the complete transcript due to the Sheriff packing all of the office and legal papers first. Sheriff's Department has the right to stop an eviction in the presence of a lease with supporting rent payments. The Sheriff violates the Anti-Eviction act. Sheriff's department and moving company do not remove all of D'Antonio personal property; Trains, tools supplies are still missing.

g. Plaintiff D'Antonio sues in State Superior Court Ber-L- 4562-15 and Judge De La Cruz creates mis- trial and refused to reopen the foreclosure under mis-conduct of Judge Doyne with proofs and citations at Law. All 3 Defendants, Retained Realty, Bergen County Sheriff's Department and Network Trucking file for Summary Judgment. Judge Cruz procedurally denies due to conflict of this Plaintiff not having sufficient time to respond. Plaintiff files for Summary Judgment and is denied with prejudice and Judge Cruz reverses equitable estoppel and Preclusion issues as to the Bank did not sue for security and or rent at the foreclosure hearing. Judge Cruz places the Judgment in this Plaintiff name giving standing to the Corporate resolution and the creation of Family trust proof and acceptance by Judge Cruz as to standing of this Plaintiff. Upon submission of

Page 18

the reconsideration Motion, Judge Cruz still has not responded and that date to respond was March 31, 2017

h. This section is out of time sequence, in this submission, but on or about November 11, 2011 Judge Robert Wilson created a mis-trial wherein He did not make a full recording of the hearing where the Defendant Attoneys falsified their testimony to Judge Wilson who granted Summary Judgment to dismiss Stiles Thomas and the Borough of Allendale. Mr. Monahan the attorney of record did not show up Judge Wilson declared that the letter form submitted by Monahan to substitute in was not in the correct form. Judge Wilson berated this Plaintiff in that he ridiculed me as being my own attorney and that that was what I wanted. I stated no I want an adjournment to get new counsel and the records and files, Judge denied the defense counsels did not object. Ms. McDonnell imports that Defendant Stiles Thomas was protected under Color of Office as Marsh Warden he was not the Ordinance only allowed Mr. Thomas conferred duties over the Celery Farm. Ms. McDonnell never produced the ordinance requested in discovery . Mr. Pfund states that all the payroll checks(**see exhibit Bate Stamped D05126 showing hundreds of checks but no backs**)were produced which is false. In order to satisfy a discovery request for checks a check has 2 parts a front and a back. Mr. Pfund only produced the fronts thereby stopping Judge Wilson from seeing the endorsements of the false employees. The Borough CFO made checks out to ficticious employees which were then endorsed by members of the Political party to counter endorse or deposit in ficticious bank accounts. The 2 checks on the front show payroll fund all checks in the exhibit are not for payroll!

**SATISFACTION OF JUDGE CECCHIS DELIQUENCIES IN MOVING PAPERS**

1. After Mr. Capazzi's theft of Plaintiff's funds and malpractice of Calm's Bankruptcy proceedings, Plaintiff requested a meeting of the stockholders of Calm Development. On April 28, 2014 Calm was closed. Simultaneously D'Antonio created a revocable Family Living Trust at the same time, all assets were transferred into the trust see attached Exhibits 1 & 2 THIS TRUST WAS FORMED IN COMPLIANCE WITH NEW JERSEY STATE CONSTITUION 1947. Michael A. D'Antonio is the Settler of the trust. Upon receiving the Judgment by Judge Robert Wilson, March 21, 2013, Mr. Carter filed the Writ of Execution and Notice of Levy.

2. Mr. Carter did not understand the impact of Judge Wilson's decision and what in reality it meant. Although Mr. Levin did not complete the drainage system it becomes apparent under his Affidavit December 7, 2010 which was previously submitted to the Court in the original complaint and now attached as **EXHIBIT "4"** , Mr. Levin clearly states "The Town threatened me with litigation unless I submitted and accepted the net allowable lots of 13 and the loss of $10 million dollars unless I agreed. They allowed me to NOT complete the required drainage system required by the Planning Board decision. They further stated that I would retain ownership and would not have to pay any real estate taxes. In 2007 the Borough reneged on that and took my land for back taxes of approximately $390.000.00. At this time I wish to be compensated for my land by the Borough of Allendale, N.J. " Upon obtaining this from Mr. Levin it was not until March 21, 2013 that plaintiff D'Antonio received the Judgment it took another several months to get the Writ of Execution and Notice of Levy and by the time I researched the ownership papers the land was sold to the PRC. Plaintiff filed his complaint with in the 2 year statute of Limitations.

