Michael A. D'Antonio
Plaintiff Pro Se
P.O. Box 55
Allendale, NJ 07401
201-962-5881 cell
201-857-4411 fax
mad.316@hot mail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL D'ANTONIO | : | |
| | | **Docket No.: 2:16-cv-00816-CCC-JBC** |
| Plaintiff | : | |
| | : | **CIVIL ACTION** |
| vs | | |
| | : | **RESPONSE IN OPPOSITION TO** |
| | | **MARK CARTER'S LETTER BRIEF** |
| | : | **TO DISMISS PLAINTIFF'S AMENDED** |
| | | **COMPLAINT PURSUANT TO F.R.C.P.** |
| BOROUGH OF ALLENDALE | : | **12(B)(6)** |
| ET ALS | | |
| | : | |
| Defendants | : | |

1. Mr. Carter did not answer the Complaint.

2. Mr. Carter did not deny the allegations in the complaint.

3. Mr. Carter failed to submit proper cause for his Motion to be Dismissed for the Amended complaint.

4. Mr. Carter states, second page, 1st paragraph "Plaintiff fails to understand the basis of my motion to dismiss". Mr. Carter can not know the presence of my Mind.

5. Essentially Plaintiff is bringing an action under 42 U.S.C. Sec. 1983. Plaintiff did not essentially bring the action under 1983. Plaintiff denies and opposes Mr. Carter's letter Brief dated April 28 2017. Plaintiff pleads as stated in the amended complaint.

6. Mr. Carter narrows the scope of the allegations to enhance his positions in light of the Courts Opinion.

7. Plaintiff relies on Rules 26 Discovery to perfect the claims and plaintiff did not nor does not limit the claim to U.S.1983 claims. Plaintiff alleges due process violations with particularity in several actions committed by Mr. Carter in collusion with Mr. Epstein, which violated Plaintiff's Civil Rights as articulated in the Amended Complaint.

8. Plaintiff suffered numerous injuries to personal property, lack of due process and failure of Mr. Carter to represent Plaintiff in the manner as requested. pursuant to Rules of Conduct;

    1. 1.1 Competence, neglect a matter, gross negligence -hearing before Judge Escalla

    2. 1.2 Scope of Representation

       (a) A lawyer shall abide by a clients decisions concerning the scope and objectives of representations.

Mr. Carter refused to show Judge Escalla the Judgment for $5.9 mil and Refused to ask for a stay until the Judgment was collected in stead demanded mediation 4 years into the foreclosure. Refused to stop presentation and take papers I tired handing him to submit before Judge Escalla. Colluded with Mr. Epstein to deny my Due Process.

       (b) failed to represent that Judge Escalla's Law Clerk gave specific representations of Judge Escalla to the Sheriff's Department that this Plaintiff had a lease and had proofs of paid rent. Refusing to contact the Sheriff and relay Judge Escalla's position.

       (c) demanded that Plaintiff file an appeal in docket No BER-L- 8660-10 wherein Plaintiff received a judgment $5.9million and Judge Wilson shut off recorder, made me pay $7,500.00 knowing my objections based upon no record being made and that the Appelate court would side with the Judge due to the record. Plaintiff was denied.

       (d) failed to submit the Motion to Reconsider under R. 4:50-1 wherein he made me prepare the Motion and Brief and refused to file same due to the veracity and accurateness of the exhibits and that I found assets of Jack Levin.

       (e) failed to represent the wrongful taking of the Levin Property under illegal In Rem Proceedings and failed to request all documentation proving same.

       (f) failed to subpoena Mr. Holahan for the documents showing that the reconveyance agreement was invalid.

8. Foreclosure in essence is an installment buyer agreement wherein Plaintiff has an interest in the amount of down payments and improvements made. Mr. Carter failed to represent that Mr. Capazzi mal-practiced the file and refused to send a letter as to same to the Assignment Judge upon sending same after demand the Judge authorized Mr. Carter to make his application which he refused. Due Process was denied.

9. Mr. Carter cited Tunheim v Bowman 366 F. Supp. 1395 (DC Nec. 1973)

Mr. Carter failed to support that the Bank did not give notice under the Rules of Foreclosure for the Sheriff's Sale Mr. Carter denied me due process by not intervening.

Plaintiff is pro se and unclear and made reliance upon R. 26 Discovery to ascertain the depth of claims against each Defendant and Mr. Carter

The Kentucky Law Journal says that all the papers signed with the bank DO NOT CONSTITUTE A CONSCIOUS WAIVER OF A LEGAL RIGHT TO A HEARING. Mr. Carter denied DUE PROCESS.

1) the Foreclosure was not a final taking

2) Plaintiff held financial and interests in the items (personal Property)

3) the recapture of the property under foreclosure was NOT A NECESSITY OF LIFE ( THE BANK WOULD HAVE SURVIVED)

4) Plaintiff had two positions in this issue Plaintiff held a lease (Chattel) on and in the property

5) Carter did nothing to prevent the Eviction violation of Due Process

6) Due Process is necessary before the State Disturbs any significant property interest. No notice by Mr. Epstein of Sheriff's Sale

7) Installment Buyers have a constitutionally cognizable property interest established by contract in possessing the property. Plaintiff lived there for 18 years.

8)Even Though the taking may be temporary, the interest protected was in USING the property. Even a temporary taking disturbed that interest.

9) There are no degrees of Property interests: instead due process protects all property interests, luxuries as well as necessities.

Plaintiff relies on Justice Harlan's decision in Sniadach v Family Finance Corp.

McCormack Federalism Sect. 1983 Limitations on Judicial Empowerment of

Page 3

constitutional protection 60 VA. L. Rev 1 (1974) C. Antieau Federal Civil Rights Act
Civil Practice (1971) 395. U.S. 337. 342 (1964), Funtes v Shevin, 407 U.S. 67 (1972)

10. Justice Harlan says if a Constitutionally cognizable interest in
the use of the property was affected, prior notice and opportunity
for a hearing were required. Carter and Epstein commiserated
numerous times and Carter backed down. Mr. Epstein is also
responsible to dispose of D'Antonio's protection to this
Constitutional Right.

For absent these protections the Adversary system can not sort valid from invalid
seizures. The State must hear both sides first because the applicant may be mistaken ,
overzealous, or Dishonest (both Carter and Epstein). Due Process in short prevents
litigants from misuse of state machinery.

The State denied with prejudice Plaintiff requested Leave to file an Appeal Judge
Cruz has failed to respond. Contact with Judge Cruz law clerk resulted in that the Judge
was very busy it is a motion week but she will respond.
Plaintiff requests Mr. Carter's requests to be denied

I certify that the foregoing statements made by me are true. I am further aware that if any
of the foregoing statements are willfully false i am subject to punishment.

Dated: __5-7 - 2017__                                          _Michael A. D'Antonio_
                                                               Michael A. D'Antonio

## CERTIFICATION OF SERVICE

I certify that I caused a copy to be mailed to the Clerk of District Court District of New
Jersey 50 Walnut Street Newark New Jersey 07101. by regular mail. Please enter this on
the ECF System as service to all other defendants.

Dated: __5-1- 2017__                                          _Michael A. D'Antonio_

Michael A. D'Antonio