Michael A. D'Antonio
Plaintiff Pro Se
P.O. Box 55
Allendale, NJ 07401
201-962-5881 cell
201-857-4411 fax
mad.316@hot mail.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL D'ANTONIO        :

**Docket No.: 2:16-cv-00816-CCC-JBC**

Plaintiff              :

**CIVIL ACTION**

vs                  :

**RESPONSE IN OPPOSITION TO
PASSAIC RIVER COALITIONS REPLY
BRIEF TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO
F.R.C.P. 12(b) (6)**

BOROUGH OF ALLENDALE
ET ALS

                   :

Defendants       :

---

1. This reply is in opposition to Passaic River Coalitions Brief, document 118 filed April 28, 2017.

2. Plaintiff amended the complaint to the best of his ability and relies on Judge Cecchi's Order/Opinion dated February 21, 2017, wherein on page 14 section III "A pro se litigants complaint is held to [less stringent standards than formal pleadings drafted by lawyers]. Haines v Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name, Mala Crown Bay Marina Inc. 704 F 3d 239, 244 (3d Cir. 2013).

3. Plaintiff, further requested Rule 26 Discovery and Appointment of Pro Bono Counsel as Plaintiff does not know how to satisfy the language in Judge Cecchi's Order.

Page 1

4. Plaintiff alleges injuries due to violation of Due Process. Plaintiff asserts that the PRC'S violation of Plaintiffs Rights started when the Borough of Allendale first contacted the PRC to take title to a portion of the Levin Property. In order to effectuate a Legal and Just cause and value, the PRC and the Borough of Allendale colluded on a methodology of submitting an Appraisal which both Ms. Fraenkel and Mr. Confino do not speak of at all. This document is the reliance and justification by the PRC and the Borough of Allendale to violate Plaintiff's Due Process rights and sustain injuries as conferred in Justice Harlan's decision.

5. Due Process was denied by the Borough of Allendale and the PRC causing Plaintiff dual injuries as a member of the public in not receiving notice of sale and as Plaintiff in succession of Calm as having a filed Lis Pendens on said property. No Notice was given to the Public or the adjoining neighbors in accordance with In Rem Foreclosure Rules.

6. Mr. Confino and Ms. Fraenkel do not speak of Due Process being necessary before the State Disturbs any significant property interest. No Notice to the public is a violation. There are no degrees of Property Interests, instead due process protects all property interests, luxuries as well as necessities. Plaintiff relies on Justice Harlan's decision in Snaidach v Family Finance Corp. McCormack Federalism Sect. 1983 Limitations on Judicial Empowerment of Constitutional protection 60 Va. L. 1 (1974) C. Antieau Federal Civil Rights Act Civil practice (1971) 395. U.S. 337, 342 (1964), Funtes v Shevin, 407 U.S. 67 (1972).

7. Justice Harlan says if a Constitutionally cognizable interest in the use of the property was affected, prior notice and opportunity for a hearing were required. The Borough of Allendale and the PRC commiserated several times over the course of years. Now in the presence of new evidence [ the property cards submitted by Ms. McDonnell] Counsel for the JIF Joint Insurance Fund and the Borough of Allendale and the additional Brief of Mr. Confino appear to violate Justice Harlan's decision. In this instant reply Brief, Mr. Confino, has had sufficient time to read Ms. McDonnell's submissions of the New Property Tax Cards. Mr. Confino nor Ms. Fraenkel have submitted consent or denial

Page 2

of these new documents, which contradict both Ms. Fraenkel's and Mr. Confino's factual submissions. Are both Counsel deceiving the Court?

8. Mr. Confino's legal Arguments are denied and rebutted by prior submissions which, Mr. Confino has access to under the ECF system. Plaintiff is Calm in succession due to documents prepared and notarized and submitted to the Court. Mr. Confino submits as the Only argument plaintiff puts forth is a self serving statement but Plaintiff has standing. It is a fact and the truth. Mr. Confino speaks of Corporate Protection but fails to understand that Calm was a closed as opposed to a Public Corporation. No public funds were at jeopardy, this was a family corporation consisting of Plaintiff's 3 sons only. The PRC personally damages Plaintiff by denying Plaintiff the right to collect on a Judgment against Jack Levin. The PRC, by submitting the fraudulent appraisal, denied due process rights. Lack of Notice to the NJDEP in submitting a LOI letter of Interpretation, and Use and Occupancy Zoning issues. By the removal of viable land that was fully approved of sustaining 34 single family homes and being stricken from that standing, the residents of Allendale can not receive tax ratables from land acquired by the PRC. This further is a discrimination.

9. Plaintiff now brings new case law, facts, and arguments in the presence of the **"NEW PROPERTY TAX CARDS"** submitted by Defendant Borough of Allendale. The PRC nor Ms. Fraenkel and Mr. Confino are silent about these new issues.

