THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*
rm@malagierelaw.com

250 MOONACHIE ROAD
SUITE 102
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

WHITEHALL BUILDING
17 BATTERY PLACE, STE., 610
NEW YORK, NY 10004
212.879.5580
212.879.5583

***REPLY TO NJ OFFICE**

*OF COUNSEL*

**Lawrence D. Mandel**
*Member NJ & PA Bar*

**Leonard E. Seaman**
*Member NJ Bar*
**les@malagierelaw.com**

**Vincent P. Trovini**
*Member NJ Bar*

April 12, 2017

**VIA ECF**
The Honorable Clair C. Cecchi, USDJ
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re: D'Antonio v. Passaic River Coalition, et al
       Civil Action No. .2:16-cv-00816-CCC

Dear Judge Cecchi:

  This office represents Defendant, Bergen County Sheriff's Department ("BCSD") in the above-captioned matter. Kindly accept this letter in lieu of a more formal reply brief in support of the BCSD's Motion to Dismiss Plaintiff's Complaint with Prejudice based upon the New Jersey Entire Controversy Doctrine.

  Oral argument is requested.

  Plaintiff's opposition to the BCSD's motion misses the point. It is irrefutable that Plaintiff's claims in the instant matter stem from the same transaction or series of transactions. As such, his claims against the BCSD are barred by the Entire Controversy Doctrine.

  Even in its earliest form the Entire Controversy Doctrine precludes Plaintiff from bringing this action. From its inception, the doctrine mandated joinder of claims arising from "the same overall transaction" involving the parties already named in the lawsuit. Crispin v.

Volkswagenwerk, A.G., 96 N.J. 336, 343-44 (1984).  The purposes of the doctrine are threefold: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay.  Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989).

> It is the core set of facts that provides the link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding.

Ditrolio v. Antiles, 142 N.J. 253, 267-68 (1995); See also Newmark v. Gimbel's, Inc., 54 N.J. 585, 600-01 (1969);  Applestein v. United Bd. & Carton Corp., 35 N.J. 343, 356 (1961); Vacca v. Stika, 21 N.J. 471, 476 (1956); Ajamian v. Schlanger, 14 N.J. 483, 488, cert. denied, 348 U.S. 835, 75 S. Ct. 58, 99 L. Ed. 659 (1954).

In  O'Shea v. Amoco Oil Co., 886 F.2d 584 (3d Cir.1989) the Third Circuit established the following test for application of the entire controversy doctrine: if parties or persons will, after final judgment is entered, be likely to have to engage in additional litigation to conclusively dispose of their respective bundles of rights and liabilities that derive from a single transaction or related series of transactions, the omitted components of the dispute or controversy must be regarded as constituting an element of one mandatory unit of litigation. Id. at 590-91.

Here, plaintiff is attempting to engage in additional litigation related to the respective bundles of rights and liabilities derived from the single transaction or related series of transactions vis-a-vis the loss of the subject property in foreclosure, its sale, and his resultant ejection from that property.  The BCSD was entitled to have all such claims resolved with finality in the action Plaintiff initiated in state court.  It should not be compelled to re-litigate those claims or litigate those claims that should have been brought in the previous action.

To the extent that Plaintiff now seeks to have this Court to review the propriety of the decision of Judge De La Cruz in the state court action, as this Court has already recognized, such an endeavor is prohibited by the <u>Rooker-Feldman</u> Doctrine.

For the foregoing reasons, it is respectfully submitted that the BCSD's motion should be granted, and Plaintiff's claims against the BCSD should be dismissed with prejudice.

                                                      Respectfully submitted.

                                                      /s/ Leonard E. Seaman
                                                    LEONARD E. SEAMAN

LES:ap
Cc:    Michael D'Antonio (via ECF)
        All Counsel (via ECF)
        Client (via email)