**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. D'ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF ALLENDALE, et al.,<br><br>Defendants. | Civil Action No.: 16-cv-816<br><br>**ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiff's motion for default judgment against Defendants Thomas Monahan and Louis Capazzi. (ECF No. 131). Plaintiff is proceeding pro se.

Plaintiff's original complaint was filed on February 10, 2016. (ECF No. 1). On August 2, 2016, at Plaintiff's request, the Clerk of Court entered default as to Monahan and Capazzi. (ECF No. 61). Plaintiff moved for default judgment as to these two defendants on August 3, 2016. (ECF No. 63). On February 21, 2017, the Court denied Plaintiff's motion because the Court lacked jurisdiction over Plaintiff's claims against Capazzi, and the complaint apparently contained no claims against Monahan. (ECF No. 80 at 23; ECF No. 81).

Plaintiff filed an amended complaint on March 8, 2017. (ECF No. 84). Summons was issued as to these Defendants on March 9, 2017. (ECF No. 85). Summons was returned executed as to Monahan (ECF No. 88), but Plaintiff has not filed proof of service as to Capazzi.

On April 11, 2017, Plaintiff filed a "Request for Leave of the Court to File Motion for Default Judgment" against Monahan and Capazzi. (ECF No. 101). On May 15, 2017, Magistrate Judge Clark ruled on this motion by endorsing Plaintiff's submission: "Plaintiff is granted leave

to file his request for an entry of default." (ECF No. 125). Plaintiff did not comply with this order—that is, he did not file a request for an entry of default. Instead, Plaintiff filed a new motion for default judgment as to Monahan and Capazzi. (ECF No. 131). The Clerk has not entered default as to Monahan or Capazzi for failure to respond to the amended complaint.

No default judgment may be entered "unless a default has previously been entered by the clerk under [Rule] 55(a). Thus, the entry of default is an essential predicate to any default judgment." DeTore v. Local No. 245 of the Jersey City Pub. Emps. Union, 511 F. Supp. 171, 176 (D.N.J. 1981); accord Basara v. CBRL Grp., Inc., No. 10-cv-1411, 2013 WL 3513873, at *2 (D.N.J. July 11, 2013). Here, Plaintiff cannot move for default judgment against Monahan and Capazzi unless and until Plaintiff requests entry of default as to these Defendants and the Clerk has granted the request. Plaintiff has not filed such a request with the Clerk since the amended complaint was filed. Therefore, the present motion for default judgment is improper at this time.

Accordingly, **IT IS**, on this 19 day of July, 2017,

**ORDERED** that Plaintiff's motion for default judgment (ECF No. 131) is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

CLAIRE C. CECCHI, U.S.D.J.

2