UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

---------------------------------------------------------x

MICHAEL D'ANTONIO

                                                                            **REVISED AMENDED COMPLAINT**

                Plaintiff,

   -against-                                                  2:16-cv-00816-CCC

                                                             Jury Trial: x Yes No

BOROUGH OF ALLENDALE, ET AL

                          Defendants.

---------------------------------------------------------x

This action is brought for civil rights violations pursuant to:

X 42 U.S.C. §§3601-3614;

X 42 U.S.C.A. §1983

X 28 USC § 1331

X Equal Protection Clause of the Fourteenth Amendment

X Due Process Clause of the Fourteenth Amendment

X  Title VII of the Civil Rights Act of 1964

**I. Parties in this Complaint:**

Plaintiff: Michael D'Antonio:

Defendants: Borough of Allendale; Stiles Thomas; David Pfund; David Bole; Mary McDonnell; Richard A. Epstein; Mark S. Carter; Bank of America(hereinafter, BOA); The Bergen County Sheriff's Department; John Albhom; and the Passaic River Coalition.

<u>**AS FOR A FIRST CAUSE OF ACTION**</u>

<u>**VIOLATION OF 42 USC §§ 3601-3614; THE FOURTEENTH AMENDMENT; AND 42 USC §1983**</u>

1. That from the period of about January, 1997, through March, 2014, (:hereinafter at all times relevant" plaintiff, Michael D'antonio, was a developer and owner of property located at 316 E. Allendale Avenue in the Borough of Allendale, County of Bergen, State of New Jersey and was involved in the business of buying, selling, remodeling, flipping homes, and sub-dividing any extra land for the purpose of building new homes, including affordable homes in the State of New Jersey. Moreover, during the period in question,

the plaintiff sought to build residential affordable homes on his property pursuant to the Fair Housing Act of 1988 in an effort to allow people with low incomes, including Afro-Americans and Latinos to live on his property.

2. That the defendants, the Borough of Allendale, knowingly, willingly and intentionally violated 42 U.S.C. §§ 3601-3614 and the Equal Protection Clause of the Fourteenth Amendment by repeatedly denying the plaintiff building permits after declaring his property non-conforming to its building code after it created various new zoning and use laws where his property was located which resulted in the plaintiff being unable to build five (5) affordable homes on his property causing several potential buyers of African, Latino and Native American descent to be denied affordable housing. Moreover, the defendants, the Borough of Allendale, increased its real estate taxes in 2002, from $7,200 to double this amount at $14,400 without just cause an without an approved budget for this increase being in effect. Furthermore, the defendants, the Borough of Allendale, failed to show any need in terms of the expenses for the operation of the town for this tax increase. Moreover, the Borough Of Allendale Spring 2017, newsletter, fails to include the school budget for this year; fails to note a definitive category for any interest earned for all cash on hand; fails to list the bank account statements from MBIA; and fails to note the surplus income received from over appropriation of the Borough of Allendale's tax dollars for the same year. Moreover, the finance Committee has determined that it was necessary to keep the Borough of Allendale's tax rate increase below two (2%) and budgeted $1,000,000 from its budget surplus for this year. This surplus allows the Borough of Allendale to obtain a favourable bond rating as well as keep an AAA rating which is not necessary as the Borough of Allendale has contracts which provides it with service for sewer and other problems without the need to pay any additional fees. Accordingly, the Borough of Allendale is continuing to hide funds in an effort to increase taxes so that affordable housing cannot be accomplished in its community.

3. That the plaintiff, Michael D'Antonio, advised the Borough of Allendale of the negative consequences its actions would have on potential buyers of African, Native American and Latino descent as well as on his financial and personal well being, but to no avail. Moreover, in 2005, the plaintiff's property was levied

with numerous ordinance violations even though the various prior owners of this property were never levied with such ordinance violations, and, the plaintiff's property was only levied with these ordinance violations after he filed for permits to build affordable housing on his property. Furthermore, the reason for the ordinance violations and the repeated denials of the plaintiff's requests for permits were baseless and were not designed to improve the quality of the property or the community, but were merely designed to prevent the building of affordable housing in the Borough of Allendale by the plaintiff. Accordingly, the defendants acted in concert and agreed to work together to violate the Fair Housing Act of 1988.

