THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br>_____<br>**Matthew E. Gilson**<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 100<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>**Lawrence D. Mandel**<br>*Member NJ & PA Bar*<br>**Leonard E. Seaman**<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4180
Writer's e-mail:  les@malagierelaw.com

January 16, 2018

**VIA ECF**
The Honorable Claire C. Cecchi, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re: D'Antonio v. Borough of Allendale, et al.
       Civil Action No.:  2:16-cv-816 (CCC)(JBC)

Dear Judge Cecchi:

  This office represents the Defendant, Bergen County Sheriff's Department ("BCSD"), in the above-captioned matter.  Kindly accept this letter in lieu of a more formal reply brief on behalf of the BCSD in support of its motion to dismiss Plaintiff's Corrected Second Amended Complaint. (Dkt. #178)

## **PROCEEDURAL HISTORY**

  The BCSD filed its motion to dismiss Corrected Second Amended Complaint (the "CSAC") on December 11, 2017 with a return date of today, January 16, 2018.  Plaintiff sought an extension of time to file an omnibus opposition to the BCSD's motion along opposition to motions by other defendants.  (Dkt. #181)  The Court granted Plaintiff's request.  (Dkt. #186)  Plaintiff submitted his final version of that opposition on January 10, 2018.  (Dkt. #190)

It is presumed the extension afforded Plaintiff included a concomitant extension of the return date of the motions along with an extension of the BCSD's time to submit its reply brief. For the foregoing, reasons, this reply brief has been submitted in a timely fashion.

## LEGAL ARGUMENT

### I. THE CONCLUSORY ALLEGATIONS IN THE CORRECTED SECOND AMENDED COMPLAINT OF "ACTING IN CONCERT" FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's opposition generally asserts that defendants acted in concert to deny him the opportunity to develop the property in question which, in turn, denied unidentified minorities the change to purchase housing in a purported violation of their civil rights. At best, Plaintiff's conclusory allegations attempt to set forth a claim under 42 U.S.C. §1985(3) which provides that:

> If two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. §1985(3). To state a claim under 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798-99, 29 L. Ed. 2d 338, 348 (1971).

However, in this instance, Plaintiff's bare assertions of "acting in concert" are conclusions that, "much like the pleading of a conspiracy in Twombly, amount[] to nothing more

than a 'formulaic recitation of the elements'" of a civil conspiracy claim" which are insufficient to survive the instant motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929, 940 (2007)). Plaintiff's bare assertions fail to meet the standard required to overcome the BCSD's motion to dismiss. The allegations of conspiracy (or "acting in concert") have not been sufficiently established so as to state a claim for which relief may be granted. For that reason, the CSAC must be dismissed.

### II. PLAINTIFF'S ALLEGATIONS AGAINST THE BCSD FAIL TO MEET THE MONELL STANDARD FOR §1983 CLAIMS AGAINST PUBLIC OFFICIALS

Plaintiff has failed to assert any substantive opposition to any of legal arguments asserted by the BCSC relying instead on a re-recitation of the basic facts of the CSAC. Plaintiff has failed to demonstrate how the CSAC's allegations against the BCSD meet the standard established in Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).

The CSAC does not allege that the BCSD implemented or executed "a policy statement, ordinance, regulation, or decision officially adopted and promulgated [its] officers" (Monell, 436 U.S. at 690, 98 S. Ct. at 2036, 56 L.Ed.2d at 635) to deny Plaintiff his civil rights. In the absence of such an allegation, the CSAC fails to state a claim for entity liability under 42 U.S.C. § 1983 as to the BCSD and therefore should be dismissed.

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT THE NEW JERSEY ENTIRE CONTROVERSY DOCTRINE

Plaintiff has not offered any opposition to the BCSD's assertion that his claims against the BCSD are also barred by New Jersey's entire controversy doctrine which "requires

adversaries to join all possible claims stemming from an event or series of events in one suit." Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 135 (3d Cir. 1999); In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008). Plaintiff has fully and fairly litigated his claims against the BCSD in the action entitled D'Antonio v. Retained Realty, et al., Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-4562-15 and is currently appealing the dismissal with prejudice of his claims in that action. (D'Antonio v. Retained Realty, Superior Court of New Jersey, Appellate Division, Docket No. A-11-17T4). The entire controversy doctrine precludes him from bring his claims against the BCSD in this action.

## CONCLUSION

For the foregoing reasons, the BCSD's motion to dismiss the CSAC should be granted.

Respectfully submitted,

s/Leonard E. Seaman
LEONARD SEAMAN

LES:me

Cc: All counsel (via ECF)
Client (via e-mail)