# THE WOOTEN LEGAL CONSULTING, PC

*Counselors at Law*

*Attorneys at Law*

235 ARLINGTON AVENUE

BROOKLYN, NY 11207

TELEPHONE: (917) 722-9384

ALTERNATE TELEPHONE: 917-484-3813

ANTOINETTE M. WOOTEN**

F. RICHARD HURLEY*         WWW.THE-WOOTEN-LEGAL-CONSULTING-PC.NET         OTHER OFFICES:

 (OF COUNSEL)                                                              WEST ORANGE, NEW JERSEY

Honourable Claire C. Ceechi,                                January 16th, 2018

Judge, US District Court

District of New Jersey

Newark, NJ 08608

Re: Michael A. D'Antonio v. Borough of Allendale et al, 2:16-cv-00816- (CCC)

Dear Judge Ceechi:

    As you are ware, this firm represents the plaintiff in the above-referenced action, and I am the attorney of record  for the plaintiff for this matter.

    I am writing in response to the defendants, Bergen County Sheriff's Department's reply to the plaintiff's Omnibus opposition to the remaining defendants' motions to dismiss. Although the defendants, Bergen County Sheriff's Department claim that the plaintiff's omnibus opposition to the defendants' motions to dismiss the plaintiff's Second Amended Complaint does not adequately address the issue of conspiracy on the basis that the opposition only generally asserts that the defendants acted in concert. However, the plaintiff's opposition notes that the defendants acted in

concert to deny the Equal Protection rights guaranteed in the Fourteenth Amendment and the Fair Housing rights guaranteed in the Fair Housing Act of buyers of African, Latino, and Native American descent. Moreover, the plaintiff's opposition notes that these remaining defendants acted in concert by failing to follow the proper procedures for foreclosures; NJ In Rem Tax Laws; failing to properly carry out the Full Writ of Possession; failing to properly notify the plaintiff regarding the sale and foreclosure on the property he intended to use to build affordable housing; by submitting false property transfer cards which allowed the land where the plaintiff intended to build affordable housing to be sold to the highest bidder without the plaintiff being notified. Furthermore, the plaintiff's opposition notes that the remaining defendants acted in concert inexplicably rescinded a permit granted to another developer who owned property adjacent to the land where the plaintiff intended to build affordable housing; provided false information regarding an endangered species with the specific intent to cause the land where the plaintiff intended to build affordable housing to be declared a land not appropriate for building homes; defendants acted in concert by repeatedly enacting vague laws regarding the zoning and use laws in relation to the property where the plaintiff intended to build affordable housing, lived, and conducted his business, thus, making it virtually impossible for potential buyers of African, Latino and Native American descent to purchase homes in the borough of Allendale which laws were only created only to have an affect on the property which the plaintiff intended to use to build these affordable homes; that the defendants acted in concert by improperly and illegally increasing the property taxes in the Borough of Allendale for the purpose of making it impossible for buyers of African, Latino, and Native American descent to buy homes in the Boroughof Allendale in violation of the Equal Protection Clause of the Fourteenth Amendment and the Fair Housing Act.

Please also note that the plaintiff's omnibus opposition notes that the remaining defendants acted in concert in that they denied his requests for permits; improperly claimed that the land where the plaintiff intended to build affordable housing failed to meet the codes of the Borough of Allendale;

his COAH applications; never declared the property where the plaintiff intended to build affordable housing non conforming to any codes until the plaintiff began applying for permits to build affordable homes on the property located at 316 East Allendale Avenue in the Borough of Allendale, County of Bergen, State of New Jersey; that these actions violated the plaintiff's Fourteenth Amendment Due Process rights and the Equal Protection and Fair Housing Act rights of buyers of African, Latino, and Native American descent. Moreover, the omnibus oppositions notes that the remaining defendants concerted actions were intended to cause harm to buyers of African, Latino, and Native American descent; their actions were systemic; dictated a pattern and practice of discrimination against buyers of African, Latino, and Native American descent; that the plaintiff's claims are based on violations of the US Constitution and federal statues and treatises; that these defendants denied the plaintiff his liberty without Due Process of law and committed fraud in their capacities as fiduciaries, administrators, local law enforcement officers, environmentalist, legislatures, and business owners; diverting a tributary on land in a town nearby where the land where the plaintiff intended to use to build affordable housing was located which resulted in an eighteen acre lake being placed on the property where the plaintiff intended to use to build affordable housing; failed to properly levy the property where the plaintiff intended to build affordable housing; and that all of these as well as many other actions of the remaining defendants were merely designed to prevent African Americans, Latinos, and Native Americans from living in the Borough of Allendale in violation of the Fair Housing Act and the Equal Protection Clause of the Fourteenth Amendment, and to stop the plaintiff from building affordable housing in the Borough of Allendale. In other words, to keep the Borough of Allendale mainly Caucasian.

