# THE WOOTEN LEGAL CONSULTING, PC

*Counselors at Law*

*Attorneys at Law*

235 ARLINGTON AVENUE

BROOKLYN, NY 11207

TELEPHONE: (917) 722-9384

ALTERNATE TELEPHONE: 917-484-3813

ANTOINETTE M. WOOTEN**

F. RICHARD HURLEY*          WWW.THE-WOOTEN-LEGAL-CONSULTING-PC.NET          OTHER OFFICES:

 (OF COUNSEL)                                                                WEST ORANGE, NEW JERSEY

Honourable Claire C. Ceechi,                                    January 17th, 2018

Judge, US District Court

District of New Jersey

Newark, NJ 08608

Re: Michael A. D'Antonio v. Borough of Allendale et al, 2:16-cv-00816- (CCC)

Dear Judge Ceechi:

    As you are ware, this firm represents the plaintiff in the above-referenced action, and I am the attorney of record  for the plaintiff for this matter.

    I am writing in response to the defendants, Bergen County Sheriff's Department's reply to the plaintiff's Omnibus opposition to the remaining defendants' motions to dismiss. Although the Federal Rules of Civil Procedure do not allow surreplies to pleadings, the Rules do permit the filing of Motions, Oppositions, and replies to oppositions. See,  Moreover, Federal Rules of Civil Procedure 7.1, which counsel for the defendants, Bergen County Sheriff's Department refers to in his most recent correspondence to this court states " (a) Pleadings. Only these pleadings are allowed:

(1) a complaint;

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;

(5) a third-party complaint;

(6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer.

(b) Motions and Other Papers.


(b) Motions and Other Papers.

(1) *In General.* A request for a court order must be made by motion. The motion must:

(A) be in writing unless made during a hearing or trial;

(B) state with particularity the grounds for seeking the order; and

(C) state the relief sought.

> (2) *Form.* The rules governing captions and other matters of form in pleadings apply to motions and other papers."

Furthermore, as the defendants, Bergen County Sheriff's Department raised a new issue regarding conspiracy, Entire Controversy Doctrine of the State of New Jersey, and the Monell standard for 1983 claims. Accordingly, the plaintiff should be permitted to file a reply as a matter of law and justice in reply to all of these new issues raised in the defendants, Bergen County Sheriff's Department's reply to the plaintiff's opposition. See, St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics Co., 12-69-LPS(D. Del. 2013). See, also, Lewis v. Rumsfeld, 154 F. Supp. 2D 56, 61(DDC 2001).

Plaintiff would also again note that the remaining defendants have yet to show that under Rule 12(b) no genuine dispute exist with regard to material facts in this case at bar; that the remaining defendants have also failed to controvert the plaintiff's allegations in his Second Amended Complaint in their replies, thus, this Court should accept the allegations in the plaintiff's Second Amended Complaint as factual. See, Swiekierwicz, v. Sorena, N.A., 534 US 506, 512 (2002).

Respectfully submitted,

s/s Antoinette M. Wooten, Esq.