# PFUND MCDONNELL, P.C.
## ATTORNEYS AT LAW

DAVID T. PFUND #
MARY C. MCDONNELL #
GERALD A. SHEPARD

# ALSO MEMBER OF NEW YORK BAR

139 PROSPECT STREET
SECOND FLOOR
RIDGEWOOD, NEW JERSEY
07450

————

Tel: (201)857-5040
Fax: (201) 857-5041
www.pfundmcdonnell.com

MORRIS COUNTY OFFICE
2001 US Hwy 46
Suite 104
Parsippany, NJ 07054

NEW YORK OFFICE
170 Old Country Road
Suite 608
Mineola, NY 11501

January 18, 2018

***Via Electronic Court Filing***

The Honorable Claire C. Cecchi, U.S.D.J.
United States District Court of New Jersey
Martin Luther King Building
50 Walnut Street
Newark, New Jersey 07101

        Re:  **D'Antonio v. Borough of Allendale et al.**
             **Civil Action No. 2:2016-cv-00816 (CCC)(JBC)**

Dear Judge Cecchi:

        This office represents Defendants Borough of Allendale, Stiles Thomas, David Bole, Esq., David Pfund, Esq. and Mary McDonnell, Esq., ("the Allendale defendants") in the above referenced matter. Please accept this letter brief in lieu of a more formal brief in reply to plaintiff's opposition to our motion to dismiss Plaintiff's Revised Second Amended Complaint.

### PRELIMINARY STATEMENT

        As submitted at length in the Allendale defendants' Motion to Dismiss, Plaintiff has failed to set forth any valid claims

1

in which relief can be granted and Defendants' motion to dismiss should be granted in its entirety. Plaintiff's opposition papers fail to address any of the legal arguments set forth in defendants' moving papers.

Specifically, Plaintiff has failed to cure his lack of standing, the Court's jurisdiction over state law claims, the Rooker-Feldman Doctrine, the litigation privilege, the statute of limitations defense, res judicata and a host of other defenses. Plaintiff's Revised Amended Complaint must be dismissed with prejudice as a matter of law.

### THE ALLENDALE DEFENDANTS

The individual Allendale defendants have had very limited involvement with the plaintiff as set forth below:

**The Borough of Allendale** – Although plaintiff resided in Allendale, he was never a property owner and any denial of permits, COAH applications, land use decisions or foreclosure proceedings involved a corporate entity, Calm Development, and not the named plaintiff herein. Plaintiff lacks standing to sue the Borough of Allendale. Additionally, the claims asserted are time barred, the claims have previously been adjudicated and plaintiff cannot maintain any claims against the Borough as a matter of law.

**Stiles Thomas** is a long time resident of Allendale and served as the Borough's Marsh Warden from 1989 to 2010. He was

2

not involved in any housing decision by the Borough or by COAH.
Calm Development filed multiple claims against him which were
adjudicated in his favor in state court. Thomas had never met
defendants Pfund and McDonnell, until they defended him in
litigation filed by Calm Development in 2009 (see Exhibit 14
attached to original motion papers).  Furthermore, plaintiff's
claims that defendant Thomas "falsely submitted photos of a
barred owl" were dismissed in State Court in 2005 (Exhibit 9
attached to original motion papers) and in 2010 (Exhibit 21
attached to original motion papers).

**David Bole, Esq.**, served as Borough Attorney for the
Borough of Allendale from 1990 to 2014.  He was not involved in
any decisions on affordable housing (COAH decisions), any land
use decisions, any foreclosure (neither the In rem foreclosure
nor the foreclosure of the Calm Development owned property), was
not involved in the issuance of any permits, has no role
whatsoever with respect to the Fair Housing Act and had never
met defendants David Pfund and Mary McDonnell until they
defended the lawsuit filed by Calm Development in 2009 (see
Exhibit 14 attached to original motion papers). Plaintiff lacks
standing to sue defendant Bole, and any claims against him are
barred by the statute of limitations, and the litigation
privilege as well as the other defenses set forth in our
original proceedings.

**David Pfund, Esq. and Mary McDonnell, Esq.,** are law partners who were assigned to defend the Borough of Allendale by the Municipal Excess Joint Insurance Fund in litigation filed by Calm Development against the Borough of Allendale. Prior to that time, neither Pfund nor McDonnell had ever met any of the other named defendants or the named plaintiff in this action. They had no role whatsoever in any land use decision, issuance of any permit, denial of any COAH application, foreclosure proceeding and certainly do not have any authority with respect to the Fair Housing Act. Further, any actions taken in the defense of the Borough of Allendale are protected by the litigation privilege. Plaintiff D'Antonio has no standing to sue Pfund or McDonnell any of the Allendale defendants.

