**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. D'ANTONIO, | Civil Action No.: 16-0816 (CCC-JBC) |
| Plaintiff, | |
| v. | **ORDER** |
| BOROUGH OF ALLENDALE, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on the motions of Richard Epstein, (ECF No. 173), the Passaic River Coalition, (ECF No. 174), David Bole, the Borough of Allendale, Mary McDonnell, David Pfund, and Stiles Thomas, (ECF No. 176), John Albohm, (ECF No. 177), and the Bergen County Sheriff's Department, (ECF No. 178), (collectively, "Defendants") to dismiss Plaintiff's corrected second amended complaint. (ECF No. 167). The Court is also in receipt of Plaintiff's omnibus opposition to Defendants' motions, (ECF No. 190),[1] as well as Plaintiff's motion for default judgment as against Defendants Louis Capazzi and Thomas P. Monahan. (ECF No. 191). Additionally, the Court has received Defendants' reply briefs to Plaintiff's omnibus opposition. (ECF Nos. 193, 195, 199, 200, 203).[2]

Having reviewed the parties' submissions, the Court has determined that further briefing

---

[1] The Court notes that Plaintiff filed two omnibus opposition briefs. (*See* ECF Nos. 189-190). The Court will deem the later filed document as Plaintiff's operative briefing.

[2] The Court is also in receipt of numerous letters from Plaintiff's counsel responding to Defendants' reply briefs. (*See* ECF Nos. 194, 196, 198, 201, 202). As the Court did not grant Plaintiff leave to file any sur-replies to Defendants' reply briefs, the Court will not consider Plaintiff's submissions. *See* L. Civ. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned.").

1

is warranted in order to rule on the motions. More specifically, the parties should submit supplemental briefing detailing as to each related state court litigation the: (1) status of each case; (2) case number; (3) judge; (4) procedural posture; (5) brief history of rulings; and (6) if appealed, what has transpired. Moreover, the parties should address, on a count-by-count basis, whether Plaintiffs' claims are barred by any abstention doctrine, including but not limited to the *Rooker-Feldman* and *Younger* abstention doctrines. In so doing, the parties should clearly and succinctly state the factual and legal bases as to why, or why not, the Court must abstain as to each count. Moreover, the parties are not to merely incorporate by reference any portion of their prior filings, nor are they to include any novel arguments in these supplemental briefs. The parties' supplemental briefs are not to exceed ten (10) pages in length.

Accordingly, **IT IS** on this 2 day of July, 2018,

**ORDERED** that within thirty (30) days of this Order, the parties shall file their supplemental briefs, not to exceed ten (10) pages in length; and it is further

**ORDERED** that the Clerk shall **ADMISTRATIVELY TERMINATE** Defendants' motions to dismiss, (ECF Nos. 173, 174, 176, 177, 178), as well as Plaintiff's motion for default judgment, (ECF No. 191), pending full briefing and a submission by the parties indicating that briefing is complete and requesting that the motions be reinstated.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**