

WWW.RIVKINRADLER.COM

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

**FRANK HOLAHAN**
(201) 287-2494
PARTNER
frank.holahan@rivkin.com

July 31, 2018

**VIA ECF**
Hon. Claire C. Cecchi, U.S.D.J.
Martin Luther King Building &
 U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

  Re: D'Antonio v. Borough of Allendale, et als.
     Civil Action No.: 2016-cv-00816 (CCC)(JBC)

Dear Judge Cecchi:

  This firm represents Defendant John W. Albohm ("Albohm") in this matter and in accordance with the Court's July 2, 2018 Order (Dkt. 208), kindly consider this supplemental letter memorandum in further support of Albohm's Motion to Dismiss Plaintiff's Revised Amended Complaint.

  A careful reading of the Revised Amended Complaint reveals that it not only articulates no *legal* claim against Albohm but it also asserts no *factual* predicates for dragging him into this baseless lawsuit. While it is by no means clear, at best, it appears that the Plaintiff suffers a fundamental misunderstanding regarding Albohm. Because Albohm is an attorney who happens to reside (with his wife, Kathleen Albohm) in Allendale, New Jersey and resides in a house that he and his wife purchased from a Jack Levin over a quarter century ago, Plaintiff appears to conflate attorney Albohm with the myriad of co-defendants who, directly or otherwise, had prior dealings with the Plaintiff and his quixotic quest to develop property in Allendale that he had an interest in.

9 Thurlow Terrace            477 Madison Avenue          2649 South Road              926 RXR Plaza
Albany, NY 12203-1005        New York, NY 10022-5843     Poughkeepsie, NY 12601-6843  Uniondale, NY 11556-0926
T 518.462.3000  F 518.462.4199   T 212.455.9555  F 212.687.9044   T 845.473.8100  F 845.473.8777   T 516.357.3000  F 516.357.3333



Hon. Claire C. Cecchi, U.S.D.J.
July 31, 2018
Page 2

Tragically for Albohm, neither he nor his wife have ever had any involvement or dealings with the Plaintiff's proposed development in Allendale. Nor has there been prior litigation between the Plaintiff and Albohm. Albohm has never served as counsel to any land use agency, planning board or other public body that did or could have had jurisdiction over any development application allegedly thwarted by the co-defendants. Nor do *any* of the Plaintiff's pleadings in this matter allege or even intimate the contrary. Albohm has been wrongfully dragged into this litigation and Plaintiff's Revised Amended Complaint states absolutely no factual or legal basis for joining him. Albohm is mentioned, by name, three times in the Revised Amended Complaint. Each factually devoid reference is in connection with the co-defendants' alleged scheme to violate Federal law respecting the Plaintiff's alleged plan to develop "affordable housing" in Allendale. Nowhere in the Revised Amended Complaint is there so much as a hint as to what role Albohm is supposed to have played in advancing, enabling or participating in this unlawful scheme advanced by the co-defendants. Having peaceably resided in Allendale, New Jersey in a home purchased decades ago from Jack Levin and the Revised Amended Complaint asserting absolutely no factually-based or supported allegation that Albohm participated in, conspired with or encouraged the alleged wrongful conduct of the co-defendants in denying or otherwise preventing the Plaintiff from developing his property for "affordable homes," the Revised Amended Complaint must be dismissed as to Albohm. Indeed, as well articulated by the Allendale Defendants in their July 30, 2018 Supplemental Brief, the entirety of Plaintiff's claims as to all Defendants must be dismissed



Hon. Claire C. Cecchi, U.S.D.J.
July 31, 2018
Page 3

under settled Federal case law including *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Simply stated, the Plaintiff, having had his days in state court and having articulated in the Revised Amended Complaint no cognizable factual or legal theory upon which to sue Albohm in this (or any) Court, Albohm's Motion to Dismiss must, respectfully, be granted.

                                                Respectfully yours,

                                                RIVKIN RADLER

                                                *s/Frank Holahan*

                                                Frank Holahan

FH/sam

cc:    All counsel and parties of record (via ECF)

4073603 v1