UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. D'ANTONIO,<br><br>                        Plaintiff,<br><br>vs.<br><br>PASSAIC RIVER COALITION; BOROUGH OFALLENDALE; STILES THOMAS; JOHN ALBOHM; DAVID BOLE; DAVID PFUND; MARY MCDONNELL; RICHARD EPSTEIN; THOMAS MONAHAN; MARK CARTER; LOUIS CAPAZZI; AND BERGEN COUNTY SHERIFFS DEPT.<br><br>                        Defendants. | Civil Action No.: 2:16-cv-0816 (CCC-JBC) |

**SUPPLEMENTAL BRIEF ON BEHALF OF DEFENDANT, BERGEN COUNTY SHERIFF'S DEPARTMENT, IN SUPPORT OF ITS MOTION TO DISMISS**

**THE LAW OFFICES OF RICHARD MALAGIERE,**
**A Professional Corporation**
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
(201) 440-0675
les@malagierelaw.com

Leonard E. Seaman, Esq. (LS-4799)
      Of Counsel

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL INFORMATION REGARDING STATE COURT CLAIMS ................................. 1

    (1) The status of the state court action brought by plaintiff. ............................................... 1

    (2) Case number of state court action. ................................................................................ 2

    (3) State court judge. ........................................................................................................... 3

    (4) Procedural posture of state court action. ....................................................................... 3

    (5) A brief history of rulings in the state court action. ....................................................... 3

    (6) Status of plaintiff's appeal of rulings below. ................................................................. 3

ARGUMENT ........................................................................................................................ 3

    I. Count by Count analysis of the factual basis of Plaintiff's
    claims against the Sheriff. .................................................................................................. 3

        a. Plaintiff's first cause of action. ........................................................................ 3

        b. Plaintiff's second cause of action. .................................................................... 4

    II. The Court should abstain from ruling on Plaintiff's claims
    against the Sheriff pursuant to the *Rooker-Feldman* doctrine. .......................................... 5

CONCLUSION ..................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Bolden v. City of Topeka*,
   441 *F.3d* 1129 (10th Cir. 2006) .................................................................................. 6

*D.C. Court of Appeals v. Feldman*,
   460 *U.S.* 462 (1983) ................................................................................................... 5

*Hoblock v. Albany County Board of Elections*,
   422 *F.3d* 77 (2d Cir. 2005) ........................................................................................ 6

*Holt v. Lake Cty. Bd. of Comm'rs*,
   408 *F.3d* 335 (7th Cir. 2005) ..................................................................................... 6

*Johnson v. Orr*,
   551 *F.3d* 564 (7th Cir. Ill. 2008 ................................................................................. 6

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
   615 *F.3d* 159 (3d Cir. 2010) ...................................................................................... 6

*Rooker v. Fidelity Trust Co.,*
   263 *U.S.* 413 (1923) ................................................................................................... 5

**Statutes**

28 *U.S.C.* § 1257 .............................................................................................................. 5

42 *U.S.C.* §§ 3601-3614 .................................................................................................. 3

42 *U.S.C.* §1983 ............................................................................................................... 3

**Treatises**

Jones, Allison, The Rooker-Feldman Doctrine: What Does It Mean to be Inextricably
   Intertwined? 56 Duke L. Rev. 643 (2006) ................................................................. 5

**Federal Constitutional Provisions**

U.S. Const. amend. XIV ................................................................................................. 3

**State Constitutional Provisions**

New Jersey Constitution.  N.J. Const., Art. 7, § 2, par. 2 ............................................... 1

**PRELIMINARY STATEMENT**

Pursuant to the Court's Order of July 2, 2018 (ECF No. 208), Defendant, Bergen County Sheriff's Department[1] (the "Sheriff), submits this supplemental brief to address issues raised by the Court with respect to the Sheriff's Motion to Dismiss plaintiff's corrected second amended complaint (ECF No. 178). Specifically, the Sherriff will provide: (1) the status of the state court action brought by plaintiff; (2) its case number; (3) judge; (4) its procedural posture; (5) a brief history of rulings; and, (6) the status of plaintiff's appeal of rulings below.

The Sheriff will also address on a count by count basis how plaintiff's claims are barred by the *Rooker-Feldman* abstention doctrine.

**FACTUAL INFORMATION REGARDING STATE COURT CLAIMS**

**(1) The status of the state court action brought by plaintiff.**

Plaintiff initiated his state court action against the Sheriff though a Complaint filed on May 15, 2015. By Order entered January 8, 2016, the Sheriff was granted leave to Answer out of time. An Answer on behalf of the Sherriff was filed that same day, and an Amended Answer was filed on March 9, 2016.

