UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY



| | |
|---|---|
| MICHAEL A. D'ANTONIO | Docket No. 2:16-cv-00816-CCC-JBC |
| Plaintiff | |
| vs | Civil Action |
| Borough of Allendale, Passaic River Coalition, Stiles Thomas, David Bole David Pfund, Mary McDonnell, John Albohm, Richard Epstein Thomas Monahan, Louis Capazzi, Bergen Sheriff's Department | NOTICE OF MOTION SEEKING LEAVE OF THE COURT TO FILE MOTION IN OPPOSITION TO BERGEN COUNTY SHERIFF'S MOTION FOR SUMMARY JUDGMENT |
| Defendants | |

**PLEASE TAKE NOTICE** that the undersigned Plaintiff Pro Se will move the Court for Leave of the Court to file this Motion in Opposition to the Bergen County Sheriff Department's Motion to supplement the Record under its Motion to Dismiss (ECF 178) to include the final disposition of Plaintiff's claims in the State Court.

Plaintiff does request Oral Argument due to the improper submission By Counsel for the Defendant Bergen County Sheriff Department and will submit a Brief Outlining the Position and Material Issues of Facts to support this Submission.

ECF [208] requires All Defendants to state the briefing is complete and that the Motion be reinstated. The Instant application is defective as to said Order and should be denied.

Michael A. D'Antonio
P.O. Box 55
Allendale New Jersey 07401
mad.316@hotmail.com
201-962-5881 cell
201-857-4411 fax

## BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITON

Statement of Material Facts:

1. Plaintiff requested appointment of Pro Bono Counsel and was denied.

2. Plaintiff informed the Court and all parties as to the Opinion of the Appellate Court. ECF [232].

3. Plaintiff filed Leave of the Court to submit a Prerogative Writ in Mandamus for relief from delays of Default Judgments and Writs of Executions not being signed ECF [232]

4. Plaintiff filed Leave of the Court to amend the Complaint to include Emigrant Savings and Retained Realty as to the retirement and closing of Mr. Richard Epstein's Law Practice.

5. The Weir Law Firm, the present Law Firm Representing Emigrant Savings and Retained Realty is also the former Law Firm associated with Mr. Epstein prior to his Retirement. A Contradiction of Facts as submitted by Mr. Epstein. if he was associated with the Weir Law Firm how can he state he closed his practice.

6. The Opinion entered by the Appellate Panel is improper as to the substitution of a Judge ( Judge Mawla) to help render a buffer between Judge Ostrer and the final Net Opinion of the Appellate Panel collectively.

7. The Opinion entered by the Appellate Panel is incomplete and Justice was altered and concealed as to the ultimate finding of all material issues of facts. The Appellate Panel refused to abide by Due Process and Equal Protection due this Plaintiff.

8. The Appellate Opinion is totally silent about the named Defendant Patricia Egan.

9. The Appelate Panel failed to recognize or speak of NEW EVIDENCE submitted to the panel regarding Mr. Epstein's illegal submission to the Panel, whereby the Transcript below was misrepresented to the panel, warranting a Mis Trial. Mr. Epstein left out 50 pages proving that the Foreclosure was made part of the record below and that if Retained Realty/Emigrant Savings/Mr. Epstein Esq. can reopen the Foreclosure below, then under Equal Protection and DUE PROCESS this Plaintiff should also have received the right to reopen the Foreclosure.

10. The above Material Fact which was submitted to the District Court ECF [232] and should warrant the instant Motion by the Bergen County Sheriff's Department to be denied and malfeasance be determined by the Defense Attorneys who present issues before this court to waste time and not in compliance with ECF [208]

11. This Plaintiff filed a Prerogative Writ before the Supreme Court which produced an unsigned letter in response, attached as Exhibit "1" 2 pages.

