THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| **Richard Malagiere** *Member NJ & NY Bar Registered Patent Attorney* _____ **Matthew E. Gilson** *Member NJ Bar* | 250 MOONACHIE ROAD SUITE 102 MOONACHIE, NJ 07074 201.440.0675 FAX: 201.440.1843 | 100 CHURCH STREET SUITE 100 NEW YORK, NEW YORK 10007 212.879.5580 FAX: 212.879.5583 | *OF COUNSEL* **Lawrence D. Mandel** *Member NJ & PA Bar* **Leonard E. Seaman** *Member NJ Bar Certified by the Supreme Court of New Jersey as a Civil Trial Attorney* |
|---|---|---|---|

***REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4180
Writer's e-mail:  les@malagierelaw.com

April 9, 2019

**VIA ECF**
The Honorable Clair C. Cecchi, USDJ
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   **D'Antonio v. Passaic River Coalition, et al**
        **Civil Action No. .2:16-cv-00816-CCC**

Dear Judge Cecchi:

This office represents Defendant, Bergen County Sheriff's Office (i/p/a/ "Bergen County Sheriff's Department"), (the "BCSO") in the above-captioned matter.  Kindly accept this letter in lieu of more formal reply brief on behalf of the BCSO in support of its motion to supplement the record (ECF # 223) with respect to the BCSO's pending motion to dismiss plaintiff's Corrected Second Amended Complaint. (ECF # 178)

The issues before the Court in the instant motion are relatively straight forward.  On July 2, 2018 the Court Ordered the defendants to undertake supplemental briefing of their pending motions to dismiss plaintiff's most recent pleading.  (ECF # 208)  The BCSO complied with a that Order on August 1, 2018.  (ECF #218)  In its supplemental brief, the BCSO noted that plaintiff's state court action was on appeal to the Superior Court of New Jersey, Appellate

Division and that "[a] ruling from the Appellate Division [was] anticipated in due course" and that the appeal had been "fully briefed and the parties [were] awaiting a ruling on the merit of plaintiff's appeal. (BCSO Supplemental Brief 8/1/2018 at 3)

The Appellate Division's opinion on the merits of plaintiff's appeal that was entered on February 14, 2019 (and plaintiff's failure to seek an appeal of that ruling to the New Jersey Supreme Court in a timely fashion) changed the status of plaintiff's state court appeal, and the instant motion seeks simply to apprise this Court of those events.

Plaintiff's opposition fails to address these simple facts or explain why this Court should not be made aware to the progress of his state court appeal. Instead, he attempts to argue the merits of why every action against him from the original foreclosure action, to his eviction as a result of that foreclosure, to his state court claims that his eviction was improper, through the appeal in his state court action was wrong and the result of contrived conspiracies and purported violations of his civil rights. Those arguments are not germane to the matters before the Court.

Again, the BCSO simply wishes to apprise this Court of the facts that plaintiff's appeal of his state court action was decided in favor of the BCSO and that plaintiff failed to seek a further appeal of that ruling in a timely fashion in the manner required by the New Jersey Rules of Court. The March 28, 2019 letter to plaintiff from the Office of the Clerk of the New Jersey Supreme Court (ECF # 234, pages 8-9) demonstrates that as well.

The Clerk's Office has advised plaintiff that:

(a) his purported application for a Writ of Mandamus from New Jersey Supreme Court Chief Justice Rabner is "not a recognized form of application for relief" to that court and "cannot be accepted for filing;"

(b) the Appellate Division's ruling of February 14, 2019 "is final for the purposes of seeking further appellate review;"

      (c)      the procedure for seeking such further appellate review is timely filing a notice of petition for certification and a petition for certification;

      (d)      as of the date of the letter from the Supreme Court Clerk's Office, plaintiff was already out of time to file either a notice of petition or a petition for certification to the New Jersey Supreme Court; and,

      (e)      and filings to seek review by the New Jersey Supreme Court would need to be accompanied by a motion for leave to file the documents as within time that demonstrated "good cause for the filing delay."

(ECF # 234, page 8) Plaintiff admits receiving this letter no later than April 4, 2019 and promises that he will continue the appeal to "the highest level possible." (ECF # 234, ¶¶ 12-13)

Should plaintiff pursue such actions, this Court should be advised of same. As a result, the BCSO respectfully submits that the order entered in connection with this motion should also permit the BCSO to advise the Court by letter from counsel when (and if): (a) plaintiff files any notice of petition/petition for certification to the New Jersey Supreme Court and/or a motion seeking leave to file those papers as within time; (b) the disposition of any motion for leave to file as within time; (c) if that motion is granted, the disposition of any petition for certification; and, (d) if certification is granted, the disposition of any appeal.

                                              Respectfully submitted.

                                              s/ Leonard E. Seaman
                                              LEONARD E. SEAMAN

LES:ap
Cc:    Michael D'Antonio (via ECF)
        All Counsel (via ECF)
        Client (via email)