Michael A. D'Antonio
P.O. Box 55
Allendale NJ 07401
mad.316@hotmail.com
cell 201-962-5881
fax 201-857-4411

DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2020 JAN -3  A 12: 43

January 2, 2020

Honorable Claire C. Cecchi, U.S.D.J.
District Court New Jersey
50 Walnut Street
Newark, New Jersey 07101

    Re: D'Antonio vs Borough of Allendale et als
        Civil Action No. 2:16-cv-00816 (CCC) (JBC)

Dear Judge Cecchi,

    Please accept this letter in Opposition to ECF Document 252 letter dated January 3, 2019. This Date is in error I received it January 2, 2020. Letter from Ms. Mc Donnell.
    The letter requests that the Defendants Motions to Dismiss ECF 173,174, 176, 177, and 178, be reinstated by Order dated September 30, 2019.
    Ms. McDonnell predicates her request based upon an E-mail from Ms. Goski that this matter was not appropriate for mediation.
    I certify that I did not receive any E-mail from the Court or Ms. Goski on October 11, 2019 as indicated in Ms. McDonnell's letter. ECF Document 252.
    Attached as ***Exhibit "1"*** is an E-mail chain starting 11/25/2019, wherein Ms. Goski states "I look forward to working with the parties to resolve this case, then in the same E-mail states " I advised the court that it was not appropriate for mediation and the court would then take it from there. I have not heard anything further. Kind regards. Sheryl."
    Ms. Goski contacted me by phone and informed me that all Defendants refused to participate in Mediation.
    Attached as ***Exhibit "2"*** is an E-Mail chain dated April 18, 2019 and responded on April 19, 2019.
    It appears that foul play exists. Is Ms. McDonnell representing all Defendants now, as in listing all other Defendants ECF Documents that are not represented by her firm, or in the alternative are all the defendants intentionally not complying with an order to Mediate so that the Motions to Dismiss are by prior Order reinstated?
    Michele Weckerly has by E-Mail ***Exhibit "2"***, stated " My client will not entertain any sort of settlement discussions until the court decides the pending motion to dismiss.

Please deny Ms. McDonnell's request, as it is well settled, that upon failure to mediate or attempt to settle, is against the Judicial Requirements of the litigation process.

In that all parties, with the exception of the Passaic River Coalition, which has agreed to make a discussion to settle but based upon a condition that the court decides the pending motions to dismiss. All other parties should be subject to summary proceedings. In that all attorneys pursuant to RPC are in violation of same. Summary Judgment should be granted to the Plaintiff. All Material facts in evidence can not be rebutted or proven in violation of material facts in evidence of violations of State and Federal Law as claimed in the Amended complaint

As a material fact there was NO MEDIATION, than Ms. McDonnell's reasoning should be considered moot and outside the courts intended decision.

Further in Plaintiffs letter dated 10/16/2019 Ms. McDonnell is in violation of RPC 1.1 Competence (b) exhibit a pattern of negligence or neglect in the lawyers handling of legal matters generally.

RPC 3.1 Meritorious Claims and Contentions: A lawyer shall not bring or defend nor assert or controvert an issue or issues unless the lawyer knows or reasonably believes that there is a basis in law and in fact for doing so that is not frivolous. A Lawyer for the Defendant in a criminal proceeding or the respondent in a proceeding that could result in incarceration may defend the proceeding as to require that every element of the case be established. ***Ms. McDonnell has failed to require that every element of the case be established. As so for all remaining Defendants.***

RPC 3.3 Candor to the Tribunal (a) (1) make a false statement of material fact or law to a tribunal. Ms. McDonnell states that the mater was not appropriate for mediation. As a result Ms. McDonnell requests that the pending Motions to Dismiss be reinstated. That order only takes effect if Mediation was not successful. There was no Mediation. The Court did not offer mediation or settlement by another mediator. or compel the defendants to make a discussion of settlement without a mediator as Ms. Weckerly did.

Attached as ***Exhibit "3"*** is the letter dated 10/16/2019 to Judge Cecchi, outlining opposition to Ms. McDonnell's ECF Document 249.

Lastly attached as ***Exhibit "4***, letter order of Judge James B. Clark, Stating "Plaintiff may raise these issues at the conclusion of mediation."

Please enter this letter on the ECF System as notice to all Parties.

Thank You,

*Michael D'Antonio*
Michael D'Antonio