**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. D'ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF ALLENDALE, *et al.*,<br><br>Defendants. | Civil Action No.: 16-cv-816<br><br>**ORDER** |

**CECCHI, District Judge.**

This matter having come before the Court on Defendants' motions to dismiss (ECF Nos. 173, 174, 176, 177, and 178) the second amended complaint (the "SAC") (ECF No. 167);[1] and

WHEREAS Plaintiff filed an initial *pro se* complaint (the "Complaint") (ECF No. 1) in this matter alleging that Defendants acted in concert to deprive him of a property located at 316 East Allendale Avenue, Allendale, New Jersey (the "Subject Property") and asserting that Defendants violated twenty-six state and federal laws. Id. at 11; and

WHEREAS this Court dismissed the Complaint without prejudice on February 21, 2017, finding that the Complaint included eleven possible federal causes of action but Plaintiff lacked standing to pursue any of those claims. ECF No. 80 at 14-15; and

WHEREAS Plaintiff lacked standing to pursue the claims in the Complaint because they were premised upon ownership of the Subject Property and "the Complaint, attachments, and public record

---

[1] The Court refrains from reciting the lengthy and complicated facts of this case which are not pertinent to this Order. This order is written primarily for the benefit of the parties who are assumed to have familiarity with the background of this case. For a more detailed recitation of the events underlying this suit please refer to the Court's February 21, 2017 Opinion (ECF No. 80).

alone are sufficient to demonstrate that [a corporation named] Calm, not Plaintiff, owned the Subject Property during the relevant time period." Id.; and

WHEREAS Plaintiff filed an amended *pro se* complaint on March 8, 2017 (ECF No. 84) but subsequently requested and received leave to file his SAC following his retention of counsel. ECF No. 164;[2] and

WHEREAS the SAC again contains allegations that Defendants improperly seized the Subject Property from Plaintiff through foreclosure and adds allegations that Plaintiff was obstructed from developing the Subject Property into affordable housing for buyers of African American, Native American, and Latino descent. ECF No. 167; and

WHEREAS the SAC asserts that these allegations give rise to claims under "42 U.S.C. §§ 13601-3614, 42 U.S.C.A. § 1983, 28 U.S.C. § 1331, [the] Equal Protection Clause of the Fourteenth Amendment, [the] Due Process Clause of the Fourteenth Amendment, [and] Title VII of the Civil Rights Act of 1964." Id. at 1; and

WHEREAS Plaintiff has offered no argument or evidence as to why he now has standing to pursue any claims in connection with Subject Property and has not disputed the Court's prior finding that he did not own the Subject Property during the relevant time period;[3] and

WHEREAS a shareholder ordinarily lacks standing to assert claims on behalf of a corporation and cannot recover for injuries suffered by the corporation or harm done to property owned by the corporation. *See Willekes v. Serengeti Trading Co.*, No. 17-3531, 2019 WL 3335554, at *2 (3d Cir. July 25, 2019) (internal quotation marks and citations omitted) ("Prudential standing prohibits a plaintiff from asserting the legal rights or interests of third parties; in shareholder suits, that

---

[2] Plaintiff's counsel withdrew from this case after the SAC was filed and Plaintiff is presently proceeding *pro se*.
[3] Plaintiff's omnibus brief in opposition to the motions to dismiss even admits the "Calm Corporation" owned the Subject Property. ECF No. 189 at 14 (emphasis added) ("[P]laintiff was a developer who sought to build affordable housing **on the property owned by Calm Realty**.").

prohibition precludes shareholders from initiating actions to enforce the rights of the corporation. Thus, a shareholder (even a shareholder in a closely-held corporation) may not sue for personal injuries that result directly from injuries to the corporation."); and

WHEREAS because all of Plaintiff's claims in the SAC stem from interference with the development of the Subject Property (ECF No. 167 ¶ 16) or eviction and foreclosure proceedings in connection with the Subject Property (id. ¶¶ 42, 43, 45, 52, 54), Plaintiff's claims must all be dismissed for lack of standing. *See* ECF No. 80 at 15 (Plaintiff "lacks standing to bring claims based on injuries to Calm, its interests, or its property."); *see also Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554, U.S. 724, 734 (2008) ("The standing inquiry focuses on whether the party invoking jurisdiction has the requisite stake in the outcome when the suit was filed.").

Accordingly, IT IS on this 13 day of March 2020:

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 173, 174, 176, 177 and 178) are **GRANTED**; and it is further

**ORDERED** that the SAC is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff may file an amended complaint (to be titled the "Third Amended Complaint") that specifically alleges why Plaintiff has standing to bring claims related to the Subject Property if he was not the owner of the Subject Property;[4] and it is further

**ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED.**

                                                        Claire C. Cecchi, U.S.D.J.

---

[4] Plaintiff may not incorporate his other filings by reference. All factual allegations and claims should be included in the Third Amended Complaint.

3