**Richard A. Epstein**
1719 Basildon Road
Mount Pleasant, SC 29466
732-598-3744

Email: raelaw1953@gmail.com

April 3, 2020

Via Electronic Court Filing

Hon. Claire C. Cecchi, U.S.D.J.
United States District Court of New Jersey
Martin Luther King Building
50 Walnut Street
Newark, NJ  07101

Re: D'Antonio v. Borough of Allendale, et als.
    Civil Action No. 2:16-cv-00816 (CCC) (JBC)
    Plaintiff's Motion for Reconsideration and Other Relief
    Returnable:  April 20, 2020

Dear Judge Cecchi:

      I am a defendant in this action and represent myself in this case. Please accept this Letter Brief in lieu of a more formal brief in opposition to Plaintiff's Motion for Reconsideration of the Court's March 13, 2020 Order dismissing the Plaintiff's Second Amended Complaint (the "SAC"), and requesting dismissal of Plaintiff's Third Amended Complaint filed with the Court (Document 260-4)

      In the first instance, I join in the arguments set forth in the Letter Brief filed by Mary McDonnell, Esq. on behalf of the Borough of Allendale defendants, and by Leonard Seaman, Esq., on behalf of the Bergen County Sheriff's Office. In his moving papers, Plaintiff has failed to provide any legal or factual basis for granting of the motion for reconsideration, as required in accordance with the well settled cases cited in Mr. Seaman's letter brief. While the Plaintiff's moving papers are largely incomprehensible, the sole basis of Plaintiff's motion for reconsideration is his mere belief and conclusion that the Court was simply wrong in dismissing his SAC for lack of standing. Plaintiff cites no law whatsoever in support of his motion, and merely relies on the pleadings set forth in the SAC to support his argument that he has standing to pursue this case. Plaintiff seems to think that if he screams loud enough that Judge Cecchi was wrong in dismissing his SAC, the Court will grant his motion. Such an approach is clearly insufficient to establish the within relief requested by Plaintiff.

In addition to the arguments made by counsel for these other defendants, I make the following further arguments in opposition to the Plaintiff's current motion and for dismissal of his Third Amended Complaint (the "TAC"), with prejudice..

**Procedural Defects.**

Plaintiff has failed to obtain leave of Court to file this motion as required by Order of Magistrate Judge James B. Clark entered on August 5, 2016 (Docket No. 64). That Order has not been terminated or withdrawn by the Court. That Order was entered to prevent Plaintiff from filing motions that waste the Court's time and that of opposing counsel. This motion by Plaintiff is a clear example of such a baseless and wasteful motion.

**Plaintiff's Misstatements and Distortions.**

Mr. D'Antonio continues his penchant for making false statements to the Court, which are both reckless and largely irrelevant to this case. He needs to be admonished to cut it out.

For instance, in Paragraph 1 of his Brief in Support of Motion (Document 260-2), Plaintiff asserts that I appointed Bonnie Weir (who he claims is my daughter) of the Weir Law Firm to handle this matter going forward. To the contrary, I am still handling this matter. Furthermore, Bonnie Weir is not my daughter. My only daughter resides with me in South Carolina. How Mr. D'Antonio came to his conclusion that Bonnie Weir is my daughter is a real mystery. To set the record straight and to avoid any further conjecture by Plaintiff, Ms. Weir is not my daughter, sister, aunt, mother, grandmother, or any other relation to me. She is the attorney who took over my files when I retired. That's it.

Plaintiff repeatedly alludes to the fact that I moved to South Carolina as if it was done in an effort to avoid responsibility in this lawsuit. He seems to have convinced himself that I left New Jersey to run and hide from him. He gives himself too much credit. When I retired, I decided to opt for milder winters, a lower cost of living, and all the wonderful things the Charleston area has to offer. I'm still here to defend this baseless lawsuit.

As the last, but not least, example of Plaintiff's reckless and baseless allegations, are his repeated assertions that I bribed and extorted the Bergen County Sheriff to illegally foreclose on Calm Development and to evict him from the property. To again set the record straight, IT NEVER HAPPENED. In support of his assertion of bribery, Plaintiff points to "Judge Innes Order compelling the Sheriff to return funds which Mr. Epstein was responsible for arranging". (See Document 260-1, at Page 1). In Paragraph 24 of his Third Amended Complaint (Document 260-4) Plaintiff further alleges that "Mr. Epstein bribed the Sheriff Department to illegally evict me. Plaintiff had a lease and the Sheriff extorted $60,000 from Mr. Epstein Judge Innes Submitted an Order compelling the Sheriff to return the funds and they refused".

Attached hereto are two (2) Orders Directing Sheriff to Pay Additional Sums Due to Plaintiff, entered by Superior Court of New Jersey Judge Paul Innes, P.J.Ch. in the Emigrant Mortgage Company foreclosure action. These two documents were previously entered upon this Court's docket as part of Document 232-4. These two Orders directed the Sheriff to pay to Emigrant from the proceeds of the Sheriff's sale of the property the total sum of $60,478.35. As

2

set forth in each of these Orders, the money was awarded by the Court to Emigrant, in addition to the amount to be paid pursuant to the Writ of Execution, for monies advanced by Emigrant for real estate taxes, insurance and inspections subsequent to the entry of original Writ in the foreclosure action. This is a standard form of Order regularly entered in foreclosure actions to reimburse foreclosing plaintiff's for funds they advance to protect property until the Sheriff's sale actually takes place. On the very face of these Orders, it is clear they were entered to reimburse Emigrant for advances they made to protect the subject property. Plaintiff's alternative reading of these Orders to establish a bribe paid by me to the Sheriff ignores reality, and is downright dishonest.

