Michael D'Antonio

Wed 6/24/2020 7:42 PM

To:

- NJD-HelpDesk

Dear Judges Cecchi and Judge Clark:

Please accept this E-mail in Opposition to the above referenced Submission by the Defendants Borough of Allendale.

1. The Pfund McDonnell Firm has submitted testimony about facts that the Plaintiff has submitted thereby by testifying as to facts. The Attorneys are not fact witness' and have failed to produce depositions of the Current Mayor, The CFO, The Borough Clerk/Custodian of Records or members of the staff. Nor have they used the decision of the Ghironda Report, which is fact sensitive in support of all Plaintiff's submission and has not been opposed or countered by the Defense FIRM PFUND MCDONNELL, As such the instant letter should be suppressed.
2. The Firm attempted to Forum Shop Judge Hammer to decide a motion without leave of the Court and removing Judge Clark.
3. Opposition by this Plaintiff prevailed in Judge Clark maintaining the disposition of the Motions pending.
4. The Firm did not state that the Plaintiff's complaint was REOPENED in the presence of material which required the Court to make decisions upon.
5. The Firm did not state that the case was Ordered to be reopened ECF No 276 5/13/20 " Ordered that the Clerk of the Court shall reopen this case to allow the Court to consider Plaintiff's submissions.
6. The instant letter before the Court ECF No 287 must be suppressed as to form and content matter in violation of RPC and Federal RICO Predicates Title 544 Section 2 and Title 654 Statute of Limitations
7. The Relevant Procedural History as stated on Page 2 section A are moot and not factual or reminding the Court that the matter is reopened.
8. Plaintiff filed Subpoenas and as a result of same and in addition to the Financial documents submitted by Plaintiff allow the Court to deny the Firm's Improper request for any relief, as it violates all the Federal Rico predicates including MONEY LAUNDERING.
9. In Section B "Request for Continued Stay on Discovery " first paragraph the Firm states "In defiance of civil procedure Plaintiff continues to file numerous improper submissions with false and defamatory statements ." The Firm does not clarify this submission and as the Court and the

Clerk's Office is aware Plaintiff submitted exact duplicate copies of the Borough of Allendale's Budget Report, Redacted Bank Statements proving the account exists whereby interest is being earned and thereby exasperating the truthfulness of the submitted Budget Reports these documents prove by simple math that the amount collected by the Tax collector and the CFO far exceed the amount of funds necessary to operate the Borough of Allendale. The Revenue Transaction Audit Trail Further Proves that wire transfers are being made and that hundreds of thousands of Dollars annually, of tax payers and Plaintiff's moneys are not being truthfully accounted for.

10. The Revenue Transaction Audit Trail further does NOT SHOW the **builders escrow** activity nor the truthful amount of funds totally collected from all sources of Revenue.

11. The Revenue Transaction Audit Trail shows the Borough purchased a large property and collects over $66,000.00 monthly with no real estate taxes as the town owned properties do not get a property assessment so these funds are also not accounted for in the revenue stream to the Tax payers on the Budget report.

12. As to defamatory statements the Firm has submitted no counter statements to PROVE Defamation by this Plaintiff or document by document proving defamation.

13. The Firm States 2nd paragraph Section B "Plaintiff has provided no legal basis nor any factual predicate for discovery demands to be issued. The stay of discovery should continue until the motion to dismiss the 3rd Amended Complaint is ultimately decided. The use of discovery prior to this decision would severely prejudice Defendants and involve them in unnecessary, costly litigation expense ultimately born by the tax payer." This is false as the Plaintiff has proven standing in several ways. The Plaintiff also recites that the Insurance policy endorsed by the JIF ( Joint Insurance Fund) in the Plaintiff's name solely, allows the JIF to pay for the litigation. This is why the Firm keeps making responses like this, they get paid for every Motion and Letter that they send.

14. The Firm is silent about Plaintiff's submissions of Legal RICO PREDICATES and Statute of Limitations.

15. The Firm is incorrect about the Discovery requests in that the discovery will further add to the existing proofs before the Court and may reveal exactly how much money is being laundered to Elected or appointed Officials of the Borough and how much money is owed to the Plaintiff on just tax over appropriations and that it is the Plaintiff's legal right to discovery and is part of every Law Suit.

16. In that Ms. McDonnell of the firm labeled me a "Serial Litigator" I take extreme exception to her closing statement about filing unnecessary, defamatory and harassing submissions.

17. This Plaintiff and the Attorneys Client still have the option of settling this matter as offered in Plaintiff's prior attempts to settle this and Plaintiff will withdraw the complaint upon receipt of payment for the damages.

18. No other Defendants opposed Rule 26 Discovery!

19. The Law Firm did not include a Certification of Truthfulness on their submission.

I certify that the above statements are true, I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Michael A. D' Antonio

Please enter this on the ECF System as notice to all parties

CC: Judge Cecchi, Clerk W.T. WALSH