Michael A. D'Antonio
P.O. Box 55
Allendale NJ 07401
mad.316@hotmail.com
cell 201-962-5881
fax 201-857-4411

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2020 JUL 16 A 9: 53

7-13-2020

Magistrate Judge James B. Clark
Chambers
Mr. W.T. Walsh
U.S. District Court
50 Walnut Street
Newark New Jersey 07101

    Re: D'Antonio vs Borough of Allendale
       Docket No. 2:16-cv-00816
       Writs of Execution Return of Personal Residence

Dear Judge Clark and Mr. Walsh

      This matter is over 4 1/2 years on the Docket. I understand that the District Court may have other matters, however due to the age of this matter a simple matter of signing the Orders approving the execution of the Writs against Thomas Monahan and Louis Capazzi and the return of my personal residence could not take more that an hour.
      No Opposition is in place for my requests by any Defendants. Your Honor signed final default Judgment by ECF No 146 and on 08/28/2017 ECF No 147 Clerk's Entry of Default was entered, this will be 3 years old in one month.
      In Contacting the U.S. Marshall's Office they state you must sign the Writs. As this much time has passed it becomes more difficult to collect on the Named Defendants assets. This is only a partial finding and or judgment in interest so I can Move my Mother
      In regard to my personal home I have explained that my elderly Mother who is 90 and infirmed in a Nursing Home makes only one request not to let her die in that Nursing Home. Please sign an Order compelling the vacating of the illegal Sheriff's Deed transferring title to the Retained Realty / Emigrant Savings Bank with Mr. Richard Epstein Esq. representing the Banks. Mr. Epstein a named Defendant paid the $1500.00 regular eviction fee and then when the Sheriff was requested to NOT send notice to me or my attorney Louis Capazzi, Mr. Epstein paid the Sheriff's Department $13,000.00+- and when the Sheriff's Department further saw that the Contract with the Bank only allowed a sale of the property and NO EVICTION, the Sheriff's Department Extorted an additional $47,000.00 which was paid through Mr. Epstein. The Illegal eviction took place and the Sheriff's Department terminated all employees related in the Sheriff's Sale and the Eviction. Judge Innes a Chancery Judge ordered the Sheriff's department to return the funds and the Sheriff's Department refused. Neither Mr. Epstein not Mr. Seaman submit opposition to my former submissions as to these facts.
      Separate and apart of the standing issue, Mr. Seaman seems to think his clients are privy to a benefit due to the standing issue. How the Court makes its determination Mr.

Seaman's request to join his clients in any benefit should be moot as standing is affirmed in being an injured party and sole owner and that only Plaintiff D'Antonio was evicted and no other tenants of the property. Any claims against the Sheriff Department are based solely upon illegal conduct of the Sheriff's personnel by not giving prior notice of the Sheriffs sale, by not abiding by the anti-eviction act and the fact that the Sheriff Dept. extorted Mr. Epstein on behalf of the Banks. Mr. Seaman has not denied the Import of Judge Innes Order compelling the Sheriff to Return the extorted funds.

In regard to Your Honors Order requesting my position to prove standing, Plaintiff has submitted proof of standing and sites relief under the Statute of Limitations 654 Statute of Limitations and Rico 18 U.S.C. sec. 1961. Further, after 4 years of this matter being before the Court the defendants Borough of Allendale, Mr. Pfund, Ms. McDonnell and Mr. Bole allege Standing issues which is barred as to the 2 year statute of Limitations. Further, Plaintiff submitted ECF No 274 to Judge Cecchi 3rd Page mid-page Ross v Bernhard 396 U.S. 531, 542 (1970) holding that a derivative shareholder action, shareholders possess the same rights to a trial by jury as a corporation and vice versa. If any party at interest fails to accept Plaintiff as sole owner than Plaintiff has to be viewed as derivative shareholder or sole shareholder. However as explained the State Filing was not made and the Corporation had not legal standing.

Yet, Ms. McDonnell and Mr. Pfund state Judge Cecchi's Order March 13, 2020 ordering Plaintiff to specifically allege why Plaintiff has standing to bring claims related to subject property "if" he was not the owner of the subject property.

Plaintiff further submits that Judge Cecchi stated that "any party who had separate injuries apart from a Corporation may collect on those injuries". Plaintiff proves Standing on April 28, 2020 ECF No 274 and is now being required to prove again under your Instant Order.

Plaintiff, solely, paid for the Down payment, the Mortgage payments which included the Real Estate Taxes, the Real Estate Tax Escrow, the Renovations to the property and the Attorney fees defending 9 litigations imposed by former Borough Attorney David Bole and the 19 ordinances formed and labeled the "D'Antonio Ordinances drafted by Mr. Bole and enforced against Plaintiff only. This and the fact that the Joint Insurance Fund issued a liability policy only in the name of D'Antonio is another form of standing. No Corporate entity was covered under such policy also previously submitted to Judge Cecchi.

Plaintiff is also entitled to Trebled Damages under the RICO Statutes. In that your Honor has denied the Defendants Motion to Quash, Plaintiff requests leave of this court to serve additional subpoenas to produce documents to the NJ Cash Management Fund which did NOT answer the first Subpoena, to further prove how much funds are earning interest by the Borough of Allendale, which is not declared and or used to offset increases to operate the Borough on the filed Borough Budget Reports.

The Documents in evidence already show conflict of facts as to undeclared revenue streams and the Revenue Audit Trail and the annual Budget reports do not reflect the total amounts of revenue as declared and showing on the Revenue Transaction Audit Trails.

This means the Plaintiff has established facts and proved Claims for which relief can be granted upon.

Plaintiff requests Mr. Walsh to enter this on the ECF system as notice to all parties at interest.

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am further aware that if any of the forgoing statements are willfully false I am subject to punishment.

7-13-2020

Michael A. D'Antonio