Leonard E. Seaman (LS-4799)
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendant, Bergen County Sheriff's Office (improperly pleaded as "Bergen
County Sheriff's Department)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. D'ANTONIO,<br><br>                              Plaintiff,<br><br>            vs.<br><br>PASSAIC RIVER COALITION;<br>BOROUGH OFALLENDALE; STILES<br>THOMAS; JOHN ALBOHM; DAVID<br>BOLE; DAVID PFUND; MARY<br>MCDONNELL; RICHARD EPSTEIN;<br>THOMAS MONAHAN; MARK CARTER;<br>LOUIS CAPAZZI; AND BERGEN<br>COUNTY SHERIFFS DEPT.<br><br>                              Defendants. | Docket No.: 2:16-cv-00816-CCC-JBC<br><br><br>Civil Action<br><br>**CERTIFICATION OF<br>LEONARD E. SEAMAN** |

I, Leonard E. Seaman, hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and am a member of the bar of the

United States District Court for the District of New Jersey.

2.      I am Of Counsel with the Law Offices of Richard Malagiere, PC, attorneys for the

Defendant, Bergen County Sheriff's Office (improperly pleaded as "Bergen County Sheriff's

Department") (the "BCSO") in the above captioned matter.

3.      I am responsible for the handling of this matter and am fully familiar with the facts

set forth herein. I make this certification in support of the BCSO's motion to dismiss the Third

Amended Complaint.

4.       Annexed hereto as Exhibit A is true and accurate copy of the Complaint filed by Michael A. D'Antonio in the matter of <u>D'Antonio v. Retained Realty, et al</u>., Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-4562-15 (the "State Action").

5.       Annexed hereto as Exhibit B is a true and accurate copy of the decision and order by the trial court in the State Action on the dispositive motions by all parties.

6.        Annexed hereto as Exhibit C is a true and accurate copy of the opinion of the Superior Court of New Jersey, Appellate Division affirming the trial court's rulings in the State Action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.


                              <u>s/ Leonard E. Seaman</u>
                              Leonard E. Seaman

Dated: August 10, 2020

EXHIBIT A

Michael A. D'Antonio
Plaintiff Pro Se
PO BOX 55
Allendale NJ. 07401
201-962-5881 cell
201-797-1245 fax
mad_316@hot mail.com



RECEIVED

MAY 15 2015

SUPERIOR COURT OF NEW JERSEY
COUNTY OF BERGEN
FINANCE DIVISION

SUPERIOR COURT BERGEN COUNTY
FILED

MAY 15 2015

DEPUTY CLERK

MICHAEL A D'ANTONIO
Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION- BERGEN COUNTY

vs

DOCKET NO. BER-L- 4562-15

RETAINED REALTY
NETWORK TRUCKING
BERGEN COUNTY SHERIFF DEPT
PATRICIA EGAN
Defendants

CIVIL ACTION

**COMPLAINT**

        Plaintiff by way of complaint against Defendants says:

1. At all times hereinafter mentioned Plaintiff was a tenant in possession of the rear house
at 316 East Allendale Ave. Allendale New Jersey 07401. Plaintiff paid rent to Calm
Development the Deeded Owner of said property.

2. Calm Development Inc defaulted on said note and mortgage and was foreclosed upon.

3 A Writ of Eviction was issued by the Superior Court Chancery Division and was
served.

4. May 14, 2014 the Bergen County Sheriff's Department arrived and proceeded to evict
Plaintiff in opposition to same and service upon said officers of the presence of a lease
and the protection of the anti-eviction law, which made the eviction unlawful and
improper. The next day May 15, 2015 the Sheriff Department said the eviction was
completed and not to return to the property even though I did not receive all my property.
The Sheriff department acted in a negligent  willfully illegal manner in the disposition of
my personal property and or the safeguarding or delivery of same to a designated storage
facility

5. The Defendant Retained Realty hired Terry O'Conner as an agent and Realtor to
effectuate the sale of the property. Patricia Egan was the agent who assisted the Bergen

1 a



EXHIBIT
D-1
5/18/16

County Sheriff's Department in coercion of me signing a release of any or all property remaining on the premises during the eviction or be forcefully removed from the premises with out the removal of my personal property.

6. Retained Realty hired Network Trucking a service company soley used by Retained Realty to evict peoples possession and move them to a storage facility.

7. Richard Epstein Attorney for Retained Realty and Emigrant Savings Bank sent a response Email to me under request for the contact information of Network Trucking and gave Plaintiff the name of "AAron" and a phone number. Said E-Mail also contains the edification of a rescission of the release that was signed under coercion and within the 3 day review period.

Plaintiff sustained the loss of personal property by way of damages caused by the named defendants. After hours of packing Plaintiffs personal belongings, Ms. Egan and Officer Regan of the Sheriff's department made representation that "all" my possessions were packed onto Network Trucking Trucks. Ms. Egan and the Sheriff Officer refused me to access the Stove the cabinets next to the Stove the rear yard and the two sheds and the three car garage which was padlocked and still had my possessions. When Plaintiff questioned both Defendants Egan and Regan they denied me access to regain my possessions.

8. Upon contacting AAron at Network Trucking 516- 574- 1047 he declined any further assistance and refused to answer any further calls.

9. When I arrived at the Storage facility I watched the employees of Network Trucking unload and move my possession. I watched as these people damaged several antique car parts worth several thousands of dollars new seat covers were ripped several thousand dollars of tools and equipment were not delivered to either storage unit.

10. Upon plaintiff's return to his sons house he discovered that the tools and equipment were not at his sons house or in the next door neighbors garage.

11. After 4 months of living with my son and finally finding adequate living space, plaintiff unloaded the personal property that was packed by Network Trucking. Several thousand dollars of damages were sustained to the art work and various silver and china possessions of Plaintiff and the Mahogany Grandfather Clock is damaged along with the

Bedroom furniture the moving people picked up the furniture by the decorative brass handles and broke the brass handles three are missing on a set that has 28 handles.

12. To this date Plaintiff has failed to locate the Lionel Trains and accessories from 1953 these two items are worth over $10,000.00 Plaintiff is damaged in excess of $20,000.00

**WHEREFORE, Plaintiff demands** Judgment against the named defendants for damages together with costs of suit.

## CERTIFICATION PURSUANT TO R. 4:5-1

I Certify that the above matter is not the subject of any other proceeding or arbitration and no other persons know to me at this time should be joined in this matter.

