# THE LAW OFFICES OF
# RICHARD MALAGIERE
## A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*
rm@malagierelaw.com

250 MOONACHIE ROAD
SUITE 102
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

WHITEHALL BUILDING
17 BATTERY PLACE, STE., 610
NEW YORK, NY 10004
212.879.5580
212.879.5583

*OF COUNSEL*

**Lawrence D. Mandel**
*Member NJ & PA Bar*

**Arthur M. Peslak**
*Member NJ & NY Bar*
*Registered Patent Attorney*

**Leonard E. Seaman**
*Member NJ Bar*
les@malagierelaw.com

**Vincent P. Trovini**
*Member NJ Bar*

*REPLY TO NJ OFFICE

April 8, 2016

**VIA ECF**
The Honorable Claire C. Cecchi, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re: **D'Antonio v. Borough of Allendale, et al.**
       Civil Action No.: 2:2016-cv-00816 (CCC)(JBC)

Dear Judge Cecchi:

  This office represents the Bergen County Sheriff's Department ("BCSD") in the above-captioned matter. We are in receipt of a motion filed by the Plaintiff, Michael D'Antonio, seeking entry of final judgment by default against various defendants, including the BCSD. Kindly accept this letter in lieu of a more formal brief in opposition to same.

  The motion should be denied. First, the Plaintiff has not averred that he has obtained a Default pursuant to Fed.R.Civ.P. 55(a) against any party. In fact, the Docket Report for this case reflects that he has not done so. Further, it would be impossible for him to do so as the Clerk did not issue Summons to the Defendants until one week ago on March 31, 2016 (Dk.

Entry #8). Thus, the time provided for all of the Defendants, including the BCSD, to answer or otherwise plead under Fed.R.Civ.P. 12(a)(1)(A) could not yet have expired.

The affidavit filed by Plaintiff in support of this motion does state that he "served" the defendants. However, this statement is not supported by any credible evidence.

Plaintiff did file a document entitled "Proof of Service" (Dk. Entry #5); however, that document demonstrates that Plaintiff did not properly "serve" any of the Defendant as it relates that Plaintiff merely forward copies of the Complaints (apparently without Summonses) to the defendants via ordinary mail with tracking information. Plaintiff has not shown that any of the Defendants waived service under Fed.R.Civ.P. 4(d).

In Green v. Humphrey Elevator & Truck Co., 816 F.2d 877 (3d Cir. 1987), the Third Circuit considered a similar situation when the plaintiff in that matter asserted he had effected service within the 120 day period required by then subsection (j) of within Rule 4[1]. In that case, the plaintiff had sent the summons and complaint to the defendants by mail as the 120 day period was about to expire. Relying on Armco, Inc. v. Penrod-Stauffer Bldg. Sys., 733 F.2d 1087 (4th Cir. 1984), the Court in Green noted that "mailing alone will never satisfy the service requirement." Green, 816 F.2d at 882. The Green Court went on to hold that in the absence of an acknowledgement of service, "personal service is required." Id. at 879.

In the instant case, Plaintiff has not effected personal service on any Defendant. Nor has Plaintiff filed an acknowledgement of service by any Defendant. With respect to the BCSD, it has not been personally served, and it has not acknowledged service. Further, no Default has been entered against it as its time to answer or otherwise plead has not expired.

---

[1] Rule 4 was amended and recodified in 1993 and subsection (j) now appears as subsection (m) of the Rule. See, Fed.R.Civ.P. 4, Notes of Advisory Committee on 1993 amendments.

2

For all of the foregoing reasons, it is respectfully submitted that the Motion to Enter Default Judgment should be denied.

Respectfully submitted,

/s/ Leonard E. Seaman
LEONARD E. SEAMAN

LES:ap

Cc: Michael A. D'Antonio (via ECF)
All Counsel (via ECF)
Client (via email)

3



Guaranteed Subpoena Service, Inc.
P.O. Box 2248 - Union, New Jersey 07083
(908) 687-0035   (800) 672-1952
Fax (908) 686-0885 TEL (800) 22-2393465
www.served.com

**PaId**

INVOICE

INVOICE #:   20160503164935
AMOUNT DUE:   $59.99
DUE DATE:   6/5/2016

MICHAEL D'ANTONIO - PRO-SE
MICHAEL D'ANTONIO, PRO-SE
P.O. BOX 55
ALLENDALE  NJ 07401

WE RESERVE THE RIGHT TO CHARGE 18% APR INTEREST (0.049315% DPR PAST THE DUE DATE) ON ALL UNPAID BALANCES.

