Michael A. D'Antonio
P.O. Box 55
Allendale NJ 07401

Cell 201-962-5881                                   mad.316@hotmail.com
Fax 201-857-4411

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL A. D'ANTONIO**<br>**Plaintiff** | **Civil Action No: 16-cv-00816 CCC, JBC** |
| vs | **REQUEST LEAVE OF THE COURT**<br>**for MOTION FOR**<br>**RECONSIDERATION of**<br>**JUDGE CECCHI'S ORDER** |
| **BOROUGH OF ALLENDALE, et als**<br>**Defendants** | **ECF 335 FILED 03/31/21**<br>**PURSUANT TO RULE 60a & 61** |

**THIS MATTER** having been opened to the Court by Plaintiff's Complaint and Amended Complaints 2 and 3 .

The Court having read the arguments from the Plaintiff and the Defendants having filed Motions to dismiss for Failure to State a Claim and the Court granted dismissal of the Complaint for Failure to State a Claim.

## BRIEF IN SUPPORT OF MOTION

Plaintiff was allowed to file a 2nd Amended Complaint where the Court granted Plaintiff the right to reopen the Complaint on the grounds that the Defendants violated State claims pertinent to the Affordable Housing Statutes and other violations of Federal Laws under RICO Predicates: Obstruction of Justice, Money Laundering, Income Tax Evasion, Fraud in the Concealment, Fraud in the Inducement, Mail Fraud, Fraud by Wire, Theft by Deception of Plaintiff Real Estate Taxes and Water Charges. Failure to properly account for the Money Trail from Real Estate Taxes.

These decisions becoming Res Adjudicate and then the Court having dismissed the Second Amended Complaint and allowing Plaintiff to file a 3rd Amended Complaint. Plaintiff asserts that the Affordable Housing Claim is a Claim for which relief can be

-1-

granted upon as Judge Cecchi granted this Claim in the SAC it becomes Res Adjudicate.
The Claim for RICO Predicates is a Claim for which Relief can be Granted Upon, As it
was not dismissed with specificity and is by the Doctrine of Res Adjudicate supposed to
be submitted to the US Attorney's Office by a office of the Court or a Judge.

No exclusions of these claims were entered in the Order ECF 335.  Judge Cecchi
nor Judge Clark nor opposing Defendants having submitted argument and or controlling
Law, Statute or Rule to defeat the Affordable Housing requirements of the Borough of
Allendale and or any corroborating Defense mechanisms which defeat the RICO
Predicates. No decision was so aided by or to the Borough of Allendale by not making
available build able land for said Affordable Housing and or theft of public funds through
fraudulent over appropriations of Real Estate Taxes and Water Revenues and all the other
stated RICO Predicates as submitted by the Plaintiff. The Court has violated the
Plaintiff's case by injecting defense mechanisms which were not presented by the
individual Defendants. Thereby the defendants merely stated that Plaintiff failed to state a
claim which relief can be granted upon. In that the individual Defendants failed to submit
the language that the Judge Is now making a decision. the Judge's position by not
submitting opinion and case law in Prosecution violates Plaintiff's rights of the Federal
violations and the RICO Violations.

The Court failed to deny each and every count of violations of Federal Laws as
submitted in Plaintiff's Complaint with a Statement of Fact or Memorandum of Law. The
Ghironda Report is clear and convincing evidence of the Defendant, Borough of
Allendale's continued illegal financial actions in detail with names and particular actions
at fault. The Borough did not include the Lakeland Bank Checking Account in the
Revenue Transaction audit trail nor the Budget Report. The Court must reconsider each
and every count of Plaintiff's Claims, against each defendant for the purpose of hiding
land or claiming wetlands or any other reasons to negate the transfer of the build able
lands to Plaintiff under Judgment of the Superior Court and the illegal In Rem
Foreclosure which negated Affordable Housing and did illegally hide surplus lands which
revert back to Jack Levin and then Plaintiff through Judgment by the Superior Court.
BER-L 8660-10 filed 3-21 2017 which creates the **THIRD PART OF PROOF OF**

