Michael A. D'Antonio
P.O. Box 55
Allendale NJ 07401

mad.316@hotmail.com

Cell 201-962-5881
Fax 201-857-4411

07-01-2021

Certified Mail 7020 0640 0001 8345 8686 and regular mail

**Mr. Walsh**
**US District Court**
**50 Walnut Street**
**Newark NJ 07102**

Re: ECF Transmission of 6/25/2021
   D'Antonio vs Borough of Allendale
   Docket 2:16-CV-00816 CCC JBC
   Document Not placed on the ECF System

Dear Mr. Walsh;
        In speaking with the Clerks Office, questioning why my last submission was not posted on the ECF system, the Clerk states they did not receive any transmission from me. Enclosed is a copy of the receipt that shows I scanned and sent this document. I now am mailing a copy to you Certified Mail RRR and rescanning and sending it to the ECF Help Desk.
        ECF 338 Order re 337 of Judge Claire Cecchi stating that "The Court will consider Plaintiff's Motion for Reconsideration".
        On June 25, Plaintiff filed a Notice of Motion Seeking Leave of the Court for Determinations of ECF 322 filed 11/11/20 Compliance with the Uniform Report Act of 1990, Class standing for Tax Rebate, submission of proofs, again, of Lis Pendens showing and proving right of Notice of Levy and Writs of Execution and illegal transfer of the land in question by Defendant Borough of Allendale to the Passaic River Coalition.
        If your Office is the Administrator for the Uniform Report Act of 1990 please request Judge Cecchi to act on this. In that the Judge reopened the case and then closed the case and then will reconsider the Motion and for the Clerks office to NOT have the supplement information showing Plaintiff has the rights to the Land and his former residence, plus judge Cecchi's opinion NOT fairly adjudicated the allegations of Federal Crimes with proofs as submitted. Plaintiff is entitled to a fair hearing and adjudication of the injuries sustained by the Defendants over the Federal Violations of my protected Civil Rights.

Thank You

Michael A. D'Antonio

Michael A. D'Antonio
P.O. Box 55
Allendale NJ 07401

Cell 201-962-5881                                    mad.316@hotmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MICHAEL A. D'ANTONIO**          **DOCKET NO 2:16 -CV-816 CCC-JBC**
**PLAINTIFF PRO SE**
                                  **CIVIL ACTION**
**BOROUGH OF ALLENDALE**
    **et als**                          **NOTICE OF MOTION SEEKING
                                  LEAVE OF THE COURT FOR
DEFENDANTS**                      **DETERMINATION OF
                                  ECF 322 FILED 11/11/20, REVERSAL
                                  OF JUDGE CLARK'S LETTER ECF319,
                                  RESPONSE TO THE PLAINTIFFS
                                  REQUEST FOR COMPLIANCE WITH
                                  THE UNIFORM REPORT ACT OF1990
                                  AND SUMMARY JUDGMENT FOR
                                  CLASS STANDING FOR TAX REBATE
                                  OF RESIDENTS OF ALLENDALE AND
                                  REVERSAL OF LAND FORMALLY
                                  OWNED BY JACK LEVIN  SUBJECT
                                  TO LIS PENDENS ATTACHED, AND
                                  THE  RETURN OF PLAINTIFF's
                                  HOME 316 E. ALLENDALE AVE.**

**PLEASE TAKE NOTICE** that the Plaintiff  requests Leave of the Court pursuant to

ECF 338 and Leave to Amend the Complaint based on new evidence for partial relief to

injuries sustained by the Defendants Borough of Allendale and the Passaic River

Coalition. Attached as **Exhibit"1"** Notice of Lis Pendens  filed October 3, 2008. The Lis

Pendens is filed against the Property listed by the Plaintiff for recovery of injuries

sustained by the Defendants stated above in that this was filed prior to the transfer

between Allendale and the Passaic River Coalition (PRC) failed to perform a proper

search of Title and the Borough of Allendale sold the property with Notice of said Lis

Pendens. The  property is now encumbered by the Plaintiff's lien and writ of execution in

-1-

the amount of $5,928,680.00 Attached as **EXHIBIT "2".** Attached as **EXHIBIT "3"**
Filed lien of Judge Robert C. Wilson Jo61371-13 2 pages.

