NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. D'ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF ALLENDALE, *et al.*,<br><br>Defendants. | Civil Action No.: 16-816<br><br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Plaintiff Michael A. D'Antonio's ("Plaintiff" or "D'Antonio") motion for reconsideration. ECF No. 336. A number of defendants filed briefs in opposition to Plaintiff's motion. ECF Nos. 339–344. The Court has reviewed the submissions made in support of and in opposition to the instant motion (ECF Nos. 336, 339–347) and decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiff's motion for reconsideration.

## I.    BACKGROUND

This case has a lengthy history, and a full recitation of the relevant facts is set forth in the Court's March 31, 2021 Opinion. *See* ECF No. 334. At its core, this case (and numerous prior state court lawsuits filed by Plaintiff) allege that defendants interfered with Plaintiff's use and development of a tract of land located in Allendale, New Jersey (the "Subject Property"), and ultimately evicted him from the Subject Property. Plaintiff maintains that he was improperly targeted by Allendale officials and various individuals because he was attempting to build affordable housing on the Subject Property, and he alleges a vast conspiracy to thwart his development efforts that culminated in his eviction in 2014.

On March 31, 2021, this Court issued an opinion (the "Opinion") and order granting

1

defendants' motions to dismiss Plaintiff's Third Amended Complaint. ECF No. 334.  The Court first held that Plaintiff lacked standing to bring his claims based on defendants' alleged interference with the Subject Property. Id. at 10–14.  The Court so held because the Subject Property was owned by the Calm Corporation ("Calm")—an entity that Plaintiff helped set up and run—rather than Plaintiff himself, and the law is clear that a corporation must bring suit on its own behalf. Id.  The Court also held that, even if Plaintiff did have standing, or to the extent that any of the claims alleged injuries distinct from those suffered by Calm, he was precluded from bringing claims that he had already fully litigated under the *Rooker-Feldman*, Entire Controversy, *Res Judicata*, and Collateral Estoppel Doctrines. Id. at 10 n.15, 14–19.  Finally, the Court found that irrespective of standing and preclusion issues, the Third Amended Complaint failed to state any claim for relief pursuant to Federal Rules of Civil Procedure 8 and 9. Id. at 19–24.  As Plaintiff had already been afforded multiple opportunities to amend his complaint, and had failed to rectify the deficiencies previously identified by the Court, the Third Amended Complaint was dismissed with prejudice. Id. at 24.

## II.    LEGAL STANDARD

"[R]econsideration is an extraordinary remedy, that is granted '*very sparingly*.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).  A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  To prevail on a motion for reconsideration, the moving party must "set[] forth concisely the matter or

2

controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations and brackets omitted). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353).

## III.   ANALYSIS

The Court finds that reconsideration of its March 31, 2021 Opinion is not warranted. While Plaintiff's arguments in his eleven-page, single-spaced brief are sometimes difficult to discern, this Court has attempted to address all of Plaintiff's issues. The Court has endeavored to distill Plaintiff's arguments as follows.

First, Plaintiff contends that by allowing Plaintiff to amend his pleadings previously, the Court found that Plaintiff stated claims for relief and that those findings are "Res Adjudicate." ECF No. 336 at 1–2. Second, Plaintiff contends that the Court "violated the Plaintiff's case by injecting defense mechanisms which were not presented by the individual Defendants." Id. at 2.

