**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1329
_____

MICHAEL D'ANTONIO,
                Appellant

v.

BOROUGH OF ALLENDALE; STILES THOMAS; JOHN ALBOHM;
DAVID BOLE, ESQ.; DAVID T. PFUND, ESQ.; MARY C. MCDONNELL, ESQ.;
LOUIS CAPAZZI; PASSAIC RIVER COALITION; BERGEN COUNTY SHERIFFS
DEPARTMENT; THOMAS P. MONAHAN, ESQ.; RICHARD A. EPSTEIN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:16-cv-00816)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2022
Before: RESTREPO, RENDELL, and FUENTES, Circuit Judges

(Opinion filed: October 19, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael D'Antonio appeals from orders of the United States District Court for the District of New Jersey granting the defendants' motions to dismiss, and denying his request for reconsideration, in a civil action challenging alleged interference with the use and development of property in Allendale, New Jersey. For the reasons that follow, we will affirm.

The property, located at 316 East Allendale Avenue, was owned by Calm Development, Inc. (Calm) from 1997 until 2013, when, following a foreclosure action, it was sold at a sheriff's sale. Although D'Antonio was a director of Calm and resided on the property, he did not maintain an ownership interest in it when the alleged interference occurred. Nevertheless, before D'Antonio filed the underlying civil action, he and Calm were parties to several several state court lawsuits pertaining to the property.

Following the failure to achieve relief in those lawsuits, D'Antonio filed in the District Court a complaint, claiming that the Borough of Allendale and others took various actions to thwart his plans to build homes on the property. The District Court dismissed that complaint – as well as a second amended complaint filed with the assistance of counsel – without prejudice for lack of standing and invited D'Antonio to file amended complaints. (ECF 80 & 81; 259.) In the order dismissing the second amended complaint, the District Court directed D'Antonio to file "an amended complaint (to be titled the 'Third Amended Complaint') that specifically alleges why [he] has standing to bring claims related to the Subject Property if he was not the owner of the

2

Subject Property[.]" (ECF 259, at 3.)  The defendants filed motions to dismiss, which the District Court granted, stating that "[b]ecause [D'Antonio] has failed to plausibly allege that he, as opposed to Calm, ever maintained an actionable legal interest in the Subject Property during the Relevant Period, he cannot demonstrate any injury, let alone causation or redressability, and therefore lacks standing to bring his claims."  (ECF 334, at 10.)  The District Court further held that, even if D'Antonio had standing, res judicata precluded him from bringing claims that he had, or could have, litigated in state court and that, in any event, he failed to state a claim upon which relief could be granted.  (Id.) D'Antonio timely filed a motion for reconsideration.  (ECF 336.)  The District Court denied that motion.  (ECF 348 & 349.)  D'Antonio next filed a notice of appeal, identifying the orders dismissing his third amended complaint and denying his motion for reconsideration.[1]  (ECF 350.)

    We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of a dismissal for a lack of standing is plenary.  Goode v. City of Philadelphia, 539 F.3d 311, 316 (3d Cir. 2008).  Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim.

---

[1] D'Antonio's notice of appeal also listed several additional orders, including the orders dismissing his earlier complaints and an order denying an application for appointment of counsel.  To the extent that those orders that might have been drawn in by the dismissal of his third amended complaint, see Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010), he has forfeited any challenge by not addressing those orders in his opening brief.  See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them

3

See Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (stating that "[a] motion to dismiss for want of standing is … properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter").  Because the defendants alleged that D'Antonio's third amended complaint lacked sufficient factual allegations to establish standing, those motions are properly understood as facial attacks.  See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  In considering such an attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies.  U.S. Const. art. III, § 2.  "That case-or-controversy requirement is satisfied only where a plaintiff has standing."  Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008).  To establish Article III standing, a plaintiff must demonstrate: "(1) . . . an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Cottrell v. Alcon Labs., 874 F.3d 154, 162 (3d Cir. 2017) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)).  Here, the injury-in-fact element is determinative, as it often is.  Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009) (citations omitted).  For there to be an injury-in-fact, a plaintiff must claim

---

in her opening brief).

"the invasion of a concrete and particularized legally protected interest" resulting in harm "that is actual or imminent, not conjectural or hypothetical." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)).

Applying these concepts to the facts of this case, we agree with the District Court that D'Antonio's attempts to establish standing are unavailing.[2] According to the third amended complaint, the property was owned by Calm, not D'Antonio, when the alleged interference occurred. And there is no indication in the third amended complaint or D'Antonio's subsequent submissions that he had some other interest in the property that was sufficient to establish standing. Cf. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 262-63 (1977) (stating that "economic injury is not the only kind of injury that can support a plaintiff's standing"). D'Antonio alleged that he invested money in Calm. But an individual lacks standing to bring a claim for damages suffered by a corporation, even if the individual faces the risk of financial loss as a result of injuries to the corporation. See Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 736 (2d Cir. 1987) (explaining that "[a] shareholder—even the sole shareholder—does

---

[2] We also conclude, for essentially the same reasons as the District Court, that the defendants' motions to dismiss adequately demonstrated that D'Antonio's claims are barred by res judicata because they were, or could have been, litigated in prior state court proceedings. See United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (recognizing that "a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment").