3. The Borough never complied with state statutes **EXHIBIT "5" 14 Pages,** and stated publicly that the PRC owned all of the 21 acres. Upon making access to Public records and getting the minutes of the Mayor and Counsel meetings and the Planning Boards decision regarding the new lot which was subdivided. Plaintiff discovered the PRC only had title to 12 acres the Borough had 9 acres and created a 3/4 acre subdivision in the most wettest part of the property right in the path of the incomplete 24" storm water drainage pipe.

4, Plaintiff then approaches Mr. Carter with all this "new" Evidence of foul play illegal actions. Mr. Carter clearly was taken with all the facts and documents that Plaintiff produced. Upon explaining what in conjunction with Judge Wilson's Summary judgment Order, I explained that under R. 4:50-1 we would be able to reopen the Ber-L8660-10 docket and vacate the deed of transfer to the PRC and take the 9 acres that the Borough kept under surplus. Mr. Bole testifies before Judge Escalla that there was no surplus money but failed to explain that the Borough now had title to $2.5 million in land. It is noteworthy to mention that when Mr. Bole and I first met he was the Planning Board

Attorney. During his tenure, the political party arranged for sale of a building and land in the Borough of Glen Rock in which the politicians kept and divided the money among themselves.

5. Mr. Carter was so taken with the information that he asked me to make the motion and brief and that he would submit it. Upon fulfilling his request and his review he was overwhelmed with the documents and brief. He then refused to file it. In that Judge Doyne and Judge Wilson allowed me to represent the Corporation i filed it my self Mr. Carter called the Clerk and stated that it was not his signature nor would he be representing me. This constitutes legal malpractice.

## CONCLUSION

The basis of representing myself was a reliance on the request of getting a Pro Bono Attorney and Rule 26 Discovery to present current issues that exist now. The reason why the Defendants would further delay the proceedings, is that 2 Attorneys that represented these matters were arrested and jailed, one died and three committed legal malpractice. I apologize to the Court and the Attorneys. 341 NJ Supra Horan Holding vs Mckenzie, 117 teaches that the Attorney client privilege must cede in the interest of justice. As you can see there is definite merit on these issues. Plaintiff respectfully requests standing on the issues of damages of Civil Rights. The ability to collect on the illegally sold land of Mr. Levin's hurts no one but actually brings tax ratables to the Borough and allows this Plaintiff to recoup some equity for the loss of millions of dollars. The Court has not ruled on the Boroughs treatment of the surplus funds nor has the Court ruled on the fraudulent Appraisal report of the PRC. As to matters of Statute of Limitations they should be extended in some areas but the filing against Allendale and PRC are within the limits of the statute, due to the illegal conduct of the attorneys and mistrials by the 3 Judges. Plaintiff requests that this Court makes reliance regarding the illegal eviction, the basis of same was that Mr. Epstein failed to get leave of the Bankruptcy Court, Mr. Epstein failed to give notice prior to that last sale date so Mr. Capazzi could defend and the fact that the Sheriff's Captain Edgars was terminated means someone did something wrong.

Page 21

The Court must review or request discovery to be certain. The Plaintiff had a written lease and proof of paid rent. That is the necessary proof to stay eviction under the Anti-Eviction Act. The Borough of Allendale has several negative Public records which have been submitted to this Court. $20million dollars is missing. The Court has in evidence a copy of the MBIA Bank Statement in the name of the Borough of Allendale with a balance of $76,000,000.00 the revenue audit transaction trail shows $12 5 to $14.5 million in earned interest per year. Attorneys made mistakes and took to long or made intentional delays so statues could expire, the residents do not get their money back and the Borough who terminated 12 employees gets to keep the $76 million dollars that was also submitted in the original complaint. Collection of the judgment and the Federal Violations of my Civil Rights must be granted under USC 1981. Mr. Monahan first drafted the complaint, he signed his name to the certification based upon a review of all the bank statements and other documents in support of these matters Plaintiff requests a granting of all charges. Although not clearly defined the list of 26 violations is against the Borough of Allendale and their Co-Defendants

**Statutory Claims**

The Notice provision of the Tort Claims Act TCA does not apply to statutory claims. such as those brought under New Jersey law Against Discrimination. Brennan v Norton, 350 F. 3d 399 ( 3d Cir. 2003)

Fuchilla v Layman, 109 N.J. 319,337, cert. denied, 488 U.S. 826 (1988) the notice provision of the TCA do not apply to Claims of Discrimination under either 42 USC sec. 1983 or the New Jersey law Against discrimination. The borough of Allendale and the named defendants Bole Pfund McDonnell and Thomas all discriminated Plaintiff D'Antonio land use applications and Coah applications . Plaintiffs and defense counsel discriminated against D'Antonio under 1st amendment rights by falsifying defenses submissions in litigation.