10. These new issues further support claims with in the statute of limitations as they were created 2 weeks after Plaintiff filed his Civil Rights Complaint. Further, Mr. Confino can not make determinations that only a Judge may make. Mr. Confino, Ms. Fraenkel nor the PRC have standing to adjudicate violations of law.

11. Plaintiff requests that the legal argument of Counsel Confino as to prior Court actions be barred as they are irrelevant in this jurisdiction. Plaintiff was subject to mistrials, inappropriate professional conduct issues and denials of right to appeals by Judicial Conduct, violations, no recordings were made several attorneys violated the attorney client privilege thereby further denying Plaintiff's Constitutional Rights to Due Process and Trials by a Jury.

Page 3

12. In order to sustain a valid proof of the allegations of Mr. Confino's instant submission, the Court should require a copy of the transcripts of all proceedings that Mr. Confino alleges to negate Plaintiff's position as to knowledge of Plaintiff knowing the PRC owned the subject land in question. Without valid substantial proof Mr. Confino can not refute the presence or content of Plaintiff's mind or knowledge.

13. Plaintiff alleges injuries of a Constitutional nature. Mr. Confino's submission as to Forum Shopping, Law of the Case,  Entire Controversy ,Collateral Estoppel and Res Adjudicate are moot. As these are new injuries above State Law Jurisdiction.

14. In Order to defeat a Motion under F.R.C.P.12 (b)(6) plaintiff must only colorably infer violations, as plaintiff did and then refiled and further expanded and now New evidence is present of the same issues complained of in the original complaint. Plaintiff's motion to deny the Defendants continued request for dismissal of claims must survive.

15. Under a 1983 claim a plaintiff must first show that "the conduct complained of was by a person acting under color of state law" The Borough of Allendale initiated the contact to PRC to illegally remove the Levin Land from the proper procedures of the In Rem Foreclosure Rules. The PRC did collude and maintain a relationship to do this act. Secondly, a Plaintiff must show that the defendants conduct deprived a person of privileges secured by the Constitution of the United States. To satisfy the second element, Plaintiffs must show that the defendants conduct was in cause in fact of the deprivation, see Rodriquez v Cirilo 115 F 3d 50. (1997). Defendants cannot argue that the second element is not sustained and or satisfied here because their conduct did not violate Plaintiff's rights under Federal Law.  Plaintiff further asserts that these defense's are a continuation of injuries under 42 U.S.C. 1981, 1983 and 1985.

16. Three distinct grounds for relief are asserted against the Borough of Allendale and Passaic River Coalition:

1) under the 14th amendment the city is liable on a Respondent superior basis for the misconduct of its officers.

2) that under 42 U.S.C. 1981 the city is liable on a Respondent superior basis for the misconduct of its officers.

Page 4

3) the Borough of Allendale and the PRC are liable directly for its alleged negligence and wanton recklessness in failing to follow the Law as to Municipal funds train and supervise any individuals in permitting them to act as police officers not withstanding the city's prior knowledge of their propensity to harass and mistreat the residents from attaining lower tax ratables by removing valid approved buildable land into a zone of conservancy and deny legitimate tax ratables. This is discrimination.

17. The actions of the Municipality was official business and the Defendants collectively can't sustain a single fact to refute that fact. The illegal cover up and actions by the Borough of Allendale and the PRC to avoid this Plaintiff were not pursuant to local law but were under the umbrella of Authority in violation of Plaintiffs Due Process rights and 14th Amendment rights

18. In the presence of Plaintiff's understanding of the Federal Rules of Civil Practice plaintiff only had to colorably plead fraud. This response and prior responses and now the presence of the New Property Transfer Cards indicates Fraud in the concealment and inducement on both the PRC and the Borough of Allendale. If Ms. McDonnell was trying to stay under the radar by not following her usual style/formulaic patterns of submissions this Plaintiff may not have notice the two new Property Transfer Cards. Mr. Confino should be barred from further comment regarding standing or statute of limitations issues.

19. The assessed tax values on the property cards are the absolute minimum that would have resulted in a public auction which is required by the In Rem Foreclosure Process. Who actually received how much money between the PRC and Allendale and this requires additional discovery under Rule 26 discovery. Plaintiff and the other residents of the Borough were denied Due Process and their 14th Amendment Rights.

## CONCLUSION

Plaintiff requests all of Mr. Confino's requests to be denied in the presence of foul play. Plaintiff requests a determination in Plaintiff's favor based upon the preceding facts.

Page 5

Plaintiff requests Rule 26 discovery and appointment of Pro Bono Attorney. Please enter this on the ECF system as notice to all parties in this matter.

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am further aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated: 5-1- 2017

Michael A. D'Antonio

## CERTIFICATION OF SERVICE

I CERTIFY that I delivered an original copy of this Response Certification to the Clerk of the District Court, 50 Walnut Street, Newark, NJ 07101 and that I mailed a copy to Mr. Confino % Clausen Miller P.C.100 Campus Drive Suite 112, Florham Park, N.J. 07932

Dated: 5 -1 -2017

Michael A. D'Antonio