4. That in or about 2006, and 2007, the defendant, the Borough of Allendale, denied the plaintiff approval for 30 COAH units which included 6 affordable housing units, and, again resulted in potential buyers of African, Native American and Latino descent being denied affordable housing in the Borough of Allendale, a predominately Caucasian neighbourhood, and the right to live where they chose without just cause. Thus, violating the 1988 Fair Housing Act of 1988 and the Fair Housing Act of 1964 as well as the Equal Protection Clause of the US Constitution. Moreover, an independent auditor was caused to perform a proficiency report which determined that the defendants, the Borough of Allendale, double billed for services and supplies which was likely the reason for the increase in its taxes; that it had failed to keep a general ledger which would have noted the the operations of the town and any need for an increase in taxes; and that the budget entries and expense entries did not match the financial ledgers. Accordingly, these increases in taxes were fraudulent and pretext and only done to deny potential buyers of African, Native American and Latino descent access to purchase homes in the Borough of Allendale in violation of the Fair Housing Acts of 1988 as well as the Equal Protection Clause of the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964.

5. That the defendants, the Borough of Allendale, along with the defendants, David Bole, and Stiles Thomas, conspired together in violation of 42 U.S.C.A. §1983, the Fair Housing Act of 1988, and Title VII of the Civil rights Act of 1964, to deny potential buyers of African, Native American, and Latino descent access to affordable housing in their community in that they diverted a tributary of Saddle

River, NJ, which is approximately ten minutes away from the Borough of Allendale, and create an eighteen (18) acre lake on the plaintiff's property causing the plaintiff's property which was intended to be used for affordable housing in accordance with the Fair Housing Act of 1988, to be designated wetlands and, therefore, not accessible for affordable housing. Moreover, the other property owners in this area were permitted to remain on their properties while the plaintiff, who wanted to build affordable housing, was not. Furthermore, the defendants, the Borough of Allendale falsified several zoning and use violations for the plaintiff's property in spite of the fact that prior owners of this property never received any zoning or use violations. As a result, the plaintiff suffered serious financial loss which may be permanent in nature.

7. That defendant, Thomas Stiles, sent a fraudulent photo of a barred owl claiming that it was located on the plaintiff's property in an effort to have this property declared the habitation of an endangered species and to deny affordable housing to buyers of African, Native American, and Latino descent in violation of the Fair Housing Act of 1988, Title VII of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment.

8. That all defendants had an obligation to ensure that affordable housing was available in their community and to ensure that the civil rights of potential buyers of African, Native American, and Latino descent were not denied by illegal and improper acts, including, regarding the unlawful sale , taking, and failure to provide proper notice to the plaintiff regarding the taking and sale of his property plaintiff's property which he intended to develop for affordable housing in accordance with the Fair Housing Act of 1988 and Title VII of the Civil Rights Act of 1964.

9. That had defendants, allowed the plaintiff to properly develop his land and designate a portion of it for affordable housing, many buyers of African, Native American, and Latino descent would have been permitted to buy affordable homes in and to live in the Borough of Allendale which is currently over eighty (80) percent Caucasian.

10. That the actions of Stiles Thomas, David Bole, John Adholm, the Passaic River Coalition, and the

    Borough of Allendale also prevented another developer, Jack Levin, from developing an additional 34 lots in an area near the plaintiff's which had previously been approved by the Borough of Allendale Planning Board which resulted in a portion of the plaintiff's property being flooded and ultimately, declared wetland as the runoff of water from Mr. Levin's property due to incomplete storm water drainage. Such actions violated 42 U.S.C.A. §1983, the Fair Housing Act of 1988, and Title VII of the Civil Rights Act of 1964.

11. That the defendants, the Borough of Allendale, 2007, financial records, particularly, its annual budget failed to be in compliance with the Municipal Government Accounting Regulations which created a discrepancy in the amount of surplus noted and dictated that there was no need to raise taxes other than to prevent buyers of African, Native American and Latino descent from purchasing affordable homes in this majority Caucasian community of Allendale of which the plaintiff intended to build on his property.