    Plaintiff further notes in his omnibus opposition that the remaining defendants caused the land where the plaintiff intended to build affordable housing to be flooded and to be declared wetlands; (t)herefore, making this property inaccessible to build affordable housing and, therefore, making it nearly impossible for African Americans, Latinos, and Native Americans to live in the Borough of

Allendale as no affordable housing exists or existed while the plaintiff was repeatedly applying for permits to build such homes in the Borough of Allendale and Allendale remains over eighty (80) percent Caucasian; the remaining defendants acted in concert in ensuring that affordable housing would not be built in the Borough of Allendale by claiming that a large portion of the property which the plaintiff intended to use to build affordable housing on was owned by the Passiac River Coalition this land is actually owned by the Borough of Allendale, thus, committing fraud and causing the plaintiff damage and causing him to rely on this claim to his detriment; all defendants were aware of the fact that the plaintiff intended to build affordable housing on his property; that the denial of this building would violate the Fair Housing Act and the Equal Protection Clause of the Fourteenth Amendment; and that the plaintiff's Due Process rights pursuant to the Due Process Clause of the Fourteenth Amendment would be denied if the proper procedures for foreclosures notice were not followed regarding the foreclosure of the property the plaintiff intended to use to build affordable housing; and the sale of the and adjacent to land where the plaintiff intended to build affordable and to intentionally and purposefully misrepresent the facts regarding the identity of the actual buyer of this land which prevented the plaintiff from purchasing the surplus of this land. Thus, all of the remaining defendants are liable for violating the Fair Housing Act, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment. This omnibus opposition also notes that the remaining defendants acted in concert to keep the Borough of Allendale at least over eighty (50) percent Caucasian; to deny buyers of African, Latino, and Native American descent their civil rights provided by the Fair Housing Act and the Equal Protection Clause of the Fourteenth Amendment; that the plaintiff lost his home, income, business, and that the buyers of African, Latino, and Native American descent were denied their right to live where they choose, thus, they were denied housing; that the defendants illegally and improperly raised the property taxes in the borough of Allendale; improperly and illegally denied the plaintiff his requests for permits and his COAH applications; falsified property transfer cards which prevented the plaintiff from purchasing the surplus

land which he would have used to build affordable housing; falsified information regarding the existence of an endangered species on the land where the plaintiff intended to build affordable housing; failed to follow the proper procedures for foreclosures and sales in the State of New Jersey; failed to follow the proper procedures regarding New Jersey In Rem Tax Laws; failed to give the plaintiff a hearing and notice before possessing, and, later selling the land where he intended to build affordable housing; and that these actions were all done by the remaining defendants jointly or in the furtherance of other acts to deny buyers of African, Latino, and Native American descent housing in the Borough of Allendale, County of Bergen, State of New Jersey in violation of the Fair Housing Act and the Equal Protection Clause of the Fourteenth Amendment. Accordingly, the plaintiff's omnibus opposition states a claim of conspiracy. See, plaintiff's Omnibus opposition pages 5-40, annexed hereto as Exhibit A.

It is therefore, plaintiff's request that all of the remaining defendants, including, the Bergen County Sheriff's Department's motions for dismissal be denied as the plaintiff has stated claims upon which relief may be granted against all of the remaining defendants; the plaintiff has made a plain and short statement regarding the basis for his claims, including his claim of conspiracy; the plaintiff has established standing to sue; and the plaintiff has established that this Court has subject matter jurisdiction.

Plaintiff would also note that the remaining defendants have yet to show that under Rule 12(b) no genuine dispute exist with regard to material facts in this case at bar; that the remaining defendants have also failed to controvert the plaintiff's allegations in his Second Amended Complaint in their replies, thus, this Court should accept the allegations in the plaintiff's Second Amended Complaint as factual. See, Swiekierwicz, v. Sorena, N.A., 534 US 506, 512 (2002).

Respectfully submitted,

s/s Antoinette M. Wooten, Esq.