Plaintiff's allegations stem from a host of unrelated events and unrelated parties spanning the course of over a decade. Plaintiff's attempt to lump any defendant involved in any perceived wrong is unsupported by any facts and clearly demonstrates personal vendettas against the various named defendants. There is no relationship to the named parties or to the individual allegations. In addition, Plaintiff's Amended complaint does not cure any of the issues raised by defendants and by the Court regarding plaintiff's lack of standing, res judicata, collateral estoppel, statute of limitations, Rooker Feldman and all of the other issues raised in defendants moving

4

papers. As a result, plaintiff fails to state a claim for which relief can be granted.

## CHRONOLOGY OF EVENTS

In an effort to clarify the arguments related to this motion, below is a brief time line of some the unrelated incidents which give rise to plaintiff's allegations as set forth in his opposition papers:

- **Zoning Violations**: Calm Development, the owner of the property, was issued Zoning Violations beginning some time in to 2001. These violations continued for many years, and numerous fines were instituted against Calm Development (Exhibit "1" attached to original motion papers)

- **COAH**: Calm Development filed a complaint alleging that the Calm Development property would be "particularly suitable" for lower and/or moderate income housing. By Order dated March 19, 2003, Judge Harris transferred the matter to the New Jersey Council on Affordable Housing ("COAH") (Exhibit "3" attached to original motion papers). Mediation followed and plaintiff was unsuccessful as to its grievances. COAH granted third round certification to Allendale and determined that no comments by Calm Development altered its compliance report. Plaintiff had 45 days to appeal and did not do so. On October 1, 2003, COAH issued a Resolution granting second

5

round substantive certification to Allendale. Calm Development objected to this certification.

- **Barred Owl issue as to Defendant Thomas**: Calm Development filed suit in both 2005 and in 2011 against defendant Stiles Thomas alleging that he fraudulently reported seeing an endangered species (a barred owl) on its property. The cases against Stiles Thomas were dismissed in state court in 2005 (Exhibit 8 and Exhibit 9 attached to original motion papers) and in 2011 (Exhibit 21 attached to original motion papers).

- **Passaic River Coalition Sale**: The Borough sold land to the Passaic River Coalition in 2011.

- **In Rem Foreclosure:** occurred prior to 2011.

- **Calm Development Property Foreclosure**- March 2014

## LEGAL ARGUMENT
## PLAINTIFF'S REVISED AMENDED COMPLAINT
## SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

The Allendale defendants rely on the legal arguments set forth in their original moving papers and in those of codefendants. Plaintiff's opposition papers fail to address any of the legal issues addressed in defendants' motion. Instead, plaintiff repeatedly states that defendants "acted in concert to deprive plaintiff of his federal rights." Plaintiff's reference to his civil rights being violated is wholly unsupported by any evidence whatsoever. The "wrongs" alleged by plaintiff were

actually incidents involving Calm Development and not plaintiff individually.  As such, he has no standing to bring any of his claims.  Further, the alleged wrongs date back to 2002 and have either been previously adjudicated, or are barred by the statute of limitations or both.  Further, none of the individually named Allendale defendants had any role whatsoever in any of plaintiff's allegations. As such, plaintiff's complaint should be dismissed with prejudice as a matter of law.

Plaintiff's fourteen page complaint sets forth only two causes of action, namely, Count one, alleging violation of 42 U.S.C. §§3601 - 3614 (the Fair Housing Act)and violation of 42 U.S.C. § 1983, and in Count two, willful misconduct against the various defendants.

With respect to Count one, it is unclear how plaintiff, who admittedly is not a member of a protected class ("plaintiff is not of African, Latino or Native American descent" see p. 36 of document 190), and who at no time owned property in Allendale can maintain an action under the Fair Housing Act.

Similarly, plaintiff's allegations of willful misconduct are without merit and are not specifically pled.  Additionally, these claims would be barred by the statute of limitations. The Allendale defendants have not had any contact with the plaintiff since the end of the Calm Development litigation in 2014 when

the Appellate Division affirmed the lower Court's decision granting summary judgment to the Borough of Allendale.

## CONCLUSION

For the reasons set forth herein, defendants Borough of Allendale, Stiles Thomas, David Bole, David Pfund and Mary McDonnell respectfully request that pursuant to Fed.R.Civ.P 12(b)(6), Plaintiff's Revised Amended Complaint be dismissed with prejudice as a matter of law.

Thank you for your attention to the above.

Respectfully submitted,

MCM/dcb

MARY C. MCDONNELL

8