The case stems from events that occurred during plaintiff's eviction from the property located at 316 E. Allendale Avenue, Allendale, New Jersey that had been owned by Calm Development, Inc. ("Calm Development") (plaintiff was director of Calm Development). Emigrant Mortgage Company ("Emigrant") foreclosed on its mortgage to Calm Development. Retained Realty, Inc. ("Retained Realty"), Emigrant's REO affiliate, acquired title to the

---

[1] Throughout this matter and the proceeding brought by plaintiff in New Jersey state court, the Bergen County Sheriff's Office has been incorrectly referred to as the "Bergen County Sheriff's Department." In New Jersey, Sheriffs are one of the three county level officers created by the New Jersey Constitution. N.J. Const., Art. 7, § 2, par. 2. (The other two county level, constitutional offices are clerks and surrogates.) The Sheriff is authorized to appoint Sheriff's Officers to act on his or her behalf. N.J.S.A. 40A:9-117.6. Thus, the legal party in interest here is Michael Saudino, the Bergen County Sheriff, and the office that he maintains to perform his duties. For consistency, however, the reference to the "Department" is continued here, subject to this correction.

property at a Sheriff's Sale on December 6, 2013. A writ of possession was directed to the Sheriff commanding him to "without delay … cause Retained Realty, Inc. to have possession of … lands and premises."

On May 14, 2015 and May 15, 2014, the Sheriff dispatched officers to the Property to effect the eviction of plaintiff. When the Sheriff's Officers arrived to evict plaintiff, he presented them with a copy of a lease and purported proof of payment of rent. Since the Sheriff's Officers did not accept the representations of plaintiff as a basis to stop the eviction, he appeared before Honorable Gerald C. Escala, J.S.C. (Ret.). to seek a stay but Judge Escala entered an Order denying Plaintiff's application for a stay. Plaintiff returned to the Property without any order from the court either staying the eviction or quashing the writ. As a result, the eviction continued.

In the state court action, plaintiff sought to recover for loss or damage to personal property that allegedly occurred either during or shortly after the eviction. Plaintiff alleged that it the Sherriff "acted in a negligent willfully illegal manner in the deposition of [his] personal property or delivery of same to a designated storage facility." In addition, plaintiff alleged that the Sheriff, with the assistance of another defendant, coerced him into signing a release of any property remaining on the premises. Finally, Plaintiff asserted that Sheriff's Officers denied him access to his possessions during the eviction process.

**(2) Case number of state court action.**

The state court action was maintained at the trial court level under docket number BER-L-4562-15 in the Superior Court of New Jersey, Law Division, Bergen County. Plaintiff appealed the determination of the trial court. That appeal is pending before the Superior Court of New Jersey, Appellate Division under docket number A-00011-17T4.

**(3) State court judge.**

The Honorable Estela De La Cruz, J.S.C.

**(4) Procedural posture of state court action.**

Plaintiff appealed the rulings of the trial court described below. Briefing has been completed. A ruling from the Appellate Division is anticipated in due course.

**(5) A brief history of rulings in the state court action.**

Plaintiff filed a motion for summary judgment on September 22, 2016. The Sheriff and the other defendants filed motions for summary judgment as well. The Sheriff's motion for summary judgment was filed on October 20, 2016.

By orders entered February 21, 2017, the court below denied plaintiff's summary judgment motion and granted the motions for summary judgment by the Sheriff for the reasons set forth in a written opinion of that same date. (ECF No. 84-2, pages 6 - 25). Plaintiff moved for reconsideration of the decision of the state trial court. By order entered on April 7, 2017 the court denied plaintiff's motion for reconsideration.

**(6) Status of plaintiff's appeal of rulings below.**

Plaintiff's appeal of the rulings below has been fully briefed and the parties are awaiting a ruling on the merits of plaintiff's appeal.

## ARGUMENT

**I. Count by Count analysis of the factual basis of Plaintiff's claims against the Sheriff.**

### a. Plaintiff's first cause of action.

Plaintiff posits his first cause of action on purported violations of 42 *U.S.C.* §§ 3601-3614, U.S. Const. amend. XIV, and 42 *U.S.C.* §1983. The purported factual basis for these claims against the Sheriff described only ¶¶14, 23 and 29 that:

3

> the foreclosure occurred without the plaintiff receiving proper and legal notice from the defendants, the Borough of Allendale, the BOA and the Bergen County Sheriff's Department. Furthermore, Richard A. Epstein acted in concert with the Borough of Allendale, BOA and the Bergen County Sheriff's Department by failing to carry out the full Writ of Possession for all of the land, and not just the plaintiff's;