12. Plaintiff being Pro Se and aware that I needed to file something in the presence of the illegal incomplete Opinion of the Appellate Panel, filed the Writ. In that Exhibit "1" was mailed March 28, 2019 and it took 7 days to arrive, this Appellant contacted the Court and requested the appropriate forms to comply with the letter from the Supreme Court.

13. Plaintiff Certifies that this Appeal will be fully contested and taken to the highest level that is possible.

14. Page 3 of the Opinion declares that the Appeal had limited scope, But the Opinion clearly admits its violation of my **protected civil rights** as to the reopening of the Foreclosure and the Panels failure to abide by the Statutory Requirements for reopening of a Foreclosure PRIVOUSLY submitted and again herewith submitted: *RULES AND REGULATIONS set up by the Real Estate Commission known as TITLE 11 Chapter 5 Administrative Code.* See Exhibit"2" 1 page, Statute of Limitations *: New Jersey allows a specific time limit of six years during which parties to a contract may bring legal suit to enforce their rights. Any party who does not take steps to enforce his or her rights within this statute of limitations may lose these rights. the six year period applies to contracts, foreclosures, mortgages, and cases of fraud. Lawsuits to recover real property have a 10 year statute of limitations in New Jersey.*

15. Page 3 of the Opinion, second paragraph states: "Plaintiff's remaining arguments are without sufficient merit to warrant discussion, except as noted in the following Brief Comments R. 2:11-3(e)(1) (E). This is a contradiction of the Rule in that the Panel did not distinguish what arguments are without merit .

16. The Appellate Panel determines that the Plaintiff missed the 90 day Statutory time limit for filing a claim against a moving company and yet the Panel uses the two

signed receipts as part of their opinion when in fact the receipts states some damages will send list. It is physically impossible to render a satisfaction of the statutory requirement when and if the moving company acts and renders service to comply with the wrongful act and order of the Sheriff's Department to STOP LOADING PLAINTIFFS POSSESSIONS into the moving company vehicles. Therefore making the Sheriff's Department responsible for the damages.

17. Plaintiff requested relief from the Appellate Panel in that Plaintiff had 40 years of accumulated possessions,4 times the amount of a regular eviction, and that a hardship existed in that the way the moving company packed the storage units and the amount of damages was so large that it could not be estimated in the statutory time. The contractors could not view all the possession and it was a huge project to unload the storage units to get estimates. The estimates were then given at the time of the litigation.

18. As stated in 16 above the Appellate panel relies of the two releases signed at the conclusion of the eviction. This is not fact. The eviction is not over until the possession are removed and put into the storage units. The Sheriff's Department and Ms. Egan used coercion and terroristic threats to get this Plaintiff to sign the releases. Ms. Egan cursed and threatened to have me thrown out WITHOUT MY POSSESSIONS IF I DID NOT SIGN THE RELEASES prior to the eviction being completed.

19. Plaintiff did NOT fail to state the damages plaintiff COULD not state the value of the damages due to the extensive theft, who was responsible for what and how or what method could be used to replace or compensate this Plaintiff.

20. The Appellate Opinion is silent about the actions of the Bergen County Sheriff's department in that the BCSD ORDERED the Network Trucking Company to STOP loading the Plaintiff's possessions and lock the garage doors and stop me from looking to see how much tools and wood and other possessions were being not loaded on the trucks..

21. Plaintiff produced legally competent evidence as to the value of the lost , damaged or stolen goods from estimates included in the litigation.