**The Third Amended Complaint Must Be Dismissed With Prejudice.**

This Court's March 13, 2020 Order dismissing the SAC, permitted Plaintiff to file a TAC that specifically alleges why Plaintiff has standing to bring claims related to the Subject Property if he was not the owner of the Subject Property. In footnote 4, the Court expressly directed that Plaintiff may not incorporate his other filings by reference and expressly stated that all factual allegations should be included in the Third Amended Complaint.

The TAC just filed by Plaintiff (Document 260-4) is in actuality the fifth complaint he is filing in this matter. (Document Nos. 1, 84, 166 and 167 were the previous complaints). It can't be said that Plaintiff has not been given ample opportunity to set forth his claims in proper form and substance. Yet, this TAC is the worst of the bunch in setting forth a cause of action against me, and is completely lacking in the required substantive allegations. However, for purposes of the instant filing by Plaintiff, I will only direct my objections to the standing issues which this Court directed him to address in a third amended complaint. I specifically reserve the right, if the Court so requires, to file a formal fourth motion to dismiss this latest complaint, including the numerous other defects in the TAC filed by Plaintiff.

While the TAC is largely incomprehensible, and is more a stream of consciousness than a legal pleading, the Plaintiff's standing allegations for the most part duplicate those set forth in his prior complaints, all of which were previously rejected by this Court. In the Court's February 21, 2017 Opinion in this matter (the "Opinion") dismissing Plaintiff's first filed Complaint, the Court addressed the same standing allegations raised Plaintiff in his TAC (Document 80, at pages 14-17). As the Court has repeatedly noted, the subject property was owned by Calm Development, Inc. at all relevant times. At page 15 of the Opinion, Judge Cecchi, citing established legal precedent, held that a stockholder, director, officer or employee of a corporation has no personal or individual right of action unless the shareholder or officer suffers an injury separate and distinct from that suffered by the corporation as a result of the wrongdoer's actions. Accordingly this Court determined that Plaintiff "lacks standing to bring claims based on injuries to Calm, its interests, or it property. Calm owned the Subject Property during the relevant time periods in the Complaint".

In his TAC, Plaintiff argues that he has standing because he is the settlor of the D'Antonio Family Living Trust (the "Trust"). He made the same argument in his opposition to my first motion to dismiss the Complaint, which was granted by the Court. At page 16 of the Opinion, Judge Cecchi rejected this standing argument by Plaintiff and held that "Nevertheless, Plaintiff still appears to lack standing", and further stated that "the Court cannot find Plaintiff has

been directly injured based on alleged injuries to the Trust". We also note that it is elemental that a settlor, or grantor of a trust, has no automatic authority to act for the trust, or in his individual capacity.

In connection with Plaintiff's Trust argument, at Page 16 of the Opinion, the Court rejected Plaintiff's standing argument based upon the letter from Joseph S. DiMaria, Esq. and the Calm corporate resolution dated April 28, 2014 annexed thereto. Those documents are included as Document 260-8 in Plaintiff's current filing with the Court. As noted by the Court in the Opinion, Plaintiff claims that Calm transferred its assets and liabilities to him on April 28, 2014, after which time Plaintiff apparently transferred those assets to the Trust, although nothing submitted by Plaintiff indicates when this transferred occurred. Assuming arguendo, that Plaintiff transferred all of Calm's assets to the Trust, he retains no personal right of action on behalf of Calm.

In his TAC, Plaintiff does appear to make one new standing argument. In Paragraph 25 of the TAC (at Page 11), he now asserts for the very first time that Calm Development was not used as a corporation and therefore its corporate existence should be completely ignored. An absurd and self serving argument by Plaintiff, which flies in the face of basic corporate law, whether or not the corporate charter was revoked. One must ask why the April 28, 2014 corporate resolution by Calm Development was even necessary to close the corporation if as Plaintiff asserts, it didn't even exist. We can rest assured that when faced with a claim of personal liability for the debts of Calm Development, Plaintiff would without hesitation attempt to hide behind the corporate veil. An assertion of standing by Plaintiff based upon a magically disappearing corporation fails miserably.

The above clearly demonstrates that Plaintiff has failed to satisfy the Court's requirement in its March 13th Order that he allege a valid basis for his personal standing in this case. Given the long history of this case and the Plaintiff's repeated failure to establish the requisite standing, it is clear that the TAC recently filed by Plaintiff must be dismissed.

For the reasons set forth above, it is respectfully submitted that Plaintiff's within Motion must be denied, and his TAC dismissed with prejudice..

Respectfully submitted,

/s/ Richard A. Epstein, Esq.

cc: Michael A. D'Antonio (Via ECF)
All Counsel (Via ECF)

4