I further certify that the above statements are true and that if the above statements are willfully false I am subject to punishment.

The Address of the Defendants are :

Retained Realty 5 East 42nd Street NY, NY 10017

Richard A Epstien 2 Bucks Lane Marlboro NJ 07746. 732 -3030- 8599

I do not know Network Trucking address

Patricia Regan Terrie O'Conner Realtors W. Allendale Ave Allendale NJ

Bergen County Sheriff 10 Main Street Hackensack NJ 07061

Thank You,

Michael A. D'Antonio

5 -15 -15

# EXHIBIT B

Michael A. D'Antonio
Plaintiff Pro Se
2-08 Kenneth Ave
Fairlawn, NJ. 07410
201-962-5881 cell
201-797-1245 fax
mad.316@hot mail.com

**FILED**
FEB 2 1 2017
ESTELA M. DE LA CRUZ
J.S.C.

---

**MICHAEL A. D'ANTONIO**
**Plaintiff**

     **vs**

**RETAINED REALTY et als**
**Defendants**

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: BERGEN COUNTY**

**DOCKET NO. BER-L-4562-15**

**CIVIL ACTION**

---

**D'ANTONIO FAMILY LIVING TRUST**
**Cross Third Party Plaintiff**

     **vs**

**EMIGRANT MORTGAGE CO. INC**
**BOROUGH OF ALLENDALE**
**Cross Third Party Defendants**

~~PROPOSED~~ ORDER DENYING
~~GRANTING~~ SUMMARY JUDGMENT

(Sept. 22, 2016 Motion)

---

    **This Matter** having been opened to the Court by Plaintiff's, and Plaintiff's

seeking Summary Judgment on the Moving Papers and the Lack of Discovery of all

named Defendants and GOOD Cause having been shown, it is on this **21st** Day of

~~February 2017~~ ~~Ordered that~~ ordered that, based on reasons

given in 20-page decision issued on this date, the

~~1. The Deed to 316 E. Allendale Ave. Allendale NJ, 07401, Block 701 Lot 15 be vacated~~

MOTION IS DENIED.

~~and that Title be recorded and filed and returned to DFLT.~~

~~2. Emigrant Savings being found in Default of the Surety aspect of the Note signed by~~

~~Calm Development and Guaranteed by Michael A. D'Antonio and return the collected~~

~~rents in the amount of $30,000.00. Cost of being evicted and damages $47,476.16.~~

**OPPOSED**

ESTELA M. DE LA CRUZ, J.S.C.

GEORGE W. WRIGHT & ASSOCIATES, LLC
505 Main Street
Hackensack, NJ  07601
(201) 342-8884

**FILED**

FEB 2 1 2017

ESTELA M. DE LA CRUZ
J.S.C.

Attorneys for Defendant
NETWORK TRUCKING

| | |
|---|---|
| MICHAEL A. D'ANTONIO, | ) SUPERIOR COURT OF NEW JERSEY |
| | ) LAW DIVISION:  BERGEN COUNTY |
| Plaintiff, | ) |
| | ) Docket No.: L-4562-15 |
| v. | ) |
| | ) **ORDER GRANTING** |
| RETAINED REALTY, NETWORK | ) **SUMMARY JUDGMENT** |
| TRUCKING, BERGEN COUNTY SHERIFF | ) |
| DEPT., PATRICIA EGAN, | ) (Oct 20, 2016 Cross-Motion) |
| | ) |
| Defendants. | ) |
| | ) |

THIS MATTER having been opened to the Court upon the application of George

W. Wright & Associates, LLC, counsel for defendant NETWORK TRUCKING, and the Court

having considered the papers submitted in support of and in opposition to the application, and for *and oral argument,*

good cause shown *and for reasons set forth in 20-page decision issued on this date,*

IT IS on this 21st day of February, 2016 7,

ORDERED that NETWORK TRUCKING's cross-motion for summary judgment

dismissing the Complaint with prejudice be and hereby is granted; and

ORDERED that plaintiff's claims for any and all items abandoned at the eviction

property is dismissed with prejudice; and

ORDERED that plaintiff's claims for missing items, including the Lionel train

set, is dismissed with prejudice; and

A copy of this Order shall be served
upon all counsel/parties within
seven (7) days of the date hereof.

ESTELA M. DE LA CRUZ, J.S.C.

**OPPOSED**

**FILED**

FEB 2 1 2017

ESTELA M. DE LA CRUZ
J.S.C.

Richard Malagiere – 0379511996
Leonard E. Seaman - 035021990
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendant, Bergen County Sheriff's Department

| | |
|---|---|
| **MICHAEL A. D'ANTONIO** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | |
| | DOCKET NO.: BER-L-4562-15 |
| v. | Civil Action |
| **RETAINED REALTY; NETWORK<br>TRUCKING; BERGEN COUNTY<br>SHERIFF'S DEPARTMENT; and<br>PATRICIA EGAN** | **ORDER GRANTING SUMMARY<br>JUDGMENT TO DEFENDANT BERGEN<br>COUNTY SHERIFF'S DEPARTMENT<br>AND DISMISSING ALL CLAIMS AND<br>CROSS-CLAIMS AGAINST DEFENDANT<br>BERGEN COUNTY SHERIFF'S OFFICE<br>WITH PREJUDICE** |
| Defendants | |

*(Oct 21, 2016 Cross-Motion)*

THIS MATTER having been opened to the Court by Defendant, Bergen County Sheriff's

Department for an Order granting Summary Judgment and the Court having considered the

moving papers, opposition, and arguments of counsel, and for good cause shown, *and for reasons*
*set forth in 28-page decision issued on this date,*

IT IS this ___21st___ day of ___February___, 2017

ORDERED that summary judgment is hereby granted as in Defendant, Bergen County

Sheriff's Department against Plaintiff, Michael A. D'Antonio, as to all issues; and

IT IS FURTHER ORDERED that all claims by Plaintiff, Michael A. D'Antonio (and any

and all cross-claims by any co-defendants) against Defendant, Bergen County Sheriff's

Department are hereby DISMISSED WITH PREJUDICE; and

ESTELA M. DE LA CRUZ, J.S.C.

A copy of this Order shall be served
upon all counsel/parties within
seven (7) days of the date hereof.