Tear along the perforation and keep the middle stub for your records! Return the bottom stub with your payment. Thank you for your business!

INVOICE DATE: 5/6/2016

AMOUNT DUE: $59.99
ATTORNEY:   MICHAEL D'ANTONIO, PRO-SE
FIRM:   MICHAEL D'ANTONIO - PRO-SE
PLAINTIFF:   MICHAEL A. D'ANTONIO
DEFENDANT:   BERGEN COUNTY SHERIFF'S DEPT.
DOCKET#:   16 CV 816
ENTITY SERVED:   BERGEN COUNTY SHERIFF'S DEPT.
SERVED WITH:   SUMMONS AND COMPLAINT, CIVIL COVER SHEET, ATTACHMENT, COMPLAINT
SERVED DATE:   5/4/2016

INVOICE#: 20160503164935
CLAIM#:
COURT DATE:

ATTENDANCE FEE:   $0.00
SERVICE FEE:   $59.99
MILEAGE FEE:   $0.00
PRIORITY FEE:   $0.00
PICKUP FEE:   $0.00
INCORRECT ADDRESS FEE:   $0.00
POSTAL FORWARDING FEE:   $0.00
CASH ATTACHED:   $0.00
WAIT TIME 0.00   $0.00
NOTARY/MISC. FEE:   $0.00
TOTAL:   $59.99

PAYMENT SET:  __/__/____
AMOUNT PAID:

**Paid**

[ ] CHECK
[ ] VISA
[ ] MASTERCARD
[ ] DISCOVER
[ ] AMERICAN EXPRESS

CARD/CHECK#: |__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|

YOUR STATEMENT OF ALL UNPAID INVOICES CAN BE VIEWED ONLINE ANYTIME WITH OUR FIRM ID.

MICHAEL D'ANTONIO - PRO-SE
P.O. BOX 55
ALLENDALE  NJ 07401

INVOICE #:   20160503164935
AMOUNT DUE:   $59.99
DUE DATE:   6/5/2016

For the fastest resolution to your billing inquiry, email us at:
Billing@Served.com

GUARANTEED SUBPOENA SERVICE, INC.
WWW.SERVED.COM
P.O. BOX 2248
UNION, NJ 07083

[ ] CHECK

[ ] Visa   [ ] MasterCard   [ ] Discover   [ ] American Express

CARD #: |__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|

EXPIRATION: |__|__|/|__|__|

SIGNATURE: _____

*** To Pay Online Go To "My Account" ***

(10/93) Summons in a Civil Action  **RETURN OF SERVICE**


20160503164935

SERVICE OF: SUMMONS AND COMPLAINT, CIVIL COVER SHEET, ATTACHMENT, COMPLAINT
EFFECTED (1) BY ME: GIANFRANCO MAUCIONE
TITLE: PROCESS SERVER    DATE: 5/4/2016 3:44:17 PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant
BERGEN COUNTY SHERIFF'S DEPT.

Place where served:
LEONARD SEAMAN, ESQ. 250 MOONACHIE ROAD MOONACHIE NJ 07074

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

LEONARD SEAMAN

Relationship to defendant  CUSTODIAN OF RECORDS

Description of Person Accepting Service:

SEX: M   AGE: 36-50   HEIGHT: 5'9"-6'0"   WEIGHT: OVER 200 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____ . _____    SERVICES $ _____ . _____    TOTAL $ _____ . _____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 5/6/2016   _____ L.S.
SIGNATURE OF GIANFRANCO MAUCIONE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:   MICHAEL D'ANTONIO, PRO-SE
PLAINTIFF:  MICHAEL A. D'ANTONIO
DEFENDANT:  BERGEN COUNTY SHERIFF'S DEPT.
VENUE:      DISTRICT
DOCKET:     16 CV 816
COMMENT:

JB

KIMBERLY SCOTT
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 18, 2018

Michael A. D'Antonio
P.O. Box 55
Allendale NJ 07401
mad.316@hotmail.com
cell 201-962-5881
fax 201-857-4411