**STANDING, and REDRESSABILITY** Nat'l Collegiate Athletic Ass'n v Gov of N.J. 730 F.3d 208 218 (3d Cir.2013 (citing Summers v Earth Island Inst. 555 U.S. 488,493 (2009). "The Party invoking Federal Jurisdiction bears the burden of establishing these elements". Lujan v Defenders of Wildlife, 504 U.s. 555,561 (1992).

    1. Plaintiff submits Rule 60 (a)  RELIEF FROM A JUDGMENT OR ORDER: Corrections based on Clerical Mistakes; Oversights and Omissions. The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. 1) Page 2 of the Opinion under Background the Court makes a FAC TUAL ERROR in stating that the DEFENDANTS interfered with the use and development of a tract of Land in the Borough and ultimately evicted him. ***Plaintiff states this is an error of fact. Plaintiff filed a factual attack not a facial attack. Only one defendant Richard Epstein on behalf of his clients Emigrant Savings and Retained Realty are responsible for the Eviction. Where for the Opinion and Order are in error. The Court denied Plaintiff Constitutional Right of Plaintiff to Amend the Complaint to add the Bank Emigrant Savings and its Holding Entity Retained Realty.*** The evidence is compelling in favor of the Plaintiff but the Court denied Standing to this fact which is separate from all the other aspects of the Complaint and therefore, Plaintiff requests Reconsideration of this Opinion (ECF 334) and Finding of Facts. Mr. Epstein paid $1500.00 the normal fee for the Eviction and upon requesting the documents the Bergen County Sheriff observed deficiencies in the Banks rights to evict: 1: the Mortgage Contract was not countersigned by the Bank, 2: The Bank was not licensed to make Loans in the State of New Jersey, 3:The only remedy stated in the contract was the property was to be sold NO EVICTION was Permitted. Therefore the Sheriff accepted the first additional payment of $13,000.00+- and then the Sheriff Office and or Department extorted the second payment of $47,000.00+- for the Eviction, which Mr. Epstein paid. This Factual attack is edified by the presence of 2 Orders signed by Chancery Judge Paul Innes specifically Ordering the Sheriff to return said Funds. Plaintiff in an  Act to verify the funds, requested access to public records to verify the Check Book Register for the deposits of these funds, which was denied by the Bergen County Government Office. This District Court Opinion fails to mention these

-3-

acts/FACTS and or the **Rico Precedents** which are enumerated in the Complaint and were never addressed or decided and or denied. Plaintiff complains of lack of Due Process and Equal Protection as to a Remedy and or Prosecution of these Federal Crimes. The Court on Page 20 of the Opinion 3rd paragraph states "*Plaintiff primarily claims that Defendants violated his process rights by interfering with the subject property. TAC at pages 11-42. These claims fail because as described above he never maintained a legal interest in the subject property.* **This opinion fails in that Judge Cecchi states that any party who has a vested financial interest has a right of claim. Plaintiff has personal funds in the amount of $840,000.00 which in the Courts Opinion has failed to reimburse or state that Plaintiff has LEGAL INTEREST in the Subject Property. Plaintiff accepts that due to COVID there may be a difficulty connected to Court Proceedings, however Plaintiff has submitted this Factual Submission at lease 3 Times.** No Appeal decision is pending so the Court may do so on Motion or on its own to rectify these issues. This Is a Factual Attack against these Defendants which the Opinion does not address in any form. No further Order of Judgment altered or omitted any part of the 2nd Amended Complaint specific to compliance with the Affordable Housing Statute which is Res Adjudicate going forward. The Court denies the Affordable Housing Claim under Section 3604 ( what section of Law is this from ) the Court sited Key programs Inc V City of Escondido a Non New Jersey Site precedent and the Court has failed to override Plaintiff's application is in compliance with N.J.S.A. Section 5:92-8-2, 8.3 of the Affordable Housing Statutes. No further Order of Judgment altered or omitted any part of the financial illegal operations as submitted and verified by the Ghironda Report. The Court in its Order is excluding all the evidence as submitted. The Court needs to be reminded again about STANDING which Plaintiff has enumerated a favorable Judgment of $5.9 million by mention. The Court states that the Opinion validates a search of all complaints and lower Court Decisions but **DOES NOT INCLUDE  BER-L 8660-10,** WHERE IN , Plaintiff enumerated this Judgment several times in the amended complaints. As such the Instant opinion is in error and the Protected Class that Plaintiff is protected under is the COAH Statutes as listed above  and again 5:92-8.2, 8.3. A municipality may only hold  3 % of there developed and developable acreage for active