*[ in contacting Chambers to see if my motion was decided, Ms. Lambiassi stated it was*
*not decided and that the Court needed more time to consider the Amended Complaints*
*and that review would need more time]*

    1. In researching my files I found the above Exhibits. In that Judgments are valid
for 20years. I respectfully request an order, transferring said property to Plaintiff.

    2. In that the PRC paid $322,000.00 to the Borough of Allendale this establishes
the value of acreage in this area of Allendale. $322,000.00 divided by 12 acres equals
$26,833.00 per acre. IS WHAT ALLENDALE ACCEPTED!

    3. 12 acres times $26,833.00 equals $321,996.00 subtracted from the above
Judgment of $ 5,928,680.00 which equals $5,606,684.00 balance of the Judgment.

    4. 4.3 acres owned by Jack Levin under AGREEMENT WITH MR. ALBOHM
equals $115,382.90 minus this from $5,606,684.00 would equal a balance on Plaintiff's
judgment of $5,491,302.00

    5. Plaintiff requests Judgment against Mr. Albohm for the 4.3 acres.
The Court has not addressed the Motion  ECF 322 to reverse Judge Clarks letter Order
11-05-2020 and compliance with the Civil Justice Reform Act Report of 1990, 28 U.S.C.
sec 476 and Summary Judgment for surplus Real Estate taxes charged to this Plaintiff in
the amount of $200,000.00.

Attached as **EXHIBIT "4" ARTICLE VI Marsh Warden adopted 6-23-1983**
**Amended in its entirety 2-25-1993 sec. 53-24 .** Office created. Sec. 53-25  Marsh
Wardens appointed only for Celery Farm not D'Antonio's property. Pfund McDonnell
made representation to Judge Wilson that Defendant Stiles Thomas was protected under
Color of Office which  Exhibit 4 disproves same. He was not permitted to be Marsh
Warden of D'Antonio's Property, therefore Ms. McDonnell falsified her submission to
Judge Wilson thereby causing the Judge to release Mr. Thomas. Plaintiff requests the
relief of $1.5 million dollars against Mr. Thomas for damages and injuries in
misclassifying the environmental aspects of D'Antonio's property. Mr. Thomas, Mr.
Levin, the Borough of Allendale and the PRC have failed to cure the illegal water runoff
onto D'Antonio's Property. The Borough of Allendale misrepresented a return of Jack

Levin's escrow for development mandates so as to lend legitimacy to the 13 homes built and release any future obligations

The Pfund McDonnell Law Firm and Mr. Bole are responsible for denial of Due Process and Equal Protection in the amount of $1 million dollars each.

In the certification ECF 316 Plaintiff included Definition and application of an Amendment. Attached as **EXHIBIT "5"**.

In that, a decision based upon prior applications may be a method of the Courts understanding to exclude or diminish Plaintiffs damages as Plaintiff may not have included the injuries or damage request again and again, BY DEFINITION an Amendment MAY EXCLUDE prior information/requests ONLY IF IT STATES TO REMOVE same from any submissions to the Court. Each Amended Complaint is just that an Amendment, NOT A NEW Complaint. Plaintiff respectfully submits that the Court  Ordered Plaintiff to submit ECF 329 which document should be the controlling document as to any and all relief plus this Motion and the new information submitted within. Plaintiff further reaffirms the conditions of the illegal eviction and the Bank NOT being licensed in the State of New Jersey which warrants the return of the Plaintiff's home which was just placed on the multiple Listing by Christies Real Estate Company. Plaintiff reaffirms the requests submitted, states that the Motion for Reconsideration ECF 336  and ECF 338 stating the Courts position that the Court will Consider Plaintiff's Motion for Reconsideration.

Plaintiff asserts and submits this Motion with the support of Rule 15(a) (2)(c) (C) (d) Supplemental Pleadings


CERTIFICATION

**I certify** that the foregoing statements made by me are true. I am further aware that if any of the foregoing statements made by me are willfully false I am subject to punishment

6-25. 2021

Michael A. D'Antonio

Please enter this on the ECF as notice to all parties

**LAW OFFICES DENNIS A. MAYCHER, P.C.**
**935 River Drive**
**Garfield, New Jersey 07057**
**(201)438-7770**
**Attorneys for Plaintiff, Calm Development, Inc.**

| | |
|---|---|
| Calm Development, Inc., <br><br>                 **Plaintiff(s)** <br><br> **vs.** <br><br> Borough of Allendale,  Albert Klomburg, Vincent Barra, Paula Favatta, and Stiles Thomas as Marsh Warden of the Borough of Allendale and individually, Jack D. Levin, J.D. Levin Associates, Inc., a New Jersey Corporation and J.S. Heather Court Allendale Property, Inc. <br><br>                 **Defendant(s)** | **SUPERIOR COURT OF NEW JERSEY** <br> **LAW DIVISION –** <br> **BERGEN COUNTY** <br><br> **DOCKET NO.:** <br><br> <u>**CIVIL ACTION**</u> <br><br> **NOTICE OF LIS PENDENS** |