3

Third, Plaintiff contends that the Court "failed to deny each and every count of violations of Federal Laws as submitted in Plaintiff's Complaint with a Statement of Fact or Memorandum of Law." Id.  Fourth, Plaintiff contends that the Court made a factual error in stating that defendants ultimately evicted him from the Subject Property, because only defendant Richard Epstein was responsible for evicting him. Id. at 3.  Fifth, Plaintiff contends that the Court "states that any party who has a vested financial interest has a right of claim" and therefore the Opinion erred in finding Plaintiff lacks standing. Id. at 4–7.  Sixth, Plaintiff argues that his claims under the Fair Housing Act, 42 U.S.C. § 3604 ("FHA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and other fraud statutes were adequately pleaded. Id. at 5, 10. Seventh, Plaintiff contends that he was improperly denied pro bono counsel and default judgment multiple times in this matter. Id. at 8.  Eighth, Plaintiff contends that the Court has violated its duties to be impartial, to report federal crimes to the federal government, to promote confidence in the judiciary, to ensure litigants have a right to be heard, and to act diligently. Id. at 8–10.  Ninth, Plaintiff contends that he did not submit Title VII claims to the Court and that the Court made a transcription error. Id. at 10.  Finally, Plaintiff contends that amendment of the Third Amended Complaint would not be futile based on the arguments set forth in his brief for reconsideration. Id. at 10–11.

The Court finds Plaintiff's contentions unavailing and notes that the arguments presented are improper attempts to relitigate issues already considered by this Court. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations and quotation marks omitted) ("A motion for reconsideration is improper when it is used to ask the Court to rethink what i[t] had already thought through—rightly or wrongly.").  Nevertheless,

the Court will consider each of Plaintiff's arguments below.  To the extent that any arguments are not specifically addressed below, the Court notes that it has considered them and finds that they do not warrant reconsideration.

Plaintiff's first argument appears to be based on a misunderstanding of this Court's prior holdings.  When this Court previously granted Plaintiff leave to amend, it did not find that Plaintiff stated a claim for relief.  Rather, it found that Plaintiff *failed* to state a claim for relief.

Plaintiff's second argument, that the Court improperly injected defenses into this case, is factually and legally incorrect.  The Court ruled on the numerous defenses asserted by the defendants in their briefs (*see* ECF Nos. 265, 302, 308, and 324), and *sua sponte* addressed issues only to the extent required by law. *See, e.g.*, *Wayne Land & Mineral Grp., LLC v. Del. River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (internal citations omitted) ("[O]ur continuing obligation to assure that we have [subject matter] jurisdiction requires that we raise the issue of standing sua sponte.").

Plaintiff's third argument that the Court failed to deny each and every count of the Third Amended Complaint is without merit.  In fact, the Court found that the Third Amended Complaint was lacking in multiple respects, as the Court lacked standing to consider Plaintiff's claims, Plaintiff's claims were precluded, and Plaintiff failed to properly state a claim for relief.

Plaintiff's fourth argument that only defendant Richard Epstein evicted him does not actually appear to point out a factual error.  Plaintiff himself alleged that defendants interfered with his use of the Subject Property, from which he was eventually evicted. *See* ECF No. 296 at 4 ("All these action[s] were created and enacted to threaten and intimidate Plaintiff to leave the property."); id. at 13 ("[A]ll of the Defendants knew or should have known that their actions

violated Federal laws and that it would cause financial harm to the plaintiff as well as to other developers in the area such as Jack Levin.").  Even assuming Plaintiff's assertion is correct, he has not persuasively argued how this would alter the Court's decision to grant the motions to dismiss. *See ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (internal citations and quotation marks omitted) ("[A] party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in manifest injustice if not addressed.  Mere disagreement with the Court's decision does not suffice.").

Fifth, Plaintiff argues that he has standing because he had a vested interest in the Subject Property and because Calm suffered losses in connection with the Subject Property.  Those arguments were already rejected by this Court. *See* ECF No. 334 at 11 ("Plaintiff alleges that he invested at least $840,00 into Calm which was used to fund payments associated with the Subject Property during the Relevant Period."), id. at 11 (explaining that "a personal loss by virtue of losses incurred by the corporation" is insufficient on its own to confer standing upon Plaintiff) (citing *Grimm v. Borough of Norristown*, 226 F. Supp. 2d 606, 632 (E.D. Pa. 2002)).  The Court will not revisit these arguments as Plaintiff has provided no new facts or law that require reconsideration. *See ABS Brokerage Servs.*, No. 09-4590, 2010 WL 3257992, at *6.