5

not have standing to assert claims alleging wrongs to the corporation"). Moreover, D'Antonio's role as Calm's director does not by itself establish standing. Cf. Pitchford v. PEPI, Inc., 531 F.2d 92, 97 (3d Cir. 1975) (holding that plaintiff, the shareholder and officer of a corporation, lacked standing to file an antitrust action where "[t]here [was] no proof that any of the restraints were directed against [plaintiff] individually as a shareholder or as an officer" of the businesses).

In addition, D'Antonio's vague and unsupported assertion that the Borough of Allendale "purchased an insurance policy in [his] name alone" does not establish that he suffered an injury. See In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017) (noting "threadbare recitals of the elements of standing, supported by mere conclusory statements" are "disregard[ed]" at the motion to dismiss stage (internal citation omitted)). D'Antonio also attempted to establish standing for himself by claiming that Calm ceased functioning as a corporation when it failed to pay corporate filing fees to New Jersey. As the District Court properly concluded, however, even if Calm dissolved, it could still "sue and be sued in its corporate name and process may issue by and against the corporation in the same manner as if dissolution had not occurred." N.J. Stat. Ann. § 14A:12-9(2)(e). And there is no merit to D'Antonio's assertion that the District Court "granted" him standing when it reopened the case and allowed him to proceed pro se. The decisions related to reopening and D'Antonio's pro se status were independent of the standing issue.

D'Antonio also suggested that he had standing because he was named as a defendant in a foreclosure action that was brought by a mortgage company. But, under New Jersey law, "even a party who has no title interest in the subject property is a proper party in a foreclosure action, and a necessary party if there is any intention to pursue a deficiency judgment against that party." River Edge Sav. & Loan Ass'n v. Clubhouse Assocs., Inc., 428 A.2d 544, 547 (N.J. Super. Ct. App. Div. 1981). Therefore, the fact that D'Antonio was named as a defendant in the foreclosure action – presumably because he signed the mortgage note, see N.J. Stat. Ann. § 2A:50-2 – does not establish that he suffered an injury sufficient to confer standing.

D'Antonio further argued that he had standing because he "held a lease" to reside on the property and was evicted following the sheriff's sale. Although eviction may constitute an injury-in-fact, see Yesler Terrace Cmty. Council v. Cisneros, 37 F.3d 442, 446-47 (9th Cir. 1994), D'Antonio's claim is not plausible. In particular, he did not have a valid lease, as evidenced by the New Jersey Superior Court's denial of his motion to stay the eviction. In the decision denying D'Antonio's stay motion, the Superior Court concluded that the lease he provided was a "sham" and that he previously had admitted in deposition that "there is no lease."[3] (ECF 301, at 66 of 104.) Consequently, in the

---

[3] The Superior Court's decision was attached to one of the defendants' motion to dismiss the third amended complaint. In relying on the facts from that state court decision, not just its existence, the District Court should have converted the motion to dismiss into a motion for summary judgment. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987). Any error, however, is harmless, as there is no set of facts on which

7

absence of a "leasehold interest" or "lawful tenancy rights," D'Antonio lacked standing. Ruiz v. New Garden Twp., 376 F.3d 203, 212 n.16 (3d Cir. 2004).

Finally, we note that D'Antonio's brief does not meaningfully contest the District Court's denial of his motion for reconsideration. Therefore, any challenge to that decision is forfeited. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). In any event, the District Court did not abuse its discretion in denying the motion for reconsideration, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999), which improperly attempted to relitigate issues that the District Court had already considered. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (explaining that "[t]he scope of a motion for reconsideration . . . is extremely limited" and may not "be used as an opportunity to relitigate the case.").

For the foregoing reasons, we will affirm.[4]

---

D'Antonio could possibly recover. Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989).
[4] To the extent that D'Antonio's "Request [for] Leave of the Court" (Doc. 50) seeks to strike portions of the Appellees' supplemental appendices, it is denied. D'Antonio's "Request [for] Leave of the Court to Deny Mr. Albohm's Submissions as Affidavits …" (Doc. 63), which is construed in part as a motion for sanctions against Appellee Albohm, is denied. We grant appellant's "Request [for] leave of court to submit supplemental objection to Appellees' brief and appendices" (Doc. 65), and we have considered that document as Appellant's reply brief.