**Common Law Claims**

In addition to statutory claims Plaintiff has common law claims, such as intentional tort claims for defamation, intentional interference with prospective economic advantage, intentional infliction of emotional distress and malicious prosecution.

Page 22

## Immunity Under the Tort Claims Act

This protection is circumscribed, however, public employees may not act in complete disregard for the rights of others. There is a public employee immuni9ty exception found in N.J.S.A. 59:3-14. Subsection (a) states: "[Nothing in this act shall exonerate a public employee from liability if it is established that his/her conduct was outside the scope of his/her employment, or constituted a crime, actual fraud, actual malice or willful misconduct " See Burke v Deiner supra 472-473 which is exactly what the employees have done to D'Antonio. D'Antonio suffered injuries by way of delay damages, litigation costs, loss of development rights and future income from rollover profits. Where fore plaintiff D'Antonio request damages in the amount of $12.5 million dollars 55 building lots shovel ready.

## Permancy Requirement

_The TCA restricts the right for pain and suffering damages except in cases of permanent loss of a bodily function N.J.S.A. 59:9-2 (d).

Where aggravating circumstances exist, the plaintiff's symptoms can be found to be permanent even without residual physical injury see Collins v Union County, 150 N.J. 407 (1997) . plaintiff has recurring nightmares, flashbacks, difficulty in sleeping, a severe loss of self esteem and the inability to trust others. Medication does not relieve these situations.

## Circumstances Under which Public Employees are not Exonerated

Outrageous Conduct, N.J.S.A. 59:3-14 provides that;

1. nothing in this act shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his/her employment or constituted a crime, actual fraud, actual malice or willful misconduct all of these claims are injuries against plaintiff was over charged for taxes, when video surveillance was placed on the D'Antonio property by establishing 19-20 Ordinances and naming them the D'Antonio Ordinances by denials of land use and Coah applications, by flooding the plaintiff's property, by placing dead animal parts on Plaintiff's property.

2. Nothing in this act shall exonerate a public employee from the full measure of recovery applicable to a person in the private sector if it is established that his conduct

was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct. In the performance of the Borough of Allendale and the named defendants signing the budget reports and claiming the need to raise taxes to operate the town when the Borough held $76 million in a investment account and then did not make all residents pay an equal share to operate the town, claiming a need to spend $2.5 million to bring a new water transmission line due to all wells in the borough being contaminated then with in the past two years to vote a budget to repair replace all equipment at the water department when by contract to Untied water now Suez they are responsible or in the alternative they did not have to bring the water transmission lines in to the town, by refinancing the Bonds to pay the water transmission line when the debt was already paid to zero, by mailing false tax bills to the residents by discontinuing service or increasing services at costs when the Budget already had the cost accruing from former budget increase all constitute fraud.

3. The 1972 task force Comment on this statute explained how limited a public employees defenses under the TCA truly are;
it is the intent of this provision that a public employee guilty of Outrageous conduct cannot avail him/her self of the limitations as to liability and damages contained in this act.

4. The 1972 Task Force commentary contained in N.J.S.A. 59:3-14 represents a clear and unambiguous expression of legislative intent that a public employee should be deprived of any benefits such as TCA limitations on liability and damages for their "Outrageous Conduct"

5,. Courts have found such "outrageous" conduct, thereby removing the TCA defenses from public employees in a multitude of circumstance, including claims for:
1. assault and battery, Velez super

2. Malicious prosecution, James v Price, 602 F. Supp. 843 ( D. N.J. 1985)

3. False Arrest, Dela Cruz v Borough of Hillside 365 N.J. super 127 ( App. Div. 2004)

4. Torts based on reckless conduct, Jobes v Evangelista. 2004 WL 1170507 ( App. DIv. 2004)

Page 24

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am further aware that if any of the foregoing statements made by me are willfully false I am subject to Punishment.

Dated: _4-19 -2017_

Michael A. D'Antonio

## CERTIFICATION OF SERVICE

I certify that I caused an original copy to be delivered to the Clerk of District Court, District of New Jersey, 50 Walnut Street, Newark New Jersey 07101 by hand, and

Page 22

that I mailed a copy to Pfund McDonnell 39 Prospect Street Ridgewood New Jersey 07450

Dated : _4-19 -2017_

Michael A. D'Antonio