12. That there was an appropriation of taxes in the amount of $500,000 for the Fire Department in the Borough of Allendale even though after five years the appropriation totaled $2.5 million and the residents have yet to receive a new fire garage. Accordingly, the borough of Allendale, misstated its financial obligations in an effort to prevent the plaintiff from building affordable housing in its community.

13. That the defendant, the Borough of Allendale, apparently had a budget appropriation of $37 million in 2007, even though it had a bank statement of $76 million for the same year. Accordingly, the defendant, the Borough of Allendale, had more than enough funds to build affordable housing.

14. That in 2012, the plaintiff's property was foreclosed on in an effort to prevent the plaintiff from building affordable housing on his property and to prevent potential buyers of African, Native American and Latino descent from purchasing homes in its community. Moreover, the foreclosure occurred without the plaintiff receiving proper and legal notice from the defendants, the Borough of Allendale, the BOA and the Bergen County Sheriff's Department. Moreover, John Adholm acted

  in concert with the Borough of Allendale, BOA and the Bergen County Sheriff's Department by denying the plaintiff the proper notice regarding the sale of his property and giving Mr. John Adholm the right of first refusal to purchase a large portion of the plaintiff's property even though the plaintiff was not provided with prior notice of this right of first refusal to purchase his property or of the intent to sell his property.

15. That as a direct and proximate cause, willful disregard, neglect and carelessness of the defendants, the plaintiff was denied the ability to build affordable housing in the Borough of Allendale in violation of the Fair Housing Act of 1988, the Due Process Clause of the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, and the Equal Protection Clauses of the Fourteenth Amendment.

  16. That this claim is made, presented and brought pursuant to 42 USC § 3601-3614, based on the fact that the defendants purposefully, willingly, and intentionally denied the plaintiff ability to build affordable housing on his property in the Borough of Allendale in an effort to deny housing to buyers of African, Native American and Latino descent; 42 U.S.C.A.§ 1983 in that the defendants conspired together to violate the Fair Housing Act of 1988, by denying the plaintiff the ability to build affordable housing on his property, thus, denying buyers of African, Native American; and Latino descent from moving into the Borough of Allendale, a predominantly Caucasian neighbourhood, on the basis of their race and national origin; the Due Process and Equal Protection Clauses Fourteenth Amendment to the US Constitution in that the defendants repeatedly denied the plaintiff permits to build affordable housing on his property without just cause, thereby denying buyers of African, Native American, and Latino descent equal protection pursuant to federal law by denying them the right to live where they chose based on their race and national origin; and by denying the plaintiff due process by failing to timely and properly advise the plaintiff of the foreclosure on his home, and by failing to provide the plaintiff with a hearing prior to the taking of his home; Title VII of the Civil Rights Act of 1964, based on the defendants' intentional actions which were designed to deny affordable housing and the right to chose where to live to buyers of African, Native American, and Latino descent; and 28 USC § 1331 as

this action is based on claims of violations of the US Constitution and treatises of the United States.

17. That as a result of the negligence, willful disregard, and the intentional illegal actions of these defendants, the potential buyers were denied their civil rights pursuant to the Fair Housing Act of 1988, Title VII of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment all while also denying the plaintiff his civil rights pursuant to the Due Process Clause of the Fourteenth Amendment.

18. That as a result of the defendants' illegal actions, the plaintiff did suffer, and will likely continue to suffer serious economical and emotional damage, which may be permanent in nature.

19. That the plaintiff advised the defendants that their actions were illegal and in violation of federal law, but to no avail.

20. That at all times relevant, the plaintiff was a resident and citizen of the State of New Jersey, and a legal developer and duly authorized to build affordable housing in the Borough of Allendale, County of Bergen, and State of New Jersey.

22. That at all times relevant, defendants, were obligated pursuant to the Fair Housing Act of 1988, Title VII of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment to allow for the building of affordable housing and for non Caucasians to purchase homes in the Borough of Allendale in compliance with these federal laws.