(ECF No. 167, ¶14), that:

> plaintiff was denied the right to remain on his property in spite of a NJ State court judge so directing; illegally preventing the plaintiff from obtaining the deed for the plaintiff's property from the Bergen County Sheriff's Office by altering bank documents; and by failing to provide the plaintiff with proper, fair, and timely notice of the Bergen County Sheriff's sale of his property without just cause and with regard to the Bergen County's Sheriff's failure to fully execute the Writ of Possession on all of the properties;

(ECF No. 167, ¶23), and:

> [t]hat the plaintiff was not properly nor timely notified of the Sheriff's sale of his property in 2013, causing the plaintiff to loose [sic] his property, and preventing the plaintiff from building affordable housing on his property.

(ECF No. 167, ¶29).

### **b. Plaintiff's second cause of action.**

Plaintiff's second cause of action alleges willful misconduct by defendants, purportedly acting concert to deny plaintiff his constitutional rights.  In particular, with regard to the Sheriff, plaintiff alleges that during the eviction he was:

> denied access to his property, thus, making it impossible for him to know whether all of his personal property was taken out of his home and again violating his Due Process rights as some of the property taken from the plaintiff's home were taken without notice; were never returned; were taken without consent.

(ECF No. 167, ¶52).

4

## II. The Court should abstain from ruling on Plaintiff's claims against the Sheriff pursuant to the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.,* 263 *U.S.* 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 *U.S.* 462 (1983)) stands for the proposition that only the United States Supreme Court has appellate jurisdiction over state court judgments. Jones, Allison, The Rooker-Feldman Doctrine: What Does It Mean to be Inextricably Intertwined? 56 Duke L. Rev. 643 (2006). This is because under 28 *U.S.C.* § 1257 the Supreme Court has exclusive jurisdiction to review rulings of state courts.

*Rooker* case centered on whether the district court had the authority to invalidate the decision of the Supreme Court of Indiana. 263 *U.S.* at 414 (1923). The Supreme Court held that the district court lacked authority to hear such a case since its jurisdiction limited to diversity jurisdiction or that of a federal question. The case at hand met neither of those.

*Feldman* dealt with two bar applicants who sought a waiver of a District of Columbia regulation that required applicants to hold a degree from an American Bar Association accredited law school for admission as member of its bar. The Supreme Court considered whether the United States District Court for the District of Columbia had the authority to review decisions of the District of Columbia courts. 460 *U.S.* at 463. It held that the district court did not have such authority, noting the strong distinction between reviewing final judgment of such a court and the validity of the law or regulation being challenged. *Id.* at 484.

The doctrine deprives this Court of subject matter jurisdiction over Plaintiff's claims seeking to set aside the state-court judgment or seeking redress for an injury allegedly caused by that judgment. If the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim.

Moreover, a litigant cannot attempt to circumvent the doctrine by seeking a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action. *Holt v. Lake Cty. Bd. of Comm'rs*, 408 *F.3d* 335, 336 (7th Cir. 2005); *See also, Johnson v. Orr*, 551 *F.3d* 564 (7th Cir. Ill. 2008).

The facts alleged by plaintiff against the Sheriff to support his second cause of action are clearly bared by the *Rooker-Feldman* doctrine. Those allegations virtually parrot the claims made by plaintiff in the state court action.

Likewise the allegations in Plaintiff's first cause of action are inextricably intertwined with the state court action, barring him from raising them in this forum. That term, inexplicitly intertwined, "highlight[s] that a challenge to a judgment is barred even if the claim forming the basis of the challenge was not raised in the state proceedings." *Bolden v. City of Topeka*, 441 *F.3d* 1129, 1141 (10th Cir. 2006). "*Rooker-Feldman* bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment." *Hoblock v. Albany County Board of Elections*, 422 *F.3d* 77, 86-87 (2d Cir. 2005).

> When a federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment, the federal claim is "inextricably intertwined" with the state judgment.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 *F.3d* 159, 170 (3d Cir. 2010).

Thus, Plaintiff's assertions that the Sheriff somehow acted to deprive him of constitutional rights in its handling of the lender's foreclosure on the Property and his removal from it fall squarely within the *Rooker-Feldman* doctrine. This Court lacks jurisdiction over those claims and should abstain from hearing the matter.

## **CONCLUSION**

  For the reasons set forth above, as well as those previously articulated by the Sheriff as part of its motion to dismiss, the Court should dismiss all of plaintiff's claims against the Sheriff with prejudice.

                 Respectfully submitted,

                  /s/ Leonard E. Seaman
                 Leonard E. Seaman

DATED: August 1, 2018

7