22. The Appeal was filed due to Interlocutory Orders and improper decisions of the State Court Judge in not allowing an Amended Complaint.

a) Judge Cruz denied Plaintiff's finding due to the Statute of Limitations being 2 years when it is 6 years as presented in Paragraph 14 above.

b) Plaintiff served above documents on Defendant Retained Realty, and by its Attorney Richard Epstein who did not respond. Therefore under Local Rule 4:5-5 Effect of Failure to Deny the Appellate Panel refused to accept these facts as admissions. Again in contradiction to the Appelate Panels statement of Limited Scope.

c) Network Trucking nor the BCSD denied the facts submitted and therefore the facts are admitted.

d) Attached as Exhibit "3" is the copy of the Filed Appellant's Reply Brief dated August 28, 2018 see page 33, 2nd Page ECF [208] Order of Judge Cecchi Administratively Terminating all Defendants motions to dismiss pending full briefing, and a submission by all parties indicating full briefing is complete and requesting that the motion be reinstated. The BCSD has failed to indicate that full briefing is complete by all parties thereby making the instant Motion defective as per Judge Cecchi's Order

e) Plaintiff submitted a 33 page Reply Brief yet the Appellate Panel states on Page 3 of the Opinion, second paragraph "***In addressing plaintiffs appeal we first note its limited scope"***. Yet in the Procedural History, the Appellate panel has failed to adjudicate a point by point decision on the Material Facts present therein.

1) Retained Realty's judgment against Plaintiff personally, $11,600.00. This was a result of the Foreclosure and thereby concludes that Retained Realty under Mr. Epstein Esq. reopened the Foreclosure. Further this enables the Plaintiff to also reopen the Foreclosure, which was denied and not revisited by the Appellate Panel.

2.) Judge Cruz states the Statute of Limitations on Foreclosures is 2 years when by Law it is 6years. The Appelate Panel Opinion must be reversed.

3) Judge Cruz and the Appelate Panel failed to accept the Administrative Code. Title 45 Chapter 15 OAL, Title 11 Chapter 15 prevail as to the correct Statute of Limitations being 6 years yet the opinion of the Appelate Panel stating my Appeal was of Limited Scope is Defective and warrant a mis-Trial or a submission to the Supreme Court

Page 5

for an Appeal of the Appelate Courts Opinion.

4) Retained Realty nor the BCSD failed to deny these Material Facts and by Rule 4:5-5 Effect of Failure to deny, it constitutes an admission wherefore defeating Mr. Seaman's instant Motion.

5) The Appelate Panel is so obvious as to improper conduct to state the submission had limited scope especially in the presence of Plaintiff's reliance on Sniadach v Family Finance Corp. Mc Cormack Federalism Sect. 1983 Limitations on Judicial Empowerment of Constitutional Protection 60 Val. rev 1 (1974) c Antieau Federal Civil Rights Act Civil Practice (1971) 395 U.S. 342 (1964).

23. The Bergen County Sheriffs Department /Mr. Seaman presented opposition to these matters claiming Quasi- Judicial Standing and requested that these matters be dismissed Judge Cruz held that the Sheriff nor the Department are members of the Judiciary. Further, Mr. Seaman submitted defense papers alleging that I named the former Bergen County Sheriff as a Defendant when I did not.

24. Mr. Seaman in violation of the Courts Order ECF [208} now submits another Motion seeking dismissal for Federal Civil Rights violations predicated on an Affirmed State Court Appeal Opinion, knowing full well that State Court decisions especially contested State Court decision do not and can not negate a Federal District Court Matter.

25. Plaintiff received Notice upon the initial filing of these matters that I was obligated to enter into settlement discussions. This Plaintiff entered into 2 settlement Discussions through the BCSD counsel Mr. Seaman and both offers were rejected.

26. Plaintiff requests that the conduct of the BCSD be found to be vexatious and malicious in an attempt to take advantage of some unknown legal venue to this Plaintiff. Plaintiff has spent over 30 hours in research and formation of this submission and requests a dismissal of the instant Motion by the BCSD and any fees or compensation the Court deem appropriate.