OPPOSED

FILED
FEB 21 2017
ESTELA M. DE LA CRUZ
J.S.C.

Richard A. Epstein, Esq. (#003021980)
Richard A. Epstein, P.C.
2 Bucks Lane
Marlboro, NJ 07746
(732) 303-8599
Attorney for Defendant, Retained Realty, Inc.

| | |
|---|---|
| MICHAEL A. D'ANTONIO,<br><br>Plaintiff,<br><br>vs.<br><br>RETAINED REALTY, INC., NETWORK TRUCKING, BERGEN COUNTY SHERIFF DEPT, PATRICIA EGAN,<br><br>Defendants | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: BERGEN COUNTY<br>:<br>: DOCKET NO. BER-L-4562-15<br>:<br>: CIVIL ACTION |
| RETAINED REALTY, INC.<br><br>Third Party Plaintiff,<br><br>vs.<br><br>CALM DEVELOPMENT, INC.<br><br>Third Party Defendant, | : **ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT, RETAINED REALTY, INC. AS AGAINST PLAINTIFF**<br><br>(Oct 20, 2016 Cross-motion) |

This matter being opened to the Court upon the application of Richard A. Epstein, P.C., attorney for the defendant, Retained Realty, Inc., on Cross-Motion for an Order For Summary Judgment against plaintiff, Michael A. D'Antonio, and it appearing to the Court that due notice of this Cross-Motion has been given to the plaintiff, Michael A. D'Antonio and to all counsel of record, and the Court having considered the matter and good cause appearing;

IT IS on this 21 day of February, 2017,

ORDERED, that Summary Judgment is hereby granted to defendant, Retained Realty,

Inc. as against the plaintiff, and plaintiff's Complaint be and is hereby dismissed as against the

defendant, Retained Realty, Inc., with prejudice, for the reasons set forth by the Court ~~on the~~ *in its*

*20-page decision issued on this date; fees to* ~~record, together with said defendant's costs and attorney fees to be determined by the Court upon~~

*Retained Realty are denied as such fees are* ~~submission of a certification of services by counsel for Retained Realty, Inc.~~; and it is

*requested without supporting legal basis;*

FURTHER ORDERED, the Summary Judgment is hereby granted to Retained Realty,

Inc. on its counterclaim against Michael A. D'Antonio for the security deposit and rents paid by

the residential tenant of the premises located at 316 E. Allendale Avenue, Allendale, New Jersey

(the "Property"), in the sum $11,600.00, for the reasons set forth by the Court ~~on the record,~~ *in its*

*20-Page decision issued on this date; again,* ~~together with defendant's costs and attorney fees to be determined by the Court upon submission~~

*fees are denied FOR same reasons given above* ~~of a certification of services by counsel for Retained Realty, Inc.~~; and it is

FURTHER ORDERED, that a copy of this Order be served upon plaintiff and all counsel

of record within seven (7) days from the date hereof by regular mail.

ESTELA M. DE LA CRUZ, J.S.C.

X Opposed

~~Unopposed~~

MICHAEL A. D'ANTONIO,
                    Plaintiff,

            v.

RETAINED REALTY, INC., NETWORK TRUCKING,
BERGEN COUNTY SHERIFF'S DEPARTMENT,

            Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY
Docket No. BER-L-4562-15
Civil Action



DECISION REGARDING 9/22/2016 Motion
and
10/20/2016, 10/20/2016 and 10/21/2016
CROSS-MOTIONS FOR SUMMARY
JUDGMENT

Argued:       November 30, 2016

Decided:      February 21, 2017

Appearances: Michael A. D'Antonio, Plaintiff, Self-represented

            Richard A. Epstein, Esq., Richard A. Epstein, P.C.
            Attorney for Defendant Retained Realty, Inc.

            Narinder Parmar, Esq., George W. Wright & Associates, LLC.
            Attorney for Defendant Network Trucking

            Leonard E. Seaman, Esq., Law Offices of Richard Malagerie, P.C.
            Attorney for Defendant Bergen County Sheriff's Department

De La Cruz, J.S.C.

INTRODUCTION

THIS MATTER is before the Court by way of four Motions that were filed on September 22, 2016, October 20, 2016, and October 21, 2016. The September 22, 2016 Motion was filed by Plaintiff Michael A. D'Antonio, self-represented ("Plaintiff" or "D'Antonio") seeking Summary Judgment against all three named Defendants. The October 20, 2016 Cross-Motions for Summary Judgment were filed by Defendant Retained Realty, ("Retained") and Network Trucking, ("Network"). The October 21, 2016 Cross-Motion for Summary Judgment was filed Defendant Bergen County Sheriff's Department, ("BCSD"). The Court has considered all of the submissions

filed on these four Motions as well as the arguments presented orally on November 30, 2016. This is a decision in an earnest effort to satisfy R. 1:7-4(a).

FACTUAL BACKGROUND

In the most straightforward way, this litigation arises from what began as an eviction that occurred on May 14-15, 2014 at property located at 316 East Allendale Avenue, Allendale, New Jersey, pursuant to a February 11, 2014 Writ of Possession. At that time, Mr. D'Antonio was associated with that Allendale property, which was in foreclosure. Due to the foreclosure status, the property had been purchased by Defendant, Retained Realty. Retained Realty hired Network Trucking to conduct the eviction. The Bergen County Sheriff's Officers were on the scene at the time of the eviction.

Prior to the eviction, court orders were issued by the Court involving the foreclosure action and eviction, including the Writ of Possession. None of the prior orders were ever appealed by Plaintiff. One of the earliest related orders is that issued by Hon. Peter E. Doyne, A.J.S.C. (ret.) on December 12, 2012 in the original foreclosure action. The impetus for this litigation stems that far back where Judge Doyne issued an eight-page decision to enter final judgment in the foreclosure matter of Emigrant Mortgage Co., Inc. v. Calm Development Inc., Michael D'Antonio and Shirley Meek, Docket BER-F-47234-09. That decision begins with Judge Doyne recounting that Plaintiff Emigrant Mortgage Co., Inc. ("Emigrant") sought authorization for the Office of Foreclosure to enter judgment. The decision also recognized on its first page that Mr. D'Antonio had filed opposition and had requested a three month adjournment to obtain new counsel. After hearing oral argument on December 7, 2012, Judge Doyne set forth his reasons for the denial of Mr. D'Antonio's adjournment request and for the grant of Plaintiff's application for authorization

to enter a final judgment. The decision describes Mr. D'Antonio's opposition to the final judgment as untimely, given the span of time and the events that had preceded the motion for entry of final judgment. This included the grant of Summary Judgment to Plaintiff mortgage company on September 8, 2010. No opposition was filed on any of the prior motions filed by Emigrant, and Judge Doyne noted that no appeals were filed as to any of the orders entered through that point of entry of final judgment on December 7, 2012.