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. D'ANTONIO<br><br>Plaintiff<br><br>BOROUGH OF ALLENDALE, PASSAIC RIVER COALITION, STILES THOMAS, JOHN ALBOHM, DAVID BOLE ESQ., DAVID PFUND ESQ., MARY MCDONNELL ESQ., RICHARD EPSTEIN ESQ. THOMAS MONAHAN, LOUIS CAPAZZI, and BERGEN COUNTY SHERIFF'S DEPT.<br>Defendants | DOCKET NO: 2:16-CV-00816(CCC)(JBC)<br><br>Civil Action<br><br>LEAVE FOR NOTICE IN OPPOSITION TO DISMISS REVISED 3RD AMENDED COMPLAINT BY THE BERGEN COUNTY SHERIFF DEPT. |

**THIS MATTER** having been opened to the Court by way of Complaint of Michael A. D'Antonio and the pleadings having been dismissed and Plaintiff being granted the right to amend and re-file. Plaintiff has now submitted a Revised 3rd Amended Complaint listing the factual material issues in violation of Plaintiff's Due Process and Equal Protection rights under the 14th Amendment. Plaintiff now opposes and amends this submission on behalf of Mr. Malagiere and Mr. Seaman's submissions. Plaintiff states both attorneys are responsible, as Mr. Seaman is an employee of Mr. Malagiere who has the contract to represent the Sheriff's DEPARTMENT. Plaintiff requests a denial of the opposition submitted by Mr. Seaman on behalf of the Malagiere Law Firm.

1. It is with great exception by this Plaintiff that the Attorneys in response to this motion, because of Political Corruption and Favoritism, are allowed to attempt to misconstrue and falsely submit allegations as to Material Facts.

2. It is with great exception that the Attorneys in response to this motion attempt

Page 1

to change the named Defendant of Plaintiff as of right. Plaintiffs Exhibit ECF 308 page ID 6764 as part of the return address it is submitted "***Attorneys for Defendant Bergen County Sheriff's Office (improperly pleaded as "Bergen County Sheriff's Department")***

3. In the body of the Motion ECF 308 page ID 6764 "***Please take Notice that the undersigned attorneys for defendant Bergen County Sheriff's Office (improperly pleaded as "Bergen County Sheriff's Department)***

4. ECF 178-1 page ID 4893 submitted by the Law Offices of Richard Malagiere, P.C. with Leonard E. Seaman Esq. of Counsel clearly submits this Document titled Brief on Behalf of Defendant Bergen County Sheriff's Department.

5. Instead of referring the Court to ECF 47-5 page ID'S 1360 to 1366 Mr. Seaman drafts and submits almost the identical submission as previously submitted to get paid again from Bergen County.

6. In further support of opposition to Mr. Seaman's Motion, Plaintiffs submits ECF 47-4 Page ID'S 1352 to 1356. In these documents Plaintiff answers interrogatories. In these answers are the satisfactions of complaints in Mr. Seamans instant objections. Plus page 1355 (11) "This is the third attempt to settle which has not been responded to by the BCSD." Again on Page ID 1357 Brief on behalf of Defendant" Bergen County Sheriff's Department. This should suffice to oppose any and all of Mr. Seamans Oppositions to a favorable Judgment against the Bergen County Sheriff's Department.

7. ECF 47-3 Page ID 1339 Interrogatories again stating Sheriff's Department not OFFICE. Plaintiff belabors this Point in that the Malagiere Law Firm with Leonard Seaman are attempting to move the ONUS of responsibility away from the Sheriff's Department and on the Sheriff's Office. This is due to the different liability of the Sheriff's Department versus the Sheriff's Office. Members of the Sheriff's Department go out and perform Sheriff's Duties and the Office does the record keeping and other financial recording.

8. Mr. Seaman attempts to connect the State Court Action and move for Entire Controversy Doctrine findings when CLEARLY PLAINTIFF DID NOT SUE FOR VIOLATIONS OF CIVIL RIGHTS IN STATE COURT. THEREBY, defeating Mr.

Seamans instant request of falsifying facts for a dismissal of issues citing relief under the Entire Controversy Doctrine. Mr. Seaman and the firm should be sanctioned as the Plaintiff must devote time and research in responding to violations of ethical conduct by Officers of Court. Mr. Seaman did NOT instruct his client to correct the illegal conduct nor has the $60,000.00 been returned under Court Orders of Judge Innes.