-4-

recreation and exclude this acreage from consideration for potential sites for low and moderate income housing. The Borough failed in this calculation and opposed compliance by lack of zoning approval. In Plaintiff's case former Mayor Barra stated that if I prepare and submit a site plan that complies with all zoning I would be approved, Mayor Barra Denied Plaintiff Approval after compliant submissions were in place. The Court is NOT permitted to decline third party standing. The Court finds that Claims for violations of the FHA are beyond the Statute of Limitations However if the actions are a violation of Rico Predicates the Statute of limitation do not exist. As such this could be telling of the Courts refusal to enumerate on any of the Rico Predicates as submitted in Plaintiff's 3 complaints.

1) You don't have to own a property in order to sustain damages for lack of development. A developer may have exclusive rights to build and other fact issues may affect the property or legal reasons to stop/delay development.

2) Plaintiff has protection and is a member of a protected Class as only developers and property owners are allowed to develop Affordable housing See Coah N.J.A.C. 5::92-8.2

3) I was damaged and suffered injury by the Sheriff's Department by illegal eviction when I was a tenant of the property. Copy of the lease is attached dated February 1, 2009 see Exhibit "1" Mortgage contract only required the sale of the Property NOT Eviction.

3) Letter dated September 3, 2015 Exhibit "2" stating that Calm Development Inc is a closed entity signed by Joseph DiMaria Esq. also attached is a Corporate Resolution giving Plaintiff **STANDING.**  In that Michael A. D'Antonio is to assume any and all liabilities and judgments assessed against the Corporation going forward.. As such based upon this document, Plaintiff became Calm Development and had the requisite ownership assets and or liabilities. This District Court refuses to accept this legal FACT.

4) Exhibit "3"Copy of the Deed showing that Michael D'Antonio was the sole owner and that purchase was on or about March 28, 1996.

In further support of **Standing , Article III** of the Constitution limits the jurisdiction of the Federal Courts to "Cases and Controversies" one key aspect of this

Cases-or-Controversies"is Lance v. Coffman 549 U.S. 437, 439 (2007) . One key aspect
of this case or controversy requirement is standing. ID at 439. "The Standing inquiry
focuses on whether the party invoking jurisdiction had the requisite stake in the outcome
when the suit was filed" Constitution Party of Pa. v Aichele, 757 F.3d 347,360 (3dCir.
2014) (citing Davis v FEC. 554 U.S. 724,734 (2008) To establish Standing, a plaintiff
must satisfy a three part test, showing:

    1. an injury in fact. (Plaintiff was denied 5 times for Affordable Housing
Development, **property taxes were doubled without necessity to operate the town**, but
to cause an actual imminently threatened injury to Plaintiff)  Page 20  The Court states
***these claims fail because as described above, he never maintained a legal interest in the***
***subject property. Plaintiff asserts protected property interest was at stake and invokes***
***this interest to demonstrate a DUE PROCESS CLAIM.*** Moreover, Defendant Borough
of Allendale never submitted relief as demonstrated by the Courts Opinion thereby failing
for the relief as offered in this Opinion. The Court is protecting the Defendants by
unclaimed or presented legal relief. The Court has failed to assign Pro Bono Counsel 3
times in direct conflict with CANON 4 (D) a JUDGE MAY ENCOURAGE  LAWYERS
TO PROVIDE PRO BONO LEGAL SERVICES.