**TO WHO IT MAY CONCERN**

      Notice is hereby given to the commencement and pendency of the above-entitled Civil Action, the general objects of which are:

    1.     To collect for a claim relating to Water drainage in violation of New Jersey statutes into and onto property owned by Calm Development, Inc., from property owned by Jack D. Levin, J.D. Levin Associates, Inc., a New Jersey Corporation and/or J.S. Heather Court Allendale Property, Inc.

      The lands and premises to the affected by said suit are now described in Exhibit "A" annexed hereto.

6 PAGES
EXHIBIT 1 PAGE 1

The Complaint in this matter was filed on October 3, 2008.

Dated: October 3, 2008

Law Offices Dennis A. Maycher, P.C.

By: _____
Thomas P. Monahan, Jr.

Attorney for Plaintiff, Calm Development, Inc.

EXHIBIT "1"
PAGE 2

Kathleen A. Donovan
COUNTY CLERK

080077

RECORDED BERGEN COUNTY
ON 3 9 0 0 0 C P 5 3 3
98 MAY 16 AM 10:17

Prepared by
Anthony DiCandia
Attorney-at-Law of New Jersey

245.00
36.00

REALTY FEE
RECRD. FEE

AMT. REVM.

281.00

70,600.00
245.00

CONSIDERATION
TRANSFER FEE
AND FEE MISC

TOTAL

This Indenture, made this          13th          day of    August
in the year of Our Lord, One Thousand Nine Hundred and    Ninety-three
Between:

JACK TERHUNE                    , Sheriff of the County of Bergen,
in the State of New Jersey, party of the first part,

And      J. S. HEATHER COURT ALLENDALE PROP., INC.
         199 Lake Street
         Upper Saddle River, New Jersey

                                        party of the second part.

## WITNESSETH:

Whereas, a certain writ was lately issued out of and under the seal of the Superior Court of New Jersey, Chancery Division, Bergen County, to the Sheriff of the County of Bergen, directed and delivered in the following words:

                    THE STATE OF NEW JERSEY TO THE
                    SHERIFF OF THE COUNTY OF BERGEN:
                    GREETINGS:
(LS)

    WHEREAS, on the 24th day of December, 1990, by a certain judgment made in Superior Court of New Jersey, in a certain cause therein pending, wherein City Savings, F.S.B. in conservatorship, Resolution Trust Corporation, as Conservator, is plaintiff and Allendale Park Estates, Inc., J.D. Levin & Associates, Arthur A. Levine, William Ponsoldt, Jack Levin, are defendants,

    It was ordered, adjudged and decreed that                      certain mortgaged premises, with the appurtenances, in the complaint in the said cause particularly set forth and described, that is to say:

    Property located in the Borough of Allendale, County of Bergen, State of New Jersey, more particularly described as follows:

    BEGINNING at the southwesterly corner of the herein described tract and the southeasterly corner of Lot 12, Block 1902 as shown on the Allendale Assessment Atlas (Lot 15, Block 28A as shown on a map entitled, "Final Subdivision Plat Briar Hill Section 2D" filed in the Bergen County Clerk's Office on July 20, 1962 as Map Number 5870 and running thence;

    1.  Along the aforementioned Lot 12, North 07° 30' 06" West 176.01' to the extension of the southerly sideline of Arcadia Road (50' in width); thence

    2.  Along the same South 82° 29' 54" West 39.28' to the easterly terminus of Arcadia Road; thence

EXHIBIT " "
PAGE 3

104—DEED - BARGAIN AND SALE (Consent as to Grantor's Acts)
CORP. TO IND. OR CORP. — Plain Language

GRVST—1

Copyright © 1982 By ALL-STATE LEGAL SUPPLY CO.
One Commerce Drive, Cranford, N.J. 07016

# **DEED**

RECEIVED

Jun 16   3 43 PM '84

BERGEN COUNTY CLERK

This Deed is made on      **November 16**   , 19 83 ,

**BETWEEN  BERGEN COUNTY LAND CORPORATION,**

a corporation of the state of     **New Jersey**

having its principal office at   **11 State Street, Hackensack, New Jersey**
referred to as the Grantor,

**AND      ELIZABETH S. GRIMALDI**

whose post office address is   **28 Sleepy Hollow Road, Upper Saddle River,
New Jersey**
referred to as the Grantee.
The word "Grantee" shall mean all Grantees listed above.