Similarly, with regard to Plaintiff's sixth argument, Plaintiff has not provided any new facts or law that require reconsideration of the Court's ruling on the FHA, RICO, and other fraud claims.

Likewise, on the seventh argument, Plaintiff has presented no basis for this Court to reconsider its rulings on the denial of pro bono counsel and default judgment.  Thus, Plaintiff's sixth and seventh arguments lacks merit.

Plaintiff's eighth argument regarding the duties of the Court are misplaced and have no bearing on the Opinion.  The Court has given Plaintiff numerous opportunities to amend his pleadings, submit additional briefing, and file overlength and out of time opposition papers, and has endeavored to provide decisions on the voluminous record in this matter as expediently as possible.

Plaintiff's ninth argument that he did not submit a Title VII claim is contradicted by the plain text of the Third Amended Complaint that contains ten different references to "Title VII." *See* ECF No. 296 at 1, 5, 6, 9, 10, 11, 12, 13, 14.  Nevertheless, to the extent Plaintiff contends this claim was not meant to be included in his pleading, it does not require any reconsideration of the Opinion.

Finally, the Court will not reconsider its holding that further amendment would be futile. The futility of amendment is clear here because Plaintiff lacks standing to bring claims for injuries stemming from interference with the Subject Property, is precluded from bringing claims that he has already lost on through final judgments on the merits issued in state court multiple times, and, has failed to state a claim despite multiple pleading attempts. *See Lombreglia v. Sunbeam Prod., Inc.*, No. 20-0332, 2021 WL 118932, at *5 (D.N.J. Jan. 13, 2021) ("An amendment is futile if it is frivolous or advances a claim or defense that is legally insufficient on its face.").

Accordingly, Plaintiff has failed to point to any change in controlling law, new evidence not available previously that alters the Court's prior decision, or a clear error of fact or law that

must be addressed to avoid manifest injustice. *N. River Ins. Co.*, 52 F.3d at 1218.  Plaintiff's

arguments are unpersuasive, unfounded, and mainly amount to relitigation of previously rejected

positions which are not a proper basis for a motion for reconsideration. *See Gutierrez v. Johnson*

*& Johnson*, No. 01-5302, 2007 WL 1101437, at *4 (D.N.J. Apr. 10, 2007) ("This is not the purpose

of a motion for reconsideration.  A party is not entitled to a second bite at the apple."); *P.*

*Schoenfeld Asset Mgmt.,* LLC, 161 F. Supp. 2d at 352 (A motion for reconsideration "may not be

used to relitigate old matters.").[1]

## IV.   **CONCLUSION**

For the aforementioned reasons, Plaintiff's motion for reconsideration (ECF No. 336) is

**DENIED**.  Further, to the extent that Plaintiff's letter to the Clerk of the Court (ECF No. 345)

constitutes a request for reconsideration and leave to amend, that request is **DENIED**.  An

appropriate Order accompanies this Opinion.

**DATE**: January 31, 2022

*s/ Claire C. Cecchi*
_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[1] On July 1, 2021, Plaintiff filed a letter addressed to the Clerk of the Court. ECF No. 345.  He attaches a "NOTICE OF MOTION SEEKING LEAVE OF THE COURT FOR DETERMINATION OF ECF 322 FILED 11/11/20 . . ." that appears to *inter alia* again seek leave to amend Plaintiff's complaint, and separately seeks reconsideration of Magistrate Judge James B. Clark's Order dated November 5, 2020. Id. at 2.  First, the Court denies Plaintiff leave to amend his complaint because amendment would be futile, as explained above.  Second, the Court will not reconsider Judge Clark's November 2020 Order (ECF No. 319) because it correctly held that two of Plaintiff's briefs (ECF Nos. 304, 309) "be considered as Plaintiff's opposition to Defendants' respective motions to dismiss," given "that these 'motions' were intended to act as Plaintiff's opposition to the pending motions to dismiss" (ECF No. 319).  The Court has duly considered these submissions, and to the extent Plaintiff seeks other forms of relief, Plaintiff's requests are denied as there is no basis for relief in his favor.