23. That defendants, willfully, knowingly, and intentionally failed to comply with federal law pursuant to the Due Process Clause of the Fourteenth Amendment to the detriment of the plaintiff and the potential buyers of the affordable homes the plaintiff sought to build in the Borough of Allendale who are of African, Native American and Latino descent in that the plaintiff was denied the right to remain on his property in spite of a NJ State court judge so directing; illegally preventing the plaintiff from obtaining the deed for the plaintiff's property from the Bergen County Sheriff's Office by altering bank documents; and by failing to provide the plaintiff with proper and timely notice of the bergen County Sheriff's sale of his property without just cause and in an effort to violate the Fair Housing Act of 1988,

Title VII of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment.

24. That as a result of the actions of the defendants, their staff and affiliates actions in their failure to properly adhere to the laws of the land, the plaintiff lost his business and his property without just cause and was denied Due Process in accordance with the Fourteenth Amendment. Moreover, potential buyers of African, Native American and Latino descent were denied their right to live were they choose and to purchase affordable housing in the Borough of Allendale.

25. That defendants, the Borough of Allendale, and Stiles Thomas, caused the water runoff from another developer's property to run off unto the plaintiff's property as this developer was prevented from developing an additional 34 lots which had previously been approved by the Borough of Allendale's Planning Board and which resulted in a large portion of the plaintiff's property flooding and being declared wetlands. Such actions violated the Equal Protection Clause of the Fourteenth Amendment as well as title VII of the Civil Rights Act of 1964, The Fair Housing Act of 1988, and 42 U.S.C.A.§ 1983 in that the defendants conspired together to violate the Fair Housing Act of 1988 by denying the plaintiff the ability to build affordable housing on his property, thus, denying buyers of African, Native American; and Latino descent from moving into the Borough of Allendale also in violation of their civil rights.

26. That the defendants, David Bole, John Adholm, David Pfund, BOA, and Mary McDonnell, all failed to properly follow the procedures regarding NJ In Rem Tax Law and failed to advertise the plaintiff's property which resulted in his property being illegally sold to the highest bidder of their choosing and in violation of the Fair Housing Act of 1988, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and 42 USC §1983 as these defendants were aware that their actions would deny affordable housing to buyers of African, Native American, and Latino descent; would deny the plaintiff proper notice; and would cause the plaintiff to lose his property and cause him financial and emotional damage. Moreover, the defendant, Borough of Allendale, falsely stated that the portion of the

plaintiff's property which was designated as wetlands was owned by the Passiac River Coalition instead of the Borough of Allendale, and only displaced the plaintiff from his property while allowing the other property owners on the same land/lot to remain on their land as they were not seeking to build affordable housing on their property.

27. That at all times relevant, defendants were in a position or had the authority to influence the obtaining of building permits to developer's in the Borough of Allendale.

28. That at all times relevant, the plaintiff, made various attempts to obtain permits to build affordable housing on his property in the Borough of Allendale.

29. That the plaintiff was not properly nor timely notified of the Sherriff's sale of his property in 2013, causing the plaintiff to loose his property, and preventing the plaintiff from building affordable housing on his property in the Borough of Allendale in violation of the Fair Housing Act of 1988, the Equal Protection and Due Process Clauses of the Fourteenth Amendment as well as Title VII of the Civil Rights Act of 1964, and 42 USC §1983.

30. That all of the defendants knew or should have known that their actions violated federal law and that it would cause financial harm to the plaintiff as well as to another developer in the area, Jack Levin.

31. That at all times relevant, the plaintiff was a resident of the County of Bergen, and of the State of New Jersey.

32. That at all times relevant, the defendants, Stiles Thomas, Mary McDonnell, David Dole, and David Pfund, were all residents of the County of Bergen and the State of New Jersey.

33. That at all times relevant, the defendants, BOA, and the Passaic River Coalition were duly licensed to conduct business in the County of Bergen and State of New Jersey, and were residents of the State of New Jersey.

34. That at all times relevant, the defendants the Borough of Allendale, was a municipality in the County of Bergen and the State of New Jersey.

## AS FOR THE SECOND CAUSE OF ACTION WILLFUL MISCONDUCT

35. That the plaintiffs repeat and realleges every allegation set forth above as though more fully set forth herein.

36. That defendants, caused the plaintiff to be denied his Due Process rights in violation of the Fourteenth Amendment in that they all acted in concert to illegally deny the plaintiff permits to build affordable housing on his property without just cause; to deny the plaintiff timely and proper notice regarding the Sheriff's sale of his property without just cause and in violation of the Due Process Clause of the Fourteenth Amendment; and to provide the plaintiff with proper notice regarding the foreclosure on his property.