27. Mr. Seaman submits language in his Letter Brief dated April 1, 2019 page 2 last paragraph, indicating that the opinion of the Appelate Court is a Final Judgment when it is clearly not marked as such. The Opinion is such an egregious document absent of all necessary language to make it a complete legal document, that the scope of the

opinion is just that, an opinion and not fact or factual based upon the absence of all relevant material issues of fact being submitted and adjudicated in form by this Plaintiffs submission for an Appeal. Plaintiff/Appellant was not afforded all the proper adjudication that was necessary to all facts and these facts were not determined equally. This matter is presently being appealed to the Supreme Court as evidence by Exhibit "2".

Dated: 4-8-2019

Respectfully Submitted,

_____
Michael A. D' Antonio

## CERTIFICATION OF SERVICE

I certify that I delivered an Original and one Copy of the above Motion to the U.S. District Court Clerks Office for the District of New Jersey 50 Walnut Street, Newark New Jersey 07101 and that this submission be entered on the ECF system as service to all other named Defendants.

Dated: 4-8-2019

# SUPREME COURT OF NEW JERSEY

HEATHER JOY BAKER
CLERK

GAIL GRUNDITZ HANEY
DEPUTY CLERK



OFFICE OF THE CLERK
PO BOX 970
TRENTON, NEW JERSEY 08625-0970

March 28, 2019

Michael D'Antonio
PO Box 55
Allendale, NJ 07401

2750 n/w

Dear Mr. D'Antonio:

1678 o/w

    This office has received your papers on March 13, 2019, requesting the Court to issue a "Prerogative Writ of Mandamus". Please note, as previously stated in the February 28, 2019 letter sent to you, that a "Writ of Mandamus" and a "Prerogative Wirt of Mandamus" are not a recognized form of application for relief from the New Jersey Supreme Court, therefore, your papers cannot be accepted for filing.

    Our search of the Appellate Division record has revealed that on February 14, 2019, the Appellate Division entered an opinion in A-0011-17. The Appellate Division opinion is final for purposes of seeking further appellate review. If you wish to ask the Supreme Court for review of that decision, the most appropriate procedure is to file a notice of petition for certification and petition for certification. See R. 2:12-3 (certification of final judgments of the Appellate Division); R. 2:12-7 (form, service and filing of petition for certification). The filing fee for the notice of petition for certification is $250.

    In addition, you must submit four copies of your Appellate Division briefs and appendices.

    Furthermore, a notice of petition must be filed within twenty (20) days after the entry of the Appellate Division's judgment, R. 2:12-3(a), and a petition for certification must be filed within ten (10) days after the notice or thirty (30) days after the entry of the Appellate Division's judgment, R. 2:12-7(b). Thus, a notice and petition received at this time would be untimely. If you wish to have a notice of petition and petition for certification considered by the Court, please also provide a motion for leave to file the documents as within time, demonstrating good cause for the filing delay. The filing fee for the motion is $50. All of this information was included in the *Guide to Filing for Litigants without Lawyers*, sent on February 28, 2019.

    **To summarize, the following is required in order for the case to proceed to the Supreme Court for its consideration:**

    **(1) An original notice of petition for certification.**
    **(2) Notice of petition for certification filing fee of $250. Payment may be made by check or money order payable to the "Treasurer, State of New Jersey."**
    **(3) An original and three copies of a petition for certification.**
    **(4) An original and eight copies of a motion for leave to file the notice and petition as**

EXHIBIT "1"
2 PAGES

<u>Michael D'Antonio v. Retained Realty Inc.</u> (A-0011-17)
Page 2 of 2
March 28, 2019

    within time. The motion must include a notice of motion and an affidavit providing good cause for the filing delay.
  (5) **Motion filing fee of $50. Payment may be made by check or money order payable to the "Treasurer, State of New Jersey."**
  (6) **Four copies of your Appellate Division briefs and appendices.**
  (7) **A proof of service for every document submitted to the Court.**

  Please note that all litigants must follow the <u>Rules of Court</u>, which contain requirements on filing, service, brief format, number of copies, and so on. For further information on proper filing procedures with the Supreme Court, please refer to the *Guide to Filing for Litigants without Lawyers*. I have enclosed another copy for your review.