To this date, no appeal has ever been filed on any of the orders that led to the issuance of the Writ of Possession on February 11, 2014. Retained Realty was assignee of the successful bidder of the Sheriff's Sale which occurred on December 6, 2013 and Retained Realty was issued a Deed on December 16, 2013. On February 11, 2014, Retained Realty was issued a Writ of Possession, granting it the right to possess the property located at 316 E. Allendale Avenue, Allendale, New Jersey. D'Antonio filed a Complaint on May 15, 2015 seeking damages stemming from the eviction process and issuance of a Deed to Retained Realty and also Mr. D'Antonio claims damages from personal property were either damaged or missing as a result of the forced ouster.

ARGUMENTS PRESENTED ON MOTION

Plaintiff

Plaintiff seeks to have this Court overturn the issuance of the Deed to Retained Realty and the issuance of the Writ that was the impetus for the eviction that occurred on May 14-15, 2015. Plaintiff further argues that all the Defendants have intentionally avoided production of discovery in this litigation, or have otherwise violated the rules of discovery, and as such, the Court must rule that these failures support an adverse inference against them at trial. Plaintiff argues that

the procedural history that led to the Writ was not proper, and thus, he lacked a full and fair opportunity to litigate the eviction and ouster. He further argues that the Court has authority to set aside the judicial sale if there is evidence of error, mistake, accident or surprise, misconduct, fraud or irregularity in the conduct of the sale, and further claims that these elements are all present in the current case.

D'Antonio cites Rule 4:49-2, the rule regarding reconsideration, arguing that it is applicable to the instant matter for this Court to reconsider the legal orders that permitted the Sheriff's sale and subsequent Deed. Plaintiff argues that this Court should reconsider the foreclosure sale in its entirety. Calcaterra v. Calcaterra 206 N.J. Super. 398 (App. Div. 1986). Plaintiff also cites Rule 4:50 and argues that the Rule is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have the authority to avoid an unjust result in any given case. Manning Engineering, Inc., v. Hudson County Park Com., 74 N.J. 113 (1977).

Retained Realty

Retained Realty in its October 20, 2016 Cross-Motion argues that Plaintiff's Motion for Summary Judgment is without merit and should be denied in its entirety. Retained argues that this case is only about the alleged damage to Mr. D'Antonio's personal property resulting from his eviction yet, Mr. D'Antonio insists on re-litigating issues that were decided in the Foreclosure Action. Retained states that Plaintiff has thus completely ignored the September 18, 2015 and October 28, 2015 Orders in this litigation that denied his Motion to amend his Complaint to include the numerous foreclosure issues that he brings up in this instant Motion. Retained also

argues that Plaintiff has not provided a shred of evidence in his Motion that indicates that Retained Realty has any liability for the alleged damages to and loss of his personal property from the May 2014 eviction, and that he provides no evidence as to what the damages are, who caused the damages and specifically what property was allegedly lost. Retained further contends that it has provided substantial evidence establishing that it did not attend the eviction and was not involved in performing the actual eviction. As to this point, Retained maintains that Defendant Network Trucking performed all aspects of the actual eviction as an independent contractor using its own employees, equipment and methods, and thus, there is no evidence that Retained Realty laid a hand on any of Plaintiff's property. It is well settled that one who hires an independent contractor is not liable for the wrongful conduct of those contractors in the performance of their duties and services. Bahrle v. Exxon Corp., 145 N.J. 144, 156 (1996). The principal is generally not vicariously liable for the torts of the independent contractor if the principal did not direct or participate in them. Baldasarre v. Butler, 132 N.J. 278, 291 (1993). The underlying premise for this rule is that it is the independent contractor who controls the manner in which the work is performed and therefore it is the party who is responsible for any damages that result from its acts. Retained maintains that it is clear that Network Trucking controlled the manner of the eviction, not Retained Realty.

Retained argues that Plaintiff also executed a Personal Property Release ("Release") and a handwritten Eviction Satisfaction, wherein Mr. D'Antonio acknowledged and abandoned any personal property remaining at the Property and acknowledged that what was left behind would be disposed of. Plaintiff Retained argues that Plaintiff has tried to later reject that document by claiming that he rescinded the Release within three days of signing the document, but that

Plaintiff cites no legal authority to establish a three-day right of rescission with respect to this particular Release. Thus Retained argues that any of the property that he left on the Property after the eviction was abandoned or deemed to have been abandoned by him. The Eviction Satisfaction document that Plaintiff signed on the day of eviction also acknowledged that but for some damage to his property, he was totally satisfied with Network Trucking's removal of his belongings. Soon after the eviction, D'Antonio was granted access to the Property by Retained Realty to remove specific items and the email correspondence granting access does not mention most of the items that D'Antonio now claims were lost or damaged. Retained notes that it took Plaintiff a year to file his Complaint, which raises the question of why it took so long if these items were so valuable.

Retained also takes issue with Plaintiff's proposed form of Order, arguing that Plaintiff mistakenly believes that he can simply reacquire title to the property years later, as well as have the Court to order certain remedies involving non-parties to this case. Retained also disputes Plaintiff's cited cases, claiming that they are not relevant to the issues before this Court. Due to these arguments, Retained contends that Plaintiff's Motion for Summary Judgment is devoid of any facts or legal basis establishing retained Realty's liability for the damages to his personal property alleged in his Complaint, therefore his Motion must be denied.