9. Another early example of misstating facts by the Malagiere Law Firm is ECF 16 page ID's 166, 167, 168 and a paid receipt from Guaranteed Subpoena dated 6/5/2016 and proof of service 5/4/2016 upon the Bergen County Sheriff's Dept. specifically served upon Leonard Seaman. Attaches as unmarked exhibit.

10. Mr. Seaman states that the Notice of Claim was defective. This is not consistent with 5 years of litigation. Plaintiff alleges that Captain Edgars arranged for the Secretary of the BCSD to NOT send a Notice of the Fatal Sheriff's Department Foreclosure Sale to Plaintiff or Plaintiff's attorney Louis Capazzi. The damage amounts of moneys could not be established as the Sheriff's Department kept violating Plaintiff's rights.

11. Loosing a State claim does NOT preclude Plaintiff from filing a Federal Claim if the Claims are sounding under Federal Law. Mr. Seaman nor Mr. Malagiere show or submit what exactly was reproduced here in Federal Court under Federal Claims seeking Federal relief's that were adjudicated in State Court. Mr. Seaman and Mr. Malagiere are veteran attorneys each with close if not more than 30 years experience. However, neither Mr. Malagiere nor Mr. Seaman speak of ECF 304 page ID'S 6702 to 6752.

12. The lack of a response and or defense to the above reference data is an Obstruction of Justice by the Malagiere Law firm with Mr. Seaman on the file. As such, under contemporary findings of NJ Supreme Court Justice Stuart Rabner of the NJ Supreme Court when Judge Carla Brady failed to inform the Police regarding her fugitive boyfriend. She was removed as a Sitting Judge due to violations of judicial conduct. As Officers of the Court and in light of the testimony of Mr. Richard Epstein who states he paid the Sheriff's department $60,000.00+- for the care of Plaintiff's Property during the Foreclosure when in fact the Bank had already prepaid the taxes so as not to have any confrontation and or additional interest charges to cure said unpaid bills. Further, Seaman and Malagiere hide there lack of responsibility as Officers of the Court and simply do not

speak of the exhibits or Mr. Epstein's submission or a Presiding Judge of the Chancery Division in Trenton who ordered the Sheriff's Dept, twice to pay back the extorted and bribery funds page ID 6738 $47,392.80 and pages 6739,6740 $ 13,085.55. All other documents connected and submitted under ECF 304 conclude illegal conduct by the Bank, Mr. Epstein, the Bergen County Sheriff's Dept and the attorney's Mr. Malagiere and Mr. Seaman. Local Rule 4:5-5 Effect of Failure to deny constitutes an admission. This is a material fact not in dispute that the Bergen County Sheriff Dept and their attorneys have violated the Judges Order and numerous counts of Federal and Rico Statutes.

13. In opposition to Mr. Seaman's Brief and objections, Plaintiff submits that Plaintiff failed to submit value of goods. Plaintiff being Pro Se is expected to receive help from the Court. After 5 years Mr. Seaman places objections as to form and compliance with Notice of Tort Claim. Mr. Seaman placed no evidence, no material facts that the original Notice of claim cannot perform. Putting a monetary value of damaged, stolen or left behind belongings are listed in the court documents and the interrogatories served by Mr. Seaman. Mr. Seaman is beyond the Statute of Limitations to raise such issues, which are intentional delays.

14. At page ID 6773 Mr. Seaman fails to state that the Calm Development Corp was closed and sounds Standing as a defense. Property ownership is also private and Plaintiff has also declared in a Certification that it is the Plaintiff's funds that paid the down payment, the mortgage payments, the taxes, the increase in the tax escrow and the renovation and damages to repair from the fire, and the 9 litigations and defense of 19 property maintenance ordinances on Plaintiff's Home 316 E. Allendale Ave Allendale NJ 07401. Judge Cecchi also allows favorable standing satisfactions if a party other than a corporation suffers injuries separate and apart from a corporation, than, that party may collect on said injuries.

15. The Borough of Allendale under former attorney David Bole masterminded the continued barrage of wasting Plaintiff's funds and continually sued Plaintiff and the Closed corporation just to waste Plaintiff's Money. Mr. Bole was terminated under SEC

Investigation of interest charges on paid bonds for a water transmission line. 19 other political members and office personnel were also terminated including the Chief of Police for contract kickbacks.