    *COMMENT: A judge is in a unique position to contribute to the improvement of*
*the law, the legal system and the administration of justice, including revision of the*
*substantive and procedural law and improvement of the justice system. To the extent that*
*time permits, a judge is encouraged to do so through a bar association, judicial*
*conference, other organization dedicated to the improvement of the law or through an*
*appropriate judicial official charged with the administrative responsibility by the Rules*
*of Court.*

Plaintiff was sued 9-10 times, the Borough Attorney made 19 Ordinances and labeled
them D'Antonio Ordinances. Plaintiff sustained damages for cost of attorneys. The Court
on Page 20  last paragraph states "Plaintiff primarily claims Defendants violated his Due
Process rights by interfering with the  subject property TAC 11-42 These claims fail
because  as described above he never maintained a legal interest in Subject Property.
"Plaintiff alleged and alleges a Protected Property interest was at stake" The Borough of

Allendale only sued me and Calm development see attached Deed.

2. causation, ie., trace ability of the injury to the actions of the defendants; (defendants failed to issue the permits and engineering for the affordable housing and the refund for doubling Plaintiff taxes) Plus Defendants purchased a Insurance policy with the Joint Insurance Fund in the Plaintiff's name only.

3. Re-dressability of the Injury by a favorable decision by the Court; whereby Superior Court of New Jersey Bergen County Docket No. Ber-L 8660-10 entered judgment in the amount of $ 5,923,630.00 , Against Jack Levin and Heather Court Inc.

5) Not all 12(b) (1) motions are created equal: "[a] District Court has to first determine whether a Rule 12 (b) (1) motion presents a facial attack or a "factual" attack on the claim at issue, because that distinction determines how the pleading must be reviewed" Aichele,757 F.3d at 357. A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because , for example it does not present a question of federal Law." Id at 358 . A factual attack by contrast, "is an argument that there is no subject matter jurisdiction because the facts of the case do not support the asserted jurisdiction." Id. Unlike a facial attack, a factual attack invites the Courts to "look beyond the pleadings to ascertain the facts relevant to jurisdiction. Id.

The Passaic River Coalition caused Plaintiff injuries when they colluded with the Borough of Allendale to accept the fraudulent appraisal to reduce the 12 acres at Heather Court and Yoemans Lane in Allendale they further colluded to reduce the property tax cards to "0" tax due on 12 acres. The PRC further paid the Borough of Allendale the $322,000.00 tax arrearage thereby creating a surplus of 9 acres which are to revert back to Jack Levin as surplus and would then further revert back to Plaintiff under the Judgment from Superior Court  Docket No. Ber-L- 8660-10

1.The District Court has failed to determine whether a Rule 12(b) (1) motion presents a facial attack or a factual attack on the claims submitted by all defendants in that the Court has failed to make that determination Plaintiff requests a vacating of the instant Order ECF 335 and an Order restoring the docket to the active calendar, the

reinstatement of the Default Judgments by Judge Clark and the Writs of Execution and Notice of Levy be issued. Plaintiff further requests a proper mediation to settle the balance of the Complaint as submitted by the Plaintiff.

2. Plaintiff seeks relief due to being denied Pro Bono Counsel .*The Court must disregard all errors and defects that do not affect any party's substantial rights.* Plaintiff takes exception to the Courts 3rd Order ECF 335 and requests relief as per the above submissions. The Order at ECF 335 denied Plaintiff Due Process and Equal Protection. The Court did not request the US Attorney to review the allegations and or proven crimes of the Defendants.