Transfer of Ownership.  The Grantor grants and conveys (transfers ownership of) the property
described below to the Grantee. This transfer is made for the sum of   **Four Thousand----------
--------------------------($4,000.00)--------------------Dollars**
The Grantor acknowledges receipt of this money.

Tax Map Reference.  (N.J.S.A. 46:15-2.1) Municipality of   **Allendale**
Block No.  **1906**              Lot No.   **18**                 Account No.
☐ No property tax identification number is available on the date of this Deed. (Check box if applicable.)

Property.  The property consists of the land and all the buildings and structures on the land in
the   **Borough**              of   **Allendale,**
County of   **Bergen**              and State of New Jersey. The legal description is:

**BEGINNING** at the point in the line identified as the third course in
the second tract of a certain deed dated March 10, 1964 recorded
in the Bergen County Clerk's Office in Book 4613 of Deeds at Page 6,
which point is the terminus of the seventh course in the Second Tract
of a certain deed dated March 29, 1961 and recorded in the Bergen
County Clerk's Office in Book 4223 of Deeds at Page 443 and from said
point of beginning running (1) North 13 degrees east 165 feet more or
less to a corner, thence (2) South 67 degrees 9 minutes east 340
feet more or less to a point in the municipal boundary line between
the Boroughs of Allendale and Saddle River, in Bergen County, thence
(3) in a southerly direction 165 feet more or less along said bound-
ary line to a point in the line identified as the third course in
the second tract of a certain deed dated March 10, 1964, recorded
in the Bergen County Clerk's Office in Book 4613 of Deeds at Page 6,
thence (4) North 66 degrees 35 minutes West along said third course,
in the second tract of a certain Deed dated March 10, 1964, recorded
in the Bergen County Clerk's Office in Book 4613 of Deeds at Page 6,
340 feet more or less to the point of BEGINNING.

BEING the same premises acquired by the Grantor herein
by Deed dated March 14, 1972 and recorded in the Bergen County
Clerk's Office on March 27, 1972 in Book 5626 of Deeds for said
County at Page 155.

Record & Return to:
Grimaldi & Grimaldi
11 State St., Hackensack, N.J. 07601

Prepared by: _____
(N.J.S.A. 46:15-10)  Stephen P. Grimaldi

EXHIBIT "i"
PAGE 4

3.  Along the same North 07° 30' 06" West 50.00'
to a point of curvature; thence

4.  Still along the same and on a curve to the left
having a radius of 50.00' an arc length of 89.99'; thence

5.  North 07° 30' 06" West 162.31' to the southerly line
of Lot 3, Block 1905; thence

6.  Along the same North 82° 29' 54" East 25.00'; thence

7.  Still along the same North 07° 30' 06" West 79.00';
thence

8.  Along Lot 4 and part of Lot 5, Block 1905, North
04° 37' 30" East 145.26'; thence

9.  Along the aforementioned Lot 5, Block 1905 and
Lot 16, Block 1906 North 22° 32' 59" East 339.60'; thence

10. along the aforementioned Lot 16 across the easterly
terminus of Powell Road (50' in width) and along the
easterly line of Lot 19, Block 1906 North 13° 12' 09"
East 349.60'; thence

11. Along the northerly line of the aforementioned Lot 19
and also Lots 20, 21, 22 and part of 23 Block 1906
North 76° 38' 51" West 514.77'; thence

12. along the easterly line of Lot 24.1 Block 1906
North 13° 38' 10" East 243.48'; thence

13.  Along the aforementioned Lot 24.1 and also Lots 26
and 27, Block 1906 North 76° 47' 47" West 402.75'; thence

14.  Along the aforementioned Lot 27, South 13° 12' 13"
West 100.00'; thence

15. Still along the same North 76° 47' 47" West 50.00'; thence

16. Along Lot 1, Block 701 North 13° 12' 13" East 150.00'
thence

17. Along Lot 2, Block 701, South 76° 47' 47" East
448.62'; thence

18. Still along Lot 2, North 13° 36' 10" East 267.66';
thence

19. Along Lot 4, Block 701, South 77° 24' 53" East 1178.40'
to the dividing line between the Boroughs of Saddle River
and Allendale; thence