37. That such failure to follow the laws of this land resulted in the plaintiff failing to receive the required notice regarding the foreclosure and sale of his property which resulted in the unlawful sale of the plaintiff's property in violation of the Due Process Clause of the Fourteenth Amendment and .

38. That defendants, knowingly, willfully and intentionally failed to provide the plaintiff with proper notice regarding the foreclosure and sale of his property and knowingly and willfully violated the Due Process Clause of the Fourteenth Amendment while acting in concert to violate the Fair Housing Act of 1988, the Equal Protection Clause of the Fourteenth Amendment, and Title VII of the Civil Rights Act of 1964.

39. That the willful and intentional actions of the defendants violated the Due Process Clause of the Fourteenth Amendment as well as 42 USC §1983 the plaintiff his Due Process rights with the intention of denying potential buyers of African, Native American, and Latino descent the right to purchase homes in the Borough of Allendale in violation of the Fair Housing Act of 1988, Title VII of the Civil rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment.

40. That such actions by the defendants caused the plaintiff to suffer serious economical and emotional damage which may be permanent in nature.

41. That the defendants have failed to offer any legal explanation for their violations of the plaintiff's Due Process rights.

42. That the defendants actions were designed to prevent the plaintiff from building affordable housing on his property and violated federal law.

43. That as a direct and proximate cause of the defendants failure to provide the plaintiff with proper notice regarding the taking and selling of his property, the plaintiff was denied his right to fair notice and an opportunity to keep his property and use it as he intended, to build affordable homes.

44. That the defendants' also failed to consider the fact that the plaintiff was entitled to fair notice pursuant to the Due Process Clause of the Fourteenth Amendment or that their actions would result in the plaintiff losing his property and his home.

45. That defendants failed to properly inform and provide the plaintiff with proper notice regarding the foreclosure and sale of his property prior to foreclosing on and selling his home in violation of the Due Process Clause of the Fourteenth Amendment.

46. That defendants actions resulted in the plaintiff being denied his civil rights which constitutes a violation of the fourteenth Amendment.

47. That as a direct and proximate result of the defendants' willfulness, intent, carelessness, omission and willful disregard, the plaintiff suffered serious financial and economical harm which may be permanent in nature.

48. That none of the defendants have compensated the plaintiff for his loss and the plaintiff's claims remain unsatisfied.

49. That a a direct and proximate result of the intentional, careless, reckless, willful, and understanding of the defendants, the plaintiff has suffered pecuniary as well as other injuries, including, but not limited to, emotional harm, financial harm, displacement, and the loss of his business.

50. That as a direct and proximate cause of the actions of the defendants, the plaintiff was caused to live in great emotional and financial harm.

51. That by reason of the foregoing, the plaintiff sustained serious emotional injuries due to the loss of his property and business in an amount in excess of the monetary jurisdictional limits of any

administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action against these defendants.

52. That while the plaintiff's property was being emptied, the plaintiff was denied access to his property, thus, making it impossible for him to know whether all of his personal property was taken out of his home and again violating his Due Process rights as some of the property taken from the plaintiff's home were taken without notice; were never returned; were taken without consent; and had great monetary value.

53. That the acts of the defendants have been so egregious and outrageous that punitive damages are due up to and including attorneys' fees.

54. That the plaintiff made every effort to legally obtain the necessary permits to build on his property, to retain his property he intended to use to build affordable housing, and to become aware of the sale of his property, but his efforts were illegally denied by the defendants who acted in concert to deny the plaintiff his Due Process rights, and to deny potential buyers of African, Native American, and Latino descent, Equal Protection under the law.

55.  That this Court has jurisdiction pursuant to 28 USC § 1331as this action is based on claims arising under the US Constitution and treaties of the United States.

**WHEREFORE**, Plaintiff demands actual and punitive judgment against the defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all administrative courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of the initial incident.

Dated: New York, New York
November 10, 2017

                        Yours, etc.,

                        /s/ Antoinette M. Wooten, Esq. AW0814
                        235 Arlington Avenue

Brooklyn, New York 11207