  Should you have further questions, you may contact the Clerk's Office at (609) 815-2955.

           Sincerely,

           Supreme Court Clerk's Office

ment with certain adjustments for any damages suffered by the other party);
- *impossibility of performance*, in which an act required by the contract cannot be legally accomplished;
- *mutual agreement* of the parties to cancel; and
- *operation of law*, as in the voiding of a contract by a minor, as a result of fraud, by expiration of the statute of limitations, or as a result of a contracts being altered without the written consent of all parties involved.

## Default—Breach of Contract

A **breach of contract** is a violation of any of the terms or conditions of a contract without legal excuse, as when a seller breaches a sales contract by not delivering title to the buyer under the conditions stated in the agreement.

If the seller defaults, the buyer has three alternatives:

1. The buyer may *rescind*, or *cancel*, the contract and recover the earnest money deposit.
2. The buyer may file a court suit, known as an action for **specific performance,** to force the seller to perform the contract (i.e., convey the property).
3. The buyer may sue the seller for *compensatory damages*.

If the buyer defaults, the seller may pursue one of four courses:

1. The seller may *declare the contract forfeited*. The right to forfeit may be provided for in the contract, and according to the terms of the contract, the seller may be entitled to retain the earnest money and all payments received from the buyer as *liquidated damages*.
2. The seller may *rescind the contract*; that is, he or she may cancel, or terminate, the contract as if it had never been made. This requires the seller to return all payments the buyer has made.
3. The seller may sue for *specific performance*. This may require the seller to offer, or tender, a valid deed to the buyer to show the seller's compliance with the contract terms.
4. The seller may sue for *compensatory damages*.

## Statute of Limitations

New Jersey allows a specific time limit of *six years* during which parties to a contract may bring legal suit to enforce their rights. Any party who does not take steps to enforce his or her rights within this ▮▮▮▮ tions may lose those rights. T▮▮▮▮▮▮▮▮▮▮▮ c▮▮▮▮▮ foreclosures, mortgages, and ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ property have a 10-year s▮ ▮▮▮▮▮ in New Jersey.

## CONTRACTS USED IN T▮ ESTATE BUSINESS

The written agreements most commonly e▮▮ brokers and salespersons are listing agr▮ estate sales contracts, and leases.

### Preparation of Documents

New Jersey allows brokers (or their agents) residential leases and standard approved s▮▮ for one- to four-family residences and vaca▮▮ To avoid the unauthorized practice of law, their salespersons) *may not* draft comm▮▮ option agreements, or sales contracts on tr▮ land, commercial property, or industrial pr▮

### New Jersey Requirements

All offers, contracts, or leases prepared by ▮ indicate the business relationship the ▮ respect to parties named in the document▮ plete text of the Commission Rule on Disc▮ ness Relationships reproduced at the end of ▮

Attached to a proposed contract of s▮ page must be a copy of the notice reprodu▮ dix B, appropriately revised if the broker ▮ buyer or is functioning as a dual agent or a▮ broker.

New Jersey also requires that the follo▮ appear in exactly this form at the top of the sales contract:

> THIS IS A LEGALLY BINDING ▮
> THAT WILL BECOME FINAL WI▮▮
> BUSINESS DAYS. DURING THIS ▮
> MAY CHOOSE TO CONSULT AN ▮
> WHO CAN REVIEW AND/OR C▮
> CONTRACT. SEE SECTION ON▮
> REVIEW FOR DETAILS.

The following section must appe▮▮ contract:

> ATTORNEY REVIEW▮▮
> 1. **Study by Attorney.** *The Buyer or▮*
> *choose to have an attorney study thi▮*
> *attorney is consulted, the attorney n▮*
> *or her review of the contract wit▮*
> *period. This contract will be legally b▮*
> *of this three-day period unless an ▮*

EXHIBIT "2"