Retained also argues that it is entitled to judgment on its Counter-claim against Plaintiff in the amount of $11,600. Retained argues that Plaintiff kept the $4,100 security deposit through Plaintiff's business, Calm Development Inc., ("Calm Development" or "Calm"), that had been paid by another non-party, a tenant of the main house on the property named Chrisan. Retained complains that D'Antonio refuses to return the money to Retained Realty, the party that is legally

entitled to hold the security deposit since they acquired title to the property via a Sheriff's deed on December 16, 2013. Since the Chrisan tenant has vacated the rental property and moved out, Retained Realty itself made good to the vacating tenant on the property by paying the Chrisan tenant their security deposit back, less the amount owed in back rent and damages that necessitated repairs. Plaintiff was required to turn over the security deposit under N.J.S.A. § 46:8-20, which provides

> "Any person, whether the owner or lessee of the property leased, who or which has or hereafter shall have received from a tenant or licensee a <u>sum of money as a deposit or advance of rental as security</u> …<u>shall</u>… <u>upon the conveyance of such property to another person by a court in an action to foreclose</u> a mortgage thereon, at the time of the delivery of the deed or instrument of assignment, or within five days thereafter, or in the event of the insolvency or bankruptcy of the person receiving said deposit, within five days after the making and entry of an order of the court discharging the receiver or trustee, <u>deal with the security deposit by turning over</u> … <u>to the purchaser at the foreclosure sale</u> the sum so deposited, plus the tenant's portion of the interest or earnings accumulated thereon…"

<u>N.J.S.A.</u> § 46:8-20 (Emphasis added).

Plaintiff's entity, Calm, was closed or deemed defunct as of April 28, 2014 and D'Antonio assumed any and all liabilities of Calm Development. Retained contends that payment of the $4,100 security deposit was one of those liabilities.

Retained further argues that D'Antonio improperly and illegally collected the rent money from the property's tenant Chrisan paid to Calm after December 16, 2013, which is when Retained acquired title to the property via a Sheriff's deed. Retained argues that D'Antonio is personally liable for $7,500 in rent monies he collected and should refund this money, which totals $7,500. Thus, the $7,500 in rent monies collected, plus the $4,100 security deposit kept, equals $11,600 owed to Retained.

Network Trucking

Defendant Network Trucking in its Cross-motion, also filed on October 20, 2016, seeks Summary Judgment against the Plaintiff as well. Network first argues that Plaintiff's claim for lost and damages goods should be dismissed as untimely because the New Jersey Movers and Warehouseman's Act sets forth a statute of limitations for claims. N.J.S.A. § 45:14D-12(b) provides

> "All claims against any mover or warehouseman for damage to property shall be filed in writing with the mover or warehouseman within 90 days from the time the cause of action accrues and all suits in respect thereof shall be instituted within 2 years of the day that the mover or warehouseman has disallowed the claim or any part or parts thereof specified in the notice." (Emphasis added)

N.J.S.A. § 45:14D-12(b).

Network Trucking argues that New Jersey's statute is modeled after 49 U.S.C. § 14706(e), and the purpose of the pre-suit claim-filing requirement is to avoid misunderstanding between claimants and carriers and to afford carriers a timely opportunity to investigate claims without having to defend lawsuits. B.A. Walterman Co. v. Penn R. Co., 295 F.2d 627 (6th Cir. 1961). Thus, Plaintiff's failure to abide by statute has deprived Defendant Network Trucking of its right to conduct a pre-suit investigation of these claims within the 90-day post-delivery statutory period. Furthermore, the Appellate Division has held that this statute requires the filing of a timely written claim with the mover or warehouseman as condition precedent to filing suit, thus Network's Motion for Summary Judgment must be granted. Johnson & Dealaman Inc. v. Wm. F. Hegarty, Inc., 93 N.J. Super. 14, 23 (App. Div. 1966). This Defendant emphasizes that the Johnson court held that the time for filing commences when the goods are delivered to the claimant. Id. at 19. Thus, Plaintiff was required to file the pertinent written claims with Network Trucking no

later than August 15, 2014 and Network never received any such written Claim. As such, this Complaint was filed too late, as the Complaint was filed on May 5, 2015. Network Trucking strenuously objects to Plaintiff's contention that he could not file a timely claim since it did not have Network Trucking's address, since a Google search would easily have revealed this information.

Network also contends that Plaintiff has admitted that Network is not liable for the items voluntarily abandoned by Plaintiff at the subject property pursuant to a negotiated agreement between Plaintiff and the Bergen County Sheriff Department. On May 15, 2014, D'Antonio signed the Personal Property Release form ("Release") wherein Plaintiff agreed to "relinquish any and all interest in the personal belongings left at this property". In that form, Plaintiff also acknowledged that he understood that "said personal belongings are now considered abandoned" and that he was aware that "any personal property left will be disposed of at the agent/broker's discretion".

Network further argues that Plaintiff also admits that his son, Chris, entered into an agreement with Officer Braney of the BCSD that Plaintiff would sign the release if the Sheriff allowed him to take the chandelier and to disconnect the compressor in the garage. Plaintiff admits that it was not Network's decision that certain items were left behind in his shed—rather that Network was acting on the orders given by the Sheriff's officers. Plaintiff also admits that he is not claiming that Network is liable for the items allegedly left in the garage and shed.

Based on this background borne out in the motion record, Network argues several theories to disclaim any and all liability stemming from this incident. The first is abandonment, which

movant discusses is a voluntary relinquishment and must involve intention to abandon and courts have held that the plain language of the circumstances can be used in determining whether or not there has been abandonment. River Dev. Corp. v. Liberty Corp. 29 N.J. 239, 241 (1959). Here, the Personal Property Release form's plain language clearly state that Plaintiff intended to abandon any personal belongings left over of the eviction. This type of language is consistent with the definition of abandonment in the landlord-tenant context pursuant to N.J.S.A. § 2A:18-72. Network further argues that Plaintiff's attempt to rescind the agreement via email dated May 19, 2014 confirms that he understood that he had abandoned the remaining property, and moreover, that email is not an attempt to rescind the entire agreement.

Network also invokes the equitable estoppel doctrine to further support a denial of the Plaintiff's Motion for Summary Judgment.   Feldman v. Urban Commercial Inc., 70 N.J. Super. 463, 474 (Ch. Div. 1961). Network argues that it relied on the BCSD's representation that Plaintiff had abandoned the items left behind, and also relied on Plaintiff's signed Release and the Eviction Satisfaction and moreover, any supposed recession of the release was never conveyed to Network Trucking so they cannot be and are not bound by any emails sent by the Plaintiff. Network similarly relied on the admission doctrine and promissory estoppel in this matter. Plaintiff admitted in his signed May 15, 2014 release that all items were received and none were missing. He carves out his right to file claims for damaged goods, but nothing in the release suggests anything was missing, thus his admission is fatal to his claim here. Plaintiff's promise not to pursue a claim for missing items against Network is a clear example of promissory estoppel. E.A. Coronis Associates v. M. Gordon Constr. Co., 90 N.J. Super. 69, 75 (App. Div. 1996), where

Network relied on Plaintiff's promise not to pursue a claim in that release and discarded the items based on that promise.