16. Although Mr. Seaman notably informs this Court of some of the conduct of the Evicting Officers and places objections as to Plaintiffs not informing of the values of damages or individual listing of the item damages or missing, he again is incorrect and if Mr. Seaman reads he will see all deficiencies are supplied. He can read his interrogatories as served and answered.

17. The most egregious acts by the Sheriff's employees was the denial of the use of the bathroom causing me to urinate in my pants. Mr. Seaman leaves this out, he further leaves out that I am disabled under medication and had a very serious episode[s] of elevated blood pressure. No care or consideration was afforded nor any medical attention was provided.

18. Page ID 6774 Mr. Seaman submits Twombly than in Gibson 355 US 4,45-46 (1957) stating the complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the Plaintiff can prove no set of facts in support of this claim which would entitle him to relief Twombly 550 US at 546 quoting Conley 355 US at 45-46. ***"Instead the factual allegations set forth in a complaint must be enough to raise a right to relief above the speculative level."*** Twombly, 550 U.S. at 548. All defendants have failed to deny the evidence in submission before this Court. Plaintiff requests Summary Judgment due to the Effect of Failure to Deny.

19. Plaintiff has met the burden of proof and supported by Twombly 550 U.S. at 548. Plaintiff relies on ECF 304 and the attachments therein. Plaintiff has complied with the Factual Allegations which "are enough to raise a right to relief above the speculative level".

20. In further support under Twombly, the Plaintiff has gone beyond mere notice and contains "enough facts to state a claim to relief that is plausible on its face " Twombly 550 U.S. at 570 (2007) A. Benjamin Spencer, Plausibility Pleading, 49 B.C.L. Rev. 431, 431-32 (2008)

21. Plaintiff supports the plausibility pleadings further, by stating that Plaintiff's claims

Page 5

have facial plausibility due to plaintiff pleading factual content which allows the Court to draw the reasonable conclusion and finding of fact that the Defendants are liable for the misconduct and claims alleged by this Plaintiff.

22. Plaintiff supports his claims under 42 U.S.C. 1983 in that the defendants have deprived plaintiff of due Process and Equal Protection **and** as to each and every **other** allegation as set forth in Plaintiffs Revised 3rd Amended Complaint.

23. Defense Counsel Mr. Seaman and Mr. Malagiere deceive the Court with the assertion that the BCSD has denied Plaintiff the affordable housing rights as asserted in other claims against other defendants. This is a ploy by deception by counsel to make Plaintiff look liable for misstatements and improper claims against the Bergen County Sheriff's Department. ECF 304 page ID 6721 clearly does NOT allege or claim that the BCSD denied Plaintiff affordable housing rights. However, in that Mr. Seaman under Mr. Malagiere allege that Plaintiff did state a claim for denial of Affordable Housing rights indicates to me that Counsel and other opposing Counsel are commiserating and looking for any reason to discredit or make Plaintiff appear unreasonable. It is well settled that Mr. Bole and Mr. Pfund are Politically elevated Attorneys and that this insertion by Mr. Seaman could mean others have influenced him In support of the above statements. Plaintiff offers ECF 304 page ID 6721. as proof of claims alleged against the BCSD. It is facially Plausible that Plaintiff DID assert a claim for relief against the BCSD for Denial of Affordable Housing Developments due to illegal eviction.

24. ECF 308-1 Page ID6775 Mr. Seaman now requests that Plaintiff must allege under each claim under 42 U.S.C. 1983 that some person has deprived Plaintiff of my Federal Rights of Due process and Equal protection, and that such person as the Bergen County Sheriff Michael Saudino and Captain Edgars and Officer Brainey and Captain Kolich were/are members of the BCSD and acted under Color of State, Color of Office and or Territorial Law, Gomez v Toledo 446 U.S. 635, 640 (1980)

25. Whereby said actions of the Sheriff's department were that they accepted $60,000.00+- dollars as admitted by Richard Epstein Esq. (retired) on behalf of Emigrant Savings/ Retained Realty to pay expenses/taxes incurred by the duration of the foreclosure action. This is the cover up by the Sheriff Dept to accept $60,000.00 more

Page 6

than necessary to effect a illegal Sheriff's Sale denying Plaintiff Due Process and Equal Protection by not giving Notice of the Sheriff's Sale. The remedy requested is the vacating of the illegal sale wherein the Bank returns the funds paid by Mr. Jian Luo and the Bank applies for error and omission insurance claims and issues a clean quit claim deed to Plaintiff, Plaintiff further requests $2.5 million for violation of Plaintiff's Civil Rights, Punitive damages, Compensatory damages in exchange for no further action, closure of the docket and request the docket be sealed.