3. The Court in its decision ECF 335, has made numerous errors from a Judgment or Order. Plaintiff seeks relief and reconsideration under Rule 55 Default and Default Judgment. Plaintiff applied and received Default against Thomas Monahan and Louis Capazzi ECF 146. Judge Clark entered an Order granting Plaintiff's Default Judgment and then terminated same with out proper finding of fact or memo of Law.

4. Based upon the 5 years that this application has been before the Court Plaintiff states that partiality has taken place. and violates CANON 1:

Rule 1.1 An independent and *IMPARTIAL JUDICIARY* is indispensable to justice. A Judge therefore shall uphold and should promote the independence, integrity and impartiality of the judiciary. Judge Clark failed to abide by Canon 1 when Judge Clark denied all Discovery going forward and terminated Plaintiffs Default Judgment against Thomas Monahan and Louis Capazzi .

Rule 1.2 Compliance with the Law. A Judge shall respect and comply with the Law. Neither Judge Clark nor Judge Cecchi nor clerks or their respective staff contacted the US Attorney or the FBI to act within compliance with the Law. Federal Law requires that a person with knowledge of the commission of a Federal Crime MUST report it to the appropriate agency of the Federal Government.

All defendants that stated Plaintiff failed to State a Claim which relief can be granted upon violated Federal Law.

*COMMENT BY THE AMENDMENTS EFFECTIVE JANUARY 6, 2020*

*VIOLATIONS OF THIS CODE OR VIOLATIONS OF LAW OR COURT RULES THAT REFLECT ADVERSELY ON A JUDGE'S HONESTY, IMPARTIALITY, TEMPERMENT OR FITNESS CONSTITUTE A FAILURE TO RESPECT AND COMPLY WITH THE LAW.2.1* Promoting confidence in the Judiciary: This Court took 5 years to render an improper Order with Prejudice which violated Federal Law and Rules and must be vacated. Comment [1] Public confidence is eroded by irresponsible or improper conduct by the judges. A judge must avoid all impropriety and appearance of impropriety and must expect to be the subject of constant scrutiny. The Judge requested that Plaintiff submit a comprehensive Brief and expand the enclosures and upon submitting this brief Judge Cecchi ignored the content and evidence and now submits ECF 335.

2.2 External Influences of Judicial Conduct: Judges shall decide cases according to the Law and Facts. Judges shall not permit family, *SOCIAL, POLITICAL, FINANCIAL* or other relationships or interests to influence their judicial conduct or judgment.

3.7 Ensuring the Right to Be Heard: A Judge shall accord to every person who is legally interested in a proceeding or to that person's lawyer, the right to be heard according to Law or court rule.  Comment: A Judge may make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard. **PLAINTIFF OBJECTS TO THE WAY PLAINTIFF WAS TREATED NO CRITICISM WAS PLACED AS TO ANY SUBMISSIONS BEING IN THE WRONG, THEREFORE THE ORDER AT ECF 335 IS IMPROPER AND SHOULD BE VACATED. Rule 3.7 clearly states** "the Right to be Heard" but upon all submissions the Judge and Clerk made numerous errors by dismissing the case. Pursuant to Rule 60 (a) (1),(2),(3)  Plaintiff did not and was not able to hire an attorney, Plaintiff requested Pro Bono Counsel 3 times and was denied. Plaintiff had 2 attorneys on this matter and both attorneys were disbarred in unrelated matters to this case.

3.9 Diligence: A Judge shall dispose promptly of the business of the Court. It took 5 years to shut this case. The Order is improper as it does not speak of all the crimes committed by the Defendants and lack of remedy by the Court. Bribery and Extortion!! CANON 4 (D) A Judge may encourage lawyers to provide pro bono legal services **but** Judge Clark and Judge Cecchi denied Plaintiff Pro Bono Attorney 3 times, Plaintiff

restates the claims as if set forth in the 2nd and 3rd Amended Complaints and requests reconsideration and regarding the new submission by the Plaintiff regarding the 3rd prong is compliance **with Standing**. Plaintiff apologizes to the Court as Plaintiff misplaced this Order BER-8660-10 in Plaintiff's Storage locker and now submits this as compliance with the Rule of Court for standing.