20. Along the same South 01° 50' 53" West 432.24'; thence

21. North 76° 43' 45" West 340.00'; thence

22. South 01° 50' 53" West 159.97'; thence

23. South 75° 18' 56" East 302.89' to the aforementioned
Borough dividing line; thence

24. Along the same South 07° 30' 04" West 675.19'; thence

25. Still along the same South 76° 27' 10" East 22.54'; thence

26. Still along the same South 38° 31' 49" West 300.00';
thence

27. Still along the same South 46° 19' 50" West 382.68'

28.  North 78° 26' 26" West 275.00' to the point
or place of beginning.

Excepting therefrom Lots 21 through 33 in Block 701 as
shown on Filed Map #8491.

KNOWN as Tax Lot 19, Block 701; Lot 17, Block 1906 and
Lot 13, Block 1902, Allendale.

EXHIBIT "_"
PAGE 6

Attorney(s):           **MARK S. CARTER-FILE NO. 5633**
Law Firm:
Address:             **79 MAIN STREET**
                     **HACKENSACK, NJ 07601**

Telephone No.:    **(201) 487-7666**
Fax No.:            **(201) 488-4407**
E-mail:             **mscesq@aol.com**
Attorney(s) for Plaintiff(s): **CALM DEVELOPMENT, INC.**

---

**CALM DEVELOPMENT, INC.**

                       Plaintiff(s)

vs.

**BOROUGH OF ALLENDALE, ALBERT, KLOMBURG, VINCENT BARRA, PAULA FAVATTA and STILES THOMAS, JACK D. LEVIN, J.D. LEVIN ASSOCIATES, INC.,** a New Jersey Corporation and **J.S. HEATHER COURT ALLENDALE PROPERTY, INC.** a New Jersey Corporation

                       Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
L - 8465-13   **BERGEN** COUNTY

DOCKET NO.: **J-061371-13**

## Writ of Execution

THE STATE OF NEW JERSEY
TO THE SHERIFF OF  **BERGEN**  COUNTY

    WHEREAS, on the  _21st_  day of  _March_  , 20 _13_ judgment was recovered by Plaintiff(s), **CALM DEVELOPMENT, INC.**_____,

in an action in the Superior Court of New Jersey, Law Division, **BERGEN**_____ County, against

Defendant(s), **JACK D. LEVIN, J.D. LEVIN and J.S. HEATHER**_____, for damages of $ **5,928,680.00**_____ and

costs of $ _____; and

    WHEREAS, on **March 27, 2013**_____ , the judgment was entered in the civil docket of

the Clerk of the Superior Court, and there remains due thereon $ **5,928,680.00**_____

    THEREFORE, WE COMMAND YOU, that you satisfy the said Judgment out of the personal property of the said Judgment debtor(s) within your County; and if sufficient personal property cannot be found, then out of the real property in your County belonging to the judgment debtor(s) at the time when the judgment was entered or docketed in the office of the Clerk of this Court, or at any time thereafter, in whose hands the same may be, and that you pay the said monies realized by you from such property to **MARK S. CARTER-FILE NO. 5633**_____,

Esq., attorney in this action; and that within twenty-four months after the date of its issuance you return this execution and your proceedings thereon to the Clerk of the Superior Court of New Jersey at Trenton.

---

Powered by
HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

EXHIBIT "2"

FILED

MAR 21 2013

ROBERT C. WILSON
J.S.C.

FILE NO. 5633
MARK S. CARTER
79 MAIN STREET
HACKENSACK, NJ 07601
(201) 487-7666
(201) 488-4407 (FAX)
Attorney for Plaintiff

RECORDED AS A LIEN  MAR 27 2013

|                                    |   |                                    |
|------------------------------------|---|------------------------------------|
| CALM DEVELOPMENT, INC.             | : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-BERGEN COUNTY<br>DOCKET NO. BER-L-8660-10 |