Network finally relies on the public authority doctrine to argue that since Network was merely following the orders of the BCSD, a public authority which was present during the work Network Trucking did.  Network cannot be held liable for following BCSD's instructions. Beta Spawn, Inc. v. FFE Transp. Servs., 250 F.3d 218, 225 (3d. Cir. 2001) and US v. Pitt, 193 F.3d 751, 756 (3d. Cir. 1999) both stand for the principle that a person cannot be liable for following orders from a public authority.

Regarding one of the specific items that Plaintiff claims is missing, a Lionel Train Collection, Network argues that Plaintiff cannot establish that Network ever received the allegedly missing Lionel train set. The record evidence demonstrates that the Network crew chief did not see any toy trains at any time and Plaintiff did not see Network taking the Lionel train boxes. There is no specific mention or documentation as to a Lionel Train set. Since a bailment requires delivery, and Plaintiff cannot establish such delivery, Network cannot be held liable for any alleged missing trains set(s).

Network also points to the fact that Plaintiff has filed criminal charges against his own son and the son's employee for allegedly stealing his property, so it is clear that the Plaintiff cannot establish who allegedly took the train set, including Network. As to the alleged wood boards that Plaintiff claims are missing in his Complaint, Network argues that he individually has no standing to seek to retrieve any wood, since it is undisputed that Calm Development Inc. owned the real estate property and thus, any wood from the trees on the property were Calm's property.

<u>Bergen County Sheriff's Department</u>

The Bergen County Sheriff's Department filed a Cross-Motion for Summary Judgment on October 21, 2016.  The BCSD argues that their officers are entitled to quasi-judicial immunity for their actions in executing the Writ of Possession. The Sheriff must follow the creditor's Writ and the reasonable instructions regarding the time and manner of making the levy. Since the Sheriff has a duty to follow the directive of the Writ, he is also cloaked in quasi-judicial immunity, an immunity which was developed in <u>Imbler v. Pachtman</u>, 424 <u>U.S.</u> 409, 437-440 (1976) which granted immunity to public prosecutors in order to enable them to do their job properly.  A public official acting pursuant to a court directive is immune from suit, and thus, the BCSD argues that it is immune from suit since their actions on the day of the eviction were directed by the Court issued Writ. <u>Lockhart v. Hoenstine</u>, 411 <u>F.2d</u> 455 (3d. Cir. 1969). The case <u>Delbridge v. Schaeffer</u>, expanded this principle to various other state and local officials.  238 <u>N.J. Super.</u> 323, 342-43 (Law. Div. 1989).  The <u>Delbridge</u> Court cites <u>Pierson v. Ray</u> for the same principle as applied to judges, and then to government officials who are acting at the direction of the Court. <u>Id.</u> at 340 citing 386 <u>U.S.</u> 547, 553-54 (1967).  Defendant BCSD argues that quasi-immunity extends to BCSD in this case, since they responsible for serving Court processes pursuant to <u>N.J.S.A.</u> § 40A:9-117.6, which provides

> "The sheriff of each county shall, … appoint such persons as may be necessary, to the position of sheriff's officer, … to perform the duties involved in attending the courts heretofore performed by court attendants, or in serving court processes…"

<u>N.J.S.A.</u> § 40A:9-117.6

The Sheriff officers were following the orders of the writ, and when Plaintiff had objections, they directed him to the Court.  When Plaintiff failed to obtain a Court Order to quash the Writ,

the BCSD continued their duties. The BCSD further argues that it should not bear the burden of litigation related to its officers' performance of their official duties.

The BCSD also argues that Plaintiff has failed to properly serve a Notice of Tort Claim which is required by N.J.S.A. § 59:8-3 through § 59:8-8. Specifically, the purported Tort Claim that the Plaintiff hand delivered to the BCSD on May 24, 2014 is procedurally defective since it fails to meet two of the requirements of N.J.S.A. § 59:8-4. Subsection (f) of N.J.S.A. § 59:8-4 provides that a Notice of Claim include "The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed." Plaintiff's Notice failed to include any such amount, instead his Claim merely stated that he wanted the return of the property. This absence of an indication of the amount of the claim or even that Plaintiff will sue for money damages is fatal to Plaintiff's claim and is an absolute bar to recovery. N.J.S.A. § 59:8-8 provides that the claimant shall be forever barred from recovering against a public entity or public employee if a.) he failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in § 59:8-9 involving a Notice of Late Claim; or b.) two years have elapsed since the accrual of the claim. Plaintiff's claims do not fall into any permissible category within the Tort Claims Act, and as such, Plaintiff's claims are forever barred against BCSD.

BCSD further argues that in Plaintiff's notice, he threatened to sue within seven days, but N.J.S.A. § 59:8-8 requires that claimants wait six months before filing suit. BCSD argues that this threat to sue within a week nullified his Notice and hence was another deficiency that voided the Notice. The purpose of the 6-month period is to allow for an investigation. Madej v. Doe, 194 N.J.

Super. 580, 589 (Law Div 1984). This threat of a lawsuit deprived the BCSD of the opportunity to conduct an administrative review with the knowledge that it had an ample opportunity to do so. BCSD therefore seeks to have Plaintiff's motion denied in its entirety and to have its own Cross-Motion for Summary Judgment granted.

APPLICABLE LAW

It is well settled that on a motion for Summary Judgment, the court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) and R. 4:46-2(c). This Court is not to resolve contested factual issues, but instead must determine whether there are any genuine factual disputes that should be decided by the fact-finder, and not the Court. Agurto v. Guhr, 381 N.J. Super. 519, 525 (App. Div. 2005). If there are any material facts disputed, the Summary Judgment motion should be denied. Parks v. Rogers, 176 N.J. 491, 502 (2003); Brill, supra, 142 N.J. at 540.  A grant of the motion means that the Court finds that the evidence "'is so one-sided that one party must prevail as a matter of law.'" Brill, supra, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202, 214 (1986).