26. Mr. Seaman alleges Plaintiff's allegations failed to meet the Monell Standard for 1983 claims against Public Officials. The Bergen County Council failed to give access to public records to obtain the name and address of the offending individual officers responsible for Following Orders. It is apparent that a detail of Officers are assigned a work detail, are the officers guilty or the Officer in charge who gave the order to evict and then the officers took control and acted upon them selves or under the original work detail issued by an unknown Officer in charge. Plaintiff did know Captain Edgars contacted Louis Capazzi and questioned him as to why he did not respond or appear for the Sheriff's sale. Mr. Capazzi stated that he did not receive the required notice, Plaintiff was present in Mr. Capazzi's office when Captain Edgars called. Plaintiff knew that Officer Braney was in command of the eviction. Plaintiff knew that the Officers where following orders and did not know who issued the Orders. Mr. Seaman states in ECF 308-1 page ID 6776 under section II that Plaintiff's Allegations against the BCSO failed to meet the Monell Standard for 1983 claims against public Officials. The Monell standard does not apply to the case at Bar. The Monell standard references work related claims in violation of federal claims relative solely to pregnant women.

27. Mr. Seaman distorts the legal practice of submitting cite precedents to prevail in the instant matter. The numerous submissions by Mr. Seaman do not relate to the instant issues at bar. If a Judge determines that the BCSD did add injury to Plaintiff by not allowing affordable housing to be built than the injury should be compensated. This mechanism may also be added as viable due to the prejudice of the entire BCSD and racial prejudice in whole as they view themselves as a separate force in power to exercise control over issues not allowed by there empowerment as a protective and enforcement

Page 7

agency only after a judicial order by others are in place.

28. Plaintiff has addressed the issue of standing and Mr. Seaman again alleges standing but then why did he submit all of the case law and other defense mechanisms and not just wait to see what the final disposition regarding standing will be. Judge Cecchi permitted Plaintiff to reopen the closed docket under Plaintiff's submission of Motion for Reconsideration, presenting various issues of which Plaintiff's former attorney presented numerous claims which relief can be granted upon. Further Ms. Wooten presented 1983 claims under 42 U.S.C.A. wherein it was determined that due to Mr. Epstein being intertwined to allow the Bank to NOT escrow double the amount of a normal real estate tax and that deprivation of funds did cause a sequential set of injuries to Plaintiff. The bribe was already sent in motion as well as the extortion by the Sheriff Department. The proximate cause of Foreclosure was predicated upon the bank refusing to exercise prudent control over the towns doubling of Plaintiff's Real estate taxes and the bank realizing the financial upside of getting twice the amount of money, which they would then earn illegal interest. Further the Banks' appraisal company realized the upside of the equity appreciation which they would get to keep. In violation of Justice Harlans decision Snaidach vs Family Finance.

29. In summation Mr. Malagiere by Mr. Seaman does not fairly represent all material issues of facts. there are no genuine issues of material facts in dispute and the Court must review the preceding issues and compare them to the wrongful confusing issues as submitted by the Malagiere law firm. Mr. Epstein has **NOT SUBMITTED ANY CITE PRECEDENTS REFUTING THE DOCUMENTS** ATTACHED TO ECF 304 PAGE IDS 6730 TO 6752 INCLUSIVE. Summary judgment is warranted!

30. **LOCAL RULE 4:5-5 EFFECT OF FAILURE TO DENY MEANS AN ADMISSION. Plaintiff has requested Summary Judgment and transfer to class action standing against the Borough of Allendale.**

31. The Malagiere Law firm does not have the legal right to request that the Plaintiffs entire complaint be dismissed. This Defendant may only request that the relevant parts of the Complaint against the BCSD be dismissed.

## CERTIFICATION

I certify that the foregoing Statements are true. I am further aware that if any of the foregoing statements mad by me are willfully false i am subject to punishment.

_____               _____
                                                            Michael A. D'Antonio

Please enter this on the ECF System as notice to all parties