**Page 21 Paragraph 3. Title VII Plaintiff did NOT submit title VII claims the Judge or Clerk must have made a transcription error.**

Page 22- 4. Section 1983 This is an error upon the Court and was adjudicated by Judge Cecchi personally as Plaintiff injected Ms. Wooten's Submissions and more than adequately Defended the reopening of the SAC Second Amended Complaint.

Page 22 Fraud Plaintiff pleaded with specific accuracy and this opinion is telling of the Courts transgressions in Defending Our Constitution and the fact that who ever wrote this opinion clearly did not include the Ghironda Report which detailed and alleged with heightened particularity and the Ghironda report injects precision and a measure of substantiation into all fraud allegation. The Borough committed these frauds on a daily continuous basis and or the time period requiring certain bookkeeping functions to occur. Plaintiff is under the assumption that upon substantial submission of the above allegations the Court must engage and or report the Crime to the appropriate Government agency such as the U.S. Attorney, the FBI or the Dept. of Justice.

Page 23 Other Claims, the instant Opinion is not in conformity or understanding that Plaintiff was denied Pro Bono Counsel 3 times as such the understanding criteria of the rules to the Plaintiff have been met, the Ghironda report and the Lakeland Bank Account satisfy some of the criteria. How is it possible to allege and or prove the 8,500 residents received a false inflated tax bill in the mail. The Order is a blanket CYA to negate Plaintiff any relief. Plaintiff's Real Estate Taxes Doubled and no other resident's taxes were Doubled How do I prove that?

Law of the Case can not be disturbed unless the original Law of the Case was non-conforming or illegal and just a cover up.

page 24 Amendment of the TAC Dismissal of a Complaint with prejudice is not appropriate and is not futile. This Order is not marked final and some of the opinions are

-10-

not factual or have the support to survive the Order and therefore Plaintiff requests reconsideration as Plaintiff now has submitted Standing with the citation of a favorable award from the Superior Court Ber-L 8660-10 wherein the Defendants were proven guilty and the decision cause the balance or Plaintiff's standing to be recognized as per Court Ruling.The Court in its Opinion failed to include the Actions and determination of The SEC, a Governmental Agency with the Power of Enforcement to regulate illegal activity of the Defendant Borough of Allendale which terminated the employment of the Borough Attorney who endorsed each and every Mayor and Counsel Meeting and the Chief of Police, the CFO and the Municipal Finance Employees and other employees at all times at participated in the double billing for goods and service to the Borough and the theft of one million dollars by Frank Swarth the director for the water department

Plaintiff takes exception to the Opinion that Plaintiff stated the Borough of Allendale purchased a separate insurance policy in my name. Excuse this Plaintiff, but the instant opinion does not describe or opine as to what the insurance document actually means. To suggest to the Court to re-read Ms. McDonnells reply and to understand insurance policies allow to add additional disclaimers or additional insurance for the damages or claims filed by this Plaintiff against the Borough of Allendale the import of the submission is telling of the Borough of Allendale and support by former Borough Attorney David Bole to protect itself due to the illegal conduct and actions like the In Rem Foreclosure and the surplus of the 9 acres which were not conveyed to this Plaintiff under surplus from the fraudulent payment of the Passaic River Coalition to hide this transaction and collude and disturb tax ratables and not grant Plaintiff partial award under the 6million dollar favorable judgment from Superior Court BER 8660-10

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am further aware that if any of the forgoing statement are willfully false I am subject to punishment.

Dated: 4-12-2021

Michael A. D'Antonio

Please enter this on the ECF System as Notice to all parties.