SUPERIOR COURT OF NEW JERSEY
:LAW DIVISION-BERGEN COUNTY
:DOCKET NO. BER-L-8660-10
:
CALM DEVELOPMENT, INC.
:
:
Plaintiff
:
:
V.
:
BOROUGH OF ALLENDALE,
:
ALBERT KLOMBURG, VINCENT      : CIVIL ACTION
BARRA, PAULA FAVATTA and       :
STILES THOMAS, Individually    :
and as an Allendale            :
official, JACK D. LEVIN,       :
J.D. LEVIN ASSOCIATES, INC.:
A New Jersey Corporation       :
and J.S. HEATHER COURT         :
ALLENDALE PROPERTY, Inc.,      :
A New Jersey Corporation       :

J 061371-13

THIS MATTER being brought before the court by

Mark S. Carter, Esq., Attorney for Plaintiff, CALM DEVELOPMENT,

INC., upon proof hearing seeking judgment against Defendants,

JACK D. LEVIN, J.D. LEVIN ASSOCIATES, INC. and J.S. HEATHER

COURT ALLENDALE PROPERTY, INC., and default having been entered

against said defendants, and the court having heard testimony

and evidence presented along with argument of counsel, and the

EXHIBIT "3"
PAGE1

## ARTICLE VI
## Marsh Warden
### [Adopted 6-23-1983; amended in its entirety 2-25-1999]

### § 53-24. Office created.

There is hereby created the office of Marsh Warden and two Assistant Marsh Wardens.

### § 53-25. Appointment and term.

The Mayor shall appoint, with the advice and consent of the Borough Council, a Marsh Warden and up to two Assistant Marsh Wardens, who shall be people familiar with the environmental aspects of the Celery Farm - Nature Preserve. The term of such offices shall be for one year commencing on January 1 and terminating December 31 in each year. Vacancies in the offices, due other than to the expiration of the term, shall be filled for the unexpired term only.

### § 53-26. Powers and duties.

A. The Marsh Warden shall have the following duties:

   (1) To monitor the Celery Farm - Nature Preserve for the purpose of maintaining a primitive and safe environment.

   (2) To make recommendations to the Borough Council for maintenance and improvement of the Celery Farm - Nature Preserve and to recommend to the Borough Council appropriate regulations for the use of the facility.

   (3) To direct and coordinate the activities of the Assistant Marsh Wardens appointed in accordance with the provisions herein.

   (4) To coordinate the activities of volunteer groups performing maintenance tasks and other work at the Celery Farm - Nature Preserve.

   (5) To maintain a current map of the Celery Farm - Nature Preserve delineating trails, stream crossings, bridges and other significant structures or topographical features.

B. The duties of the Assistant Marsh Wardens shall be as directed by the Marsh Warden and shall be for the purpose of assisting the Marsh Warden in handling the requirements of this article, especially Subsection A(1), (2), (4) and (5) above.



EXHIBIT "4"
1 PAGE

definition of the word amendment

Q All   News   Images   Shopping   Videos   More          Settings   Tools

About 66,600,000 results (0.62 seconds)

amendment definition gov

amendment definition law
amendment

results about
amendment in a sentence

amendment is a formal or off
constitutional definition ...

**Dictionary**

Search for a word

## a·mend·ment
/əˈmen(d)mənt/

*noun*

- a minor change or addition designed to improve a text, piece of legislation, etc.
  "an amendment to existing bail laws"
  Similar:   revision   alteration   change   modification   qualification   ⌄
- an article added to the US Constitution.
  noun: Amendment; plural noun: Amendments
  "the First Amendment"
- something which is added to soil in order to improve its texture or fertility.

Translations, word origin, and more definitions

Definitions from Oxford Languages                                       Feedback

---

**People also ask**

**What is the best definition for the word amendment?**                          ⌃

An **amendment** is a formal or official change made to a law, contract, constitution, or other legal document. It is based on the verb to **amend**, which **means** to change for **better**. ... They are often used when it is **better** to change the document than to write a new one.

en.wikipedia.org › wiki › Amendment
**Amendment - Wikipedia**

Search for: What is the best definition for the word amendment?

**What is the meaning of the word amendment?**                                  ⌃

noun. the act of **amending** or the state of being **amended**. an alteration of or addition to a motion, bill, constitution, etc. a change made by correction, addition, or deletion: The editors made few **amendments** to the manuscript.

www.dictionary.com › browse › amendment
**Amendment | Definition of Amendment at Dictionary.com**

Search for: What is the meaning of the word amendment?