DISCUSSION

This litigation has been an emotional and tortured affair for Plaintiff, who was ousted from his home years ago and claims property damage as a result. The matter has equally affected the Defendants targeted in this lawsuit, who have been accused and have defended their actions

for all this time.  However, the undisputed facts, controlling law and prior Court Orders which were not appealed which is what leads me to the conclusions reached on these four motions, and not emotion or hyperbole. The decision here does not come lightly, because I appreciate the emotion that the eviction has brought to Plaintiff's life.  I have reviewed all that has been presented on motion, and have given the party opponents the light most favorable on the evidence presented. After review of all the arguments and evidence presented on motion and in oral argument, I hereby conclude that Plaintiff's motion for Summary Judgment is denied and that the three Cross-motions for Summary Judgement are granted for the following reasons.

The Plaintiff has not shown that there is a genuine issue of material fact with regards to his alleged damaged property. Mr. D'Antonio's motion seeks to go back in time and overturn the entire foreclosure from the beginning, and seeks to reset the past. This Court's September 18, 2015 and October 28, 2015 Orders had previously denied Plaintiff from seeking a redo of the entire foreclosure action, yet the Plaintiff's instant motion is replete with supposed facts that claim to provide a basis for this Court to go back and undo what has already been ordered by previous courts. This Court does not find that any of the record evidence supports granting the relief that the Plaintiff seeks.

As to the alleged damaged or missing goods, the Plaintiff has not set forth any evidence that would show that any of the Defendants either damaged his property or that any of the Defendants took any of the missing items. As against Network Trucking, Plaintiff fails to demonstrate that timely notice of a claim to Network was made, as required by N.J.S.A. § 45:14D-12(b).  The evidence on motion also shows that Plaintiff signed a Personal Property Release form on May 15, 2014. There is no evidence that Network received any written claim for any damaged

items after the release date of May 15, 2014, until Plaintiff filed his Complaint. Thus, Plaintiff's failure to comply with the notice statute to Network has deprived Network Trucking of its right to conduct a pre-suit investigation of these claims within the 90-day post-delivery statutory period. Johnson v. Dealaman Inc v. Wm. Hegarty, Inc., 93 N.J. Super. 14, 23 (App. Div. 1966) holds that this statute requires the filing of a timely written claim with the mover or warehouseman as condition precedent to filing suit, which was not done in this case.

Moreover, Plaintiff's May 19, 2014 email sent to Retained Realty's counsel, Richard A. Epstein, Esq., attempting to rescind the release or letter of abandonment that Plaintiff signed on May 15, 2014 is ineffectual. At that time, all of the pertinent Court orders were in effect and were being executed, without appeal. Plaintiff filed his Complaint one year later on May 15, 2015. Plaintiff has failed to present facts that show timely and effective withdrawal of his release of the property.  Plaintiff has not shown a legal basis as to how his email, sent four days after the eviction, would be effective to dislodge and undo that event or to prove damages.

As to the BCSD's Cross-motion for Summary Judgment, it is the law that the Sheriff has a duty to follow the directive of the Writ, as he/she is also cloaked in quasi-judicial immunity, which authority was developed in Imbler v. Pachtman, 424 U.S. 409, 437-440 (1976), which granted immunity to public prosecutors in order to enable them to do their job properly.  A public official acting pursuant to a court directive is immune from suit. Lockhart v. Hoenstine, 411 F.2d 455 (3rd. Cir. 1969).  Pierson v. Ray, for the same principle, extends the principle to judges, and then to government officials who are acting at the direction of the Court. 386 U.S. 547, 553-54 (1967). I find that quasi-immunity extends to BCSD in this case, since they had the responsibility of serving out the Court processes pursuant to N.J.S.A. § 40A:9-117.6.   The BCSD were following

the orders of the Writ, and when Plaintiff had objections, they directed him to the Court.  When Plaintiff did not get relief from the Court to quash the writ, the BCSD continued with their duties and obligation to enforce the Writ. Under the circumstances of this case and as a matter of law, the BCSD do not bear the burden of litigation related to its officers' performance of their official duties.

Even if the BCSD was not cloaked in this immunity, their motion would still be granted because any claims against a public entity must be in writing and must meet the requirements of N.J.S.A. § 59:8-4.  Plaintiff's Notice of Claim is missing the final subsection (f) required under that statute because the Notice failed to specify the amount of damages as of the date of the presentation of the claim. This is a fatal defect and thus would further bar Plaintiff's recovery.

As against Retained Realty, Plaintiff's motion is devoid of any acts or legal basis that shows Retained to be liable for any alleged damaged or missing personal property.  Moreover, even if Plaintiff had proven that he was in fact missing certain items or that items were damaged, Retained is correct that the theory of independent contractors would absolve them of any liability, since it is clear that Retained did not control the manner in which the personal property was removed.  Retained obtained legal right of possession of the property and acted under full legal authority, which authority (or Court orders) were never appealed.

With regard to the $11,600 from rent and the retained security deposit, Retained is entitled to the full amount. Once Retained owned the property following the foreclosure sale on December 16, 2013, it was entitled to collect any rent from the tenants, which in this case amount to $7,500, as well as any security deposit that was being held by the former landlord. Plaintiff

retained the $4,100 security deposit through his business Calm Development that was paid by the property's then tenant, Chrisan. Since tenant had moved out, Retained Realty did return and pay to the tenant their security deposit back, minus the amount they owed in back rent and repairs. Plaintiff had retained the original security deposit monies and he was required to turn over the security deposit to the new property owner pursuant to N.J.S.A. § 46:8-20. Calm Development, Plaintiff's entity, was closed on April 28, 2014 and Mr. D'Antonio assumed any and all liabilities of Calm Development. Payment of that security was one of those liabilities. Plaintiff also is liable for the amounts in rent that Chrisan paid to Calm, which Plaintiff kept after Retained Realty owned the property, which totals $7,500. In sum, Plaintiff shall hereby return the $11,600 to Retained Realty, as this amount reflects the rent of $7,500 retained, plus the wrongfully retained security deposit.