What is the adjective for amendment?                                             ⌄

Is amended a word?                                                               ⌄

What is another word for amendment?                                             ⌄

What's the definition of bill of rights?                                        ⌄

What is the difference between an amendment and a law?                          ⌄

Why are amendments important?                                                    ⌄

Feedback

EXHIBIT "5"

Michael A. D'Antonio
P.O. Box 55
Allendale NJ 07401
mad.316@hotmail.com
cell 201-962-5881
fax 201-857-4411

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL A. D'ANTONIO

Plaintiff

DOCKET NO: 2:16-CV-00816(CCC)(JBC)

**CIVIL ACTION**

BOROUGH OF ALLENDALE, PASSAIC
RIVER COALITION, STILES THOMAS,
JOHN ALBOHM, DAVID BOLE  ESQ.
DAVID PFUND ESQ. MARY MCDONNELL
RICHARD EPSTEIN ESQ. THOMAS
MONAHAN , LOUIS CAPAZZI, and BERGEN
COUNTY SHERIFF'S DEPT.
Defendants

**REQUEST LEAVE OF
THE COURT TO
SUBMIT SUPPLEMENT
TO ECF 322**

**PLEASE TAKE NOTICE** the Plaintiff requests Leave of the Court to

Supplement Plaintiff's Motion, ECF 322 to include a decision Denying Defendants

Request, which was scheduled to be decided September 8th 2020, on Defendants Motion

to Dismiss Plaintiffs Motion for Failure to State a Claim.

11-13-2020

Michael A. D'Antonio

Please enter this on the ECF System as Notice to all Parties

 **Staples.**

Low price. Every item. Every day.
Store No: 0567
1300 Rt 17 North
Ramsey, NJ, 07446
(201) 785-0981

26262600 026 90197

Receipt #: 90197                          06/25/2021 12:29

| Qty | Description | Amount |
|-----|-------------|--------|
| 1 | Scan To Email - 2821514 | 7.00 |
|   | (1 @ $ 7.000 ) | |
|   | - Black & White | |

SubTotal                                              7.00
Taxes                                                 0.46
Total                                          USD $ 7.46

MasterCard #:************5997 [ S ]
Swipe
Auth No.: 02543B

The Cardholder agrees to pay the Issuer of the charges card
is accordance with the agreement between the Issuer and the
Cardholder.

Please be aware that you are providing us with email
addressees in order for Staples to provide the service you
have requested. We will not be responsible for the mail or the
attachments once they leave our own servers. We do not
guarantee delivery, nor are we responsible for the
typographical errors

Compare and Save
With Staples-brand products
THANK YOU FOR SHOPPING AT STAPLES!



05670625219019726

---

# Celebrate and get the word out

## $10 off
### signs, banners or posters when you spend $50 or more.

Valid through 7/3/21.
**Coupon code: 46446**

Valid online at staples.com/services/printing/ or in Staples® U.S. stores. Excludes Daily Deals, Auto Restock orders and Instacart orders. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Minimum purchase requirement must be met with purchases to which no other coupon or instant savings offer applies. Tax and shipping not included in calculating the minimum purchase. Not valid on feather flags. Each item purchased can only be discounted by one coupon, applied by cashier in the order received. Coupon not valid if purchased or sold and must be surrendered. Not valid on prior purchases or purchases made with Staples® Procurement or Convenience Cards. No cash/credit back. Coupon value applied pre-tax. Expires 7/3/21.

**Staples.**

## 30% off
### custom graduation cards and invitations.

Valid through 7/3/21.
**Coupon code: 63194**

Valid online at staples.com/services/printing/ or in Staples® U.S. stores. Excludes Daily Deals, Auto Restock orders and Instacart orders. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Each item purchased can only be discounted by one coupon, applied by cashier in the order received. Coupon not valid if purchased or sold and must be surrendered. Not valid on prior purchases or purchases made with Staples® Procurement or Convenience Cards. No cash/credit back. Coupon value applied pre-tax. Expires 7/3/21.

**Staples.**

## 20% off
### UPS® express shipping services.

Valid through 7/3/21.
**Coupon code: 24076**

Valid in Staples® U.S. stores only. Not valid on Instacart orders. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Not valid on postage stamps. Does not apply to ground shipping or additional services. Each item purchased can only be discounted by one coupon, applied by cashier in the order received. Coupon not valid if purchased or sold and must be surrendered. Not valid on prior purchases or purchases made with Staples® Procurement or Convenience Cards. No cash/credit back. Coupon value applied pre-tax. Expires 7/3/21.

**Staples.**

HAM114