The Court also finds the Release that was signed by the Plaintiff during the eviction is binding on Plaintiff. Plaintiff has not shown through record evidence that there was any reason that the Release was not properly executed or timely contested. Documents were signed by Plaintiff and much later in this litigation contested. This Release supports Summary Judgment for both Retained and Network, since Plaintiff cannot dispute with record evidence the validity of the Release. There is no question that Plaintiff signed the May 15, 2014 Release and there is no record of any timely rejection of it.

As to Network Trucking, its Cross-motion for Summary Judgment is hereby granted. The New Jersey Movers and Warehouseman's Act is clear that all claims must be filed in writing within 90 days of the time of the cause of action accrues. Plaintiff did not abide by the pre-suit claim filing required by N.J.S.A. § 45:14D-12(b), thus his claim against Network is time barred. Further,

as mentioned above, the Release signed by Plaintiff also absolves Network of any purported damages to goods, since Plaintiff negotiated that Release and signed it. Even with the Release and the Eviction Satisfaction, Network's argument that it is not liable for any alleged missing or damaged goods under the theories of abandonment, equitable estoppel, admission, promissory estoppel and public authority are convincing. Plaintiff's attempt to "rescind" the Release that he signed shows that he understood that he had abandoned the property. Further, this Release was conveyed to Network by the BCSD, and Network understandably relied on this representation that Plaintiff had abandoned anything that may have been left at the property. Further, the Plaintiff in the Release states that nothing is missing—which is an admission which is fatal to his claim that certain items were missing, and further, promissory estoppel precludes Plaintiff from claiming missing items since the Release also stated that Plaintiff would not pursue a claim for missing items. Network relied on that signed Release and discarded any leftover items based on that promise. Network is also correct that it was following the directions of the BCSD which is a public authority, and therefore cannot be held liable for following these instructions. Plaintiff has not provided any record evidence to show that Network or its employees ever had possession of the alleged missing Lionel Train set. Due to this, Plaintiff's unsupported claim that someone from Network may have stolen the set must be dismissed.

As a final note, Plaintiff maintains that he is due additional discovery that Defendants have denied him, which would preclude the grant of Defendants' motions for Summary Judgment. On the other hand, Plaintiff filed his Summary Judgment motion first; this fact belies his position that discovery is incomplete. No additional discovery would change the undisputed facts set forth in these motion papers concerning the events and courts orders of years ago.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for Summary Judgment is hereby DENIED, Defendant Retained Realty's Cross-motion for Summary Judgment and for the return of $11,600 is hereby GRANTED, Defendant Network Trucking's Cross-motion for Summary Judgment is hereby GRANTED and Defendant Bergen County Sheriff's Department's Cross-motion for Summary Judgment is hereby GRANTED.

_____
HON. ESTELA M. DE LA CRUZ, J.S.C.

EXHIBIT C

<div style="border:1px solid black; padding:10px;">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0011-17T2

MICHAEL A. D'ANTONIO,

     Plaintiff-Appellant,

v.

RETAINED REALTY, INC.
NETWORK TRUCKING, and
BERGEN COUNTY SHERIFF'S
DEPARTMENT,

     Defendants-Respondents,

and

PATRICIA EGAN,

     Defendant.

_____

     Submitted January 24, 2019 – Decided February 11, 2019

     Before Judges Reisner and Mawla.

     On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4562-15.

     Michael A. D'Antonio, appellant, pro se.

The Weir Law Firm, LLC, attorneys for respondent Retained Realty, Inc. (Richard A. Epstein, on the brief).

George W. Wright & Associates, attorneys for respondent Network Trucking (Narinder S. Parmar, on the brief).

The Law Offices of Richard Malagiere, PC, attorneys for respondent Bergen County Sheriff's Department (Leonard E. Seaman, of counsel and on the brief).

PER CURIAM

Plaintiff Michael A. D'Antonio appeals from a February 21, 2017 order granting summary judgment in favor of defendants Retained Realty, Network Trucking, and the Bergen County Sheriff's Department.  He also appeals from an April 7, 2017 order denying reconsideration.  Our review of the summary judgment order is de novo.  Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016).  We review the denial of reconsideration for abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).  After reviewing the record, we find no legal error in the summary judgment order and no abuse of discretion in the order denying reconsideration.  We affirm substantially for the reasons stated in the written opinions issued by Judge Estela M. De La Cruz on February 21, 2017, and April 7, 2017.

The background facts are set forth in detail in Judge De La Cruz's opinion and need not be repeated here.  The Chancery Division entered a final judgment

A-0011-17T2

of foreclosure in 2012, and plaintiff's property was sold at a sheriff's sale.  The successful bidder assigned the property to Retained Realty, which in turn evicted plaintiff from the foreclosed premises in 2014.  In a subsequent Law Division action, plaintiff claimed that some of his property was lost or damaged during the 2014 eviction.  Judge De La Cruz dismissed plaintiff's claims and ordered plaintiff to reimburse Retained Realty for the security deposit and rent he wrongfully collected from a tenant after the sheriff's sale.  This appeal followed.

In addressing plaintiff's appeal, we first note its limited scope.  By order dated January 29, 2018, we specifically barred plaintiff from pursuing an appeal of the 2012 foreclosure judgment, an appeal that would have been years out of time.  However, contrary to our order, much of plaintiff's appellate brief focuses on alleged errors in the foreclosure action.  Plaintiff's remaining arguments are without sufficient merit to warrant discussion, except as noted in the following brief comments.  R. 2:11-3(e)(1)(E).

We agree with Judge De La Cruz that Retained Realty is not liable for alleged wrongdoing by Network Trucking, the independent contractor it hired to move plaintiff's possessions out of the foreclosed premises and into a storage facility.  See Bahrle v. Exxon Corp., 145 N.J. 144, 156 (1996).  Plaintiff's claims against Network Trucking are barred because he missed the ninety-day statutory

A-0011-17T2

time limit for filing a claim against a moving company.  <u>See</u> N.J.S.A. 45:14D-12(b).  Plaintiff's claims against Network Trucking for allegedly missing items are also barred by the terms of two releases he signed at the conclusion of the eviction.  Plaintiff's Notice of Tort Claim against the Bergen County Sheriff's Office was defective in failing to state the value of the goods allegedly lost or damaged in the move.  <u>See</u> N.J.S.A. 59:8-4(f).  Plaintiff also failed to present the trial court with legally competent evidence of the value of the allegedly lost or damaged